UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **BAY AREA UNITARIAN** § <br> **UNIVERSALIST CHURCH et al.,** § <br> *Plaintiffs*, § <br> § <br> V. § <br> § <br> **KEN PAXTON, Attorney General** § <br> **For the State of Texas, in his official** § <br> **Capacity, et. al.** § <br> *Defendants*. § | Civil Action No. 4:20-CV-03081 |

## DEFENDANTS RYAN, OGG, AND GONZALEZ'S MOTION TO DISMISS

DEFENDANTS VINCE RYAN, Harris County Attorney, in his official capacity, KIM OGG, Harris County District Attorney, in her official capacity, AND ED GONZALEZ, Harris County Sheriff, in his official capacity (hereinafter County Officials) move the Court to dismiss the above-captioned action pursuant to Federal Rule of Civil Procedure 12(b)(6).

TO THE HONORABLE JUDGE VANESSA D. GILMORE:

Defendants Vince Ryan, Kim Ogg, and Ed Gonzalez file this Motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and respectfully show the Court as follows:

## I.   INTRODUCTION

1. Plaintiffs bring this case to challenge the constitutionality of Texas Penal Code §§ 30.06 and 30.07 (collectively the "Challenged Statutes") that govern persons carrying handguns can be convicted of criminal trespass. Plaintiffs argue that the challenged statutes burden entities that wish to exclude guns from their property and in doing so burdens their speech. Amongst numerous complaints, Plaintiffs claim they are forced to display "imposing and text heavy signage" that prevent them from providing their own "no guns" message.[1] In addition to other complaints, Plaintiffs argue that the challenged statutes impermissibly burden property owners by making it "impossible to exclude armed entrants without engaging" in burdensome speech. Plaintiffs argue that the Challenged Statutes violate their rights under the U.S. Constitution and Texas Constitution.[2]

2. Plaintiffs seek a declarative judgment on the constitutionality of the challenged statutes and an "injunction against…the heightened notice requirements" of the Challenged Statutes and relief against future enforcement of the challenged statutes. Plaintiffs further request that the Court amend the law to require property owners to only comply with notice requirements

---

[1] Doc. 1. At 14.
[2] Doc. 1 at 28.

under General Trespass law[3] and seek relief via 42 U.S.C. § 1983.[4] County Officials move to dismiss Plaintiffs' complaint for lack of standing and for failure to state a claim.

## II. STANDARD OF LAW

### A. Lack of Subject Matter Jurisdiction – Rule 12(b) (1)

3. "The Court may find lack of subject matter jurisdiction on any of the following three bases: (1) the complaint; (2) the complaint along with undisputed facts evidenced in the record; and (3) the complaint along with undisputed facts and the court's resolution of disputed facts." *Residents Against Flooding v. Reinvestment Zone No. 17*, 260 F. Supp. 3d 738, 755 (S.D. Tex. 2017) (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). "[W]hen a factual attack is made upon federal jurisdiction, no presumption of truthfulness attaches to the Plaintiffs' jurisdictional allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. Plaintiffs have the burden of proving that federal jurisdiction does in fact exist" *Id.* at 754 (citing *Evans v. Tubbe*, 657 F.2d 661, 663 (5th Cir. 1981)).

4. Under FED. R. CIV. P. 12(b)(6), a district court must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. In considering a 12(b)(6) motion to dismiss, the Court must accept as true all well-pleaded facts and view the allegations in a light most favorable to the non-movant. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

---

[3] Doc. 1 at 30.

action will not do. *Id*. The complaint must plead sufficient facts to state a claim to relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Dismissal is proper if the plaintiffs' complaint: (1) does not include a cognizable legal theory. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); or (2) includes a cognizable legal theory but fails to plead enough facts to state a claim to relief that is plausible on its face. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011).

## I. Plaintiffs' Failure to Present a Live Case or Controversy Deprives this Court of Subject Matter Jurisdiction

5. Federal courts are limited to hearing "live cases and controversies." U.S. CONST. Art. III, § 2; *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). This constitutional provision gives rise to the justiciability doctrines of standing, mootness, political question, and ripeness—any one or all of which may deprive a federal court of subject matter jurisdiction. *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 715 (5th Cir. 2012).

### A. Dismissal Is Required Because Plaintiffs Lack Standing

6. The "irreducible constitutional minimum of standing contains three elements: (1) plaintiff must have suffered an 'injury in fact' which is an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court; and (3) it must be likely as opposed to merely speculative that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal citations and quotations omitted). Plaintiffs bear the burden of establishing all three elements of standing. *Id.* at 561.

7. A plaintiff suffers an "injury in fact" sufficient to confer standing, in the context of a pre-enforcement challenge, if he (1) has an intention to engage in a course of conduct arguably affected with a constitutional interest; (2) his intended future conduct is arguably proscribed by the challenged law or policy; and (3) the threat of future enforcement of the challenged policies is substantial. *Speech First, Inc. v. Fenves*, 979 F.3d 319 (5th Cir. 2020).

8. Although Plaintiffs complain of the unconstitutionality of two different Texas statutes, the facts alleged in the Complaint implicate the optional posting of "no gun" signs. Rather, the challenged statutes regulate the "License holders"[5]. Plaintiffs are free to employ a "simple pictogram or only a few words"[6]. Plaintiffs may do so in conjunction or without the required language. The Challenged Statutes merely provide the requirements to commit the offense of trespass.

9. As previously stated, the Challenged Acts govern the prosecution of license holders. Plaintiffs cannot be prosecuted under the statutes. Plaintiffs and Plaintiffs' complaint does not allege any specific conduct by the County Officials or any members of their respective office related to Challenged Statutes at any other time. Plaintiffs have failed to demonstrate both an "injury in fact". Plaintiffs do not have an "injury in fact" because Plaintiffs' claims are based possible future incidents that may or may not occur.

10. Plaintiffs' factual allegations do not make reference to any Harris County Official in any way. Plaintiffs allege that the Harris County Attorney is responsible for prosecuting misdemeanors. Plaintiff alleges that the Harris County District Attorney is responsible for

---

[5] Tex. Penal Code §30.06(a), §30.07(a)

[6] Doc. 1 at 9.

prosecuting felonies that occurs in Harris County. Finally, plaintiff alleges that Ed Gonzalez is responsible for enforcing criminal violations in Harris County.[7] Plaintiffs, however, do not allege any additional facts in relation to County Officials.

11. Plaintiffs fail to allege jurisdictional facts supporting an "injury in fact," as opposed to a hypothetical or conjectural injury, it therefore follows that a declarative judgment invalidating the challenged statutes and injunctive relief against the enforcement of those statutes will not redress the issues that Plaintiffs' complaint. Plaintiffs' request that the Court allow "property owners seeking to exclude handguns from their properties to "only follow the notice requirements under General Trespass Law"[8]. In summary, Plaintiffs require the Court to improperly assume the role of the legislature. "If judges could add to, remodel, update, or detract from old statutory terms inspired only by extra textual sources and our own imaginations, we would risk amending statutes outside the legislative process reserved for the people's representatives….we would deny the people the right to continue relying on the original meaning of the law they have counted on to settle their rights and obligations." *Bostock v. Clayton City., Georgia*, 140 S. Ct. 1731, 1738, 207 L. Ed. 2d 218 (2020). The Court cannot rewrite the Challenged Statutes. Plaintiffs fail to satisfy redressability as the Court cannot grant the requested relief.

12. Plaintiffs also fail to demonstrate a causal connection between the actions of the County Officials and Plaintiffs' alleged injury. Plaintiffs fail establish a causal link between County Officials and any alleged injury. Plaintiff does provide any facts as to even explain the inclusion of County Officials in this lawsuit. Plaintiffs' failure to demonstrate just one of the

---

[7] Doc. 1 at 5
[8] Doc. 1 at 29.

"irreducible" elements of standing deprives the Court of subject matter jurisdiction and warrants dismissal. *Lujan*, 504 U.S. at 560–61.

13. As noted above, however, Plaintiffs fail to allege any specific intent involving the Challenged Statutes. Accordingly, Plaintiffs never suffered an "injury in fact" sufficient to establish standing.[9] Moreover, even if an "injury in fact" is assumed, there is a fundamental lack of causation because the Challenged Statutes are not enforceable against Defendants. The relief requested herein cannot redress the alleged injury, so there is no standing. Dismissal is required.

### B. The Ripeness Doctrine Mandates Dismissal

14. "A court should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical." *Lower Colorado River Auth. v. Papalote Creek II, LLC*, 858 F.3d 916, 924 (5th Cir. 2017). "A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. United States*, 523 U.S. 296, 300 (1998) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–81 (1985)).

15. A litigant may not challenge the constitutionality of a state criminal statute merely because he or she desires to wipe it off the books or even because he may some day wish to act in a fashion that violates it. *KVUE, Inc. v. Moore,* 709 F.2d 922, 928 (5th Cir. 1983). Moreover, it is not enough for a plaintiff to allege that his or her conduct has been chilled by the purportedly

---

[9] This is not to suggest that Plaintiffs are required to subject themselves to actual arrest or prosecution before bringing their claims. *See Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979). It is well established, however, that "persons having no fears of state prosecution except those that are imaginary or speculative, are not to be accepted as appropriate plaintiffs." *Id.* (quoting *Younger v. Harris*, 401 U.S. 37, 42 (1971)). "When plaintiffs do not claim that they have ever been threatened with prosecution, that a prosecution is likely, or even that a prosecution is remotely possible, they do not allege a dispute susceptible to resolution by a federal court." *Id.* at 298–99 (quoting *Younger*, 401 U.S. at 42)). The "very existence" of a statute will not, by itself, establish "a credible threat of its enforcement." *Joint Heirs Fellowship Church v. Akin*, 629 Fed. App'x 627, 631 (5th Cir. 2015).

unconstitutional statute absent "a claim of specific present objective harm or a threat of specific future harm." *Laird v. Tatum*, 408 U.S. 1, 13–14 (1972). Persons having no fears of State prosecution except those that are imaginary or speculative lack standing. *Younger v. Harris,* 401U.S. 37, 42 (1971). )). "When plaintiffs do not claim that they have ever been threatened with prosecution, that a prosecution is likely, or even that a prosecution is remotely possible, they do not allege a dispute susceptible to resolution by a federal court." *Id.* at 298–99 (quoting *Younger*, 401 U.S. at 42)). The "very existence" of a statute will not, by itself, establish "a credible threat of its enforcement." *Joint Heirs Fellowship Church v. Akin*, 629 Fed. App'x 627, 631 (5th Cir. 2015).

16. As noted above, there is no allegation in the plaintiffs' complaint regarding any Harris County official or that prosecution is remotely possible. Plaintiffs have failed to allege facts that demonstrate any present, past, or future harm from County Officials. These failures, in turn, preclude the interpretation of the challenged statutes by Texas courts and render this case "abstract and hypothetical."

**B.    Plaintiffs Fail to State a Claim upon Which Relief May Be Granted**

17. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) a deprivation of a right secured by the United States Constitution or federal law; (2) that occurred under color of state law; and (3) was caused by a State actor. Assuming, arguendo, that Plaintiffs could somehow face prosecution under the Challenged Statutes, as noted above, there is no allegation in the Plaintiffs' complaint of any past, present, or future concern with prosecution. Even construing all of the facts in the complaint in favor of Plaintiffs and accepting those facts as

true, these allegation fail to state a constitutional violation under well-established Supreme Court precedent.[10]

### Plaintiffs Fail to State a Claim for Municipal Liability Under 42 U.S.C. § 1983

18. Municipal liability under 42 U.S.C. § 1983 requires the plaintiff to plead and prove three elements: a policymaker, an official policy or custom, and a violation of constitutional rights whose "moving force" is the policy or custom. *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978). Plaintiffs have failed to allege facts demonstrating an official policy or custom, or a policymaker, which are required elements of a section 1983 claim against County Officials or Harris County. *Monell*, 436 U.S. at 694–95. Moreover, it is clear that County Officials or Harris County "cannot be held liable *solely* because it employs a tortfeasor—or, in other words . . . on a *respondent superior* theory." *Id.* at 691, 694. Plaintiffs' claims should be dismissed. Plaintiffs likewise fail to state a constitutional violation for the reasons set forth above, which is an additional and independent basis for dismissal.

### III. County Officials Asserts Sovereign and Governmental Immunity

19. County Officials also assert their entitlement to governmental immunity from suit.

### IV. CONCLUSION / PRAYER

BASED UPON THE FOREGOING, Defendant County Officials requests that Plaintiffs' claims against them be dismissed with prejudice, that the County Officials be declared a prevailing

---

[10] Plaintiffs' facial attack on the challenged statutes is "disfavored" and "run[s] contrary to the fundamental principle of judicial restraint." *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 450 (2008). In order to prevail on a facial attack, Plaintiffs have the burden of "establish[ing] that no set of circumstances exist under which [the law] would be valid or that the statute lacks any plainly legitimate sweep." *Justice v. Hosemann*, 771 F.3d 285, 296 (5th Cir. 2014) (quoting *Catholic Leadership Coalition of Texas v. Reisman*, 764 F.3d, 409, 424 (5th Cir. 2014)).

party entitled to recover attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and for any further relief to which they may be entitled.

        Respectfully submitted

        VINCE RYAN,

        County Attorney

        */s/   Moustapha Gassama*
        MOUSTAPHA GASSAMA
        Assistant County Attorney
        Texas State Bar No. 24083058
        Federal Bar No. 3588433
        Moustapha.Gassama@cao.hctx.net
        1019 Congress, 15th Floor
        Houston, Texas 77002
        (713) 274-5326 (telephone)
        (713) 755-8924 (facsimile)

        **ATTORNEY FOR:**
        **VINCE RYAN, IN HIS CAPACITY AS HARRIS COUNTY ATTORNEY;**
        **KIM OGG: IN HER CAPACITY AS HARRIS COUNTY DISTRICT ATTORNEY; AND**
        **ED GONZALEZ, IN HIS CAPACITY AS HARRIS COUNTY SHERRIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2020 a true and correct copy of the foregoing Motion to Dismiss was served via the Court's CM/ECF system to the following:

William R. Taylor (Attorney-In-Charge)
wrtaylor@jonesday.com
JONES DAY
717 Texas, Suite 3300
Houston, Texas 77002
Telephone: 1.832.239.3860
Facsimile: 1.832.239.3600

Peter C. Canfield
pcanfield@jonesday.com
JONES DAY
1420 Peachtree Street, N.E., Suite 800
Atlanta, GA 30309
Telephone: 1.404.521.3939
Facsimile: 1.404.581.8330

Charlotte H. Taylor
Stephen J. Petrany
ctaylor@jonesday.com
spetrany@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Telephone: 1.202.879.3939
Facsimile: 1.202.626.1700

Alla Lefkowitz
alefkowitz@everytown.org
EVERYTOWN LAW
450 Lexington Avenue, P.O. Box 4184
New York, NY 10017
Telephone: 646.324.8365

*Attorneys for Plaintiffs*

Todd Alan Dickerson
Office of the Attorney General of Texas
300 W. 15th St.
11th Floor, MC-019
Austin, TX 78711
512.475.4082

todd.dickerson@oag.texas.gov
Attorney for Defendant
TX Attorney General Ken Paxton

Tiffany S. Bingham
tiffany.bingham@houstontx.gov
City of Houston Legal Department
900 Bagby, 4th Floor
Houston, Texas 77002
832.393.6445 – Telephone
832.393.6259 – Facsimile
Attorney for Art Acevedo

                                                */s/ Moustapha Gassama*
                                                **Moustapha Gassama**