In the United States District Court
for the Southern District of Texas
Houston Division

| | |
|---|---|
| **Bay Area Unitarian Universalist Church,** *et al.*, | |
| Plaintiffs, | Civil Action No. 4:20-CV-3081 |
| v. | |
| **Ken Paxton, Attorney General for the State of Texas,** *et al.*, | Jury Demanded |
| Defendants. | |

### City of Webster's Notice of Additional Authority in Support of its Motion to Dismiss

Defendant, City of Webster, sued through its Acting Chief of Police, Pete Bacon in his official capacity, submits this notice of additional authority in support of the City's motion to dismiss,[1] in which the City demonstrates further that Plaintiff Bay Area Unitarian Universalist Church[2] lacks standing to assert against the City claims challenging the constitutionality and enforcement of sections 30.06 and 30.07 of the Texas Penal Code. The recent Supreme Court decision in *California v. Texas*, ___ U.S. ___, No. 19-840, 2021 U.S. LEXIS 3119 (June 17, 2021)[3] provides further support for the City's motion to dismiss for lack of standing.

This decision is notable and directly related to Bay Area's lack of standing in the instant case because the *California* court held, in pertinent part, that:

---

1 ECF No. 52.

2 Even though Plaintiffs filed suit against the City and several other governmental defendants, only Bay Area asserts any claim or seeks any relief against the City. *See id.*, p. 1 n.2 & n.3.

3 A copy of the *California* opinion is attached as Exhibit 1 to this notice.

> our cases have consistently spoken of the need to assert an injury that is the result of a statute's actual or threatened enforcement, whether today or in the future. In the absence of contemporary enforcement, we have said that a plaintiff claiming standing must show that the likelihood of future enforcement is "substantial."

*Id*. at *13 (citations omitted). In *California*, as here, there was "no unlawful Government action 'fairly traceable' to [Tex. Pen. Code §§ 30.06, 30.07 that] caused [Bay Area's] pocketbook harm. Here, there is no action – actual or threatened – whatsoever." *Compare, id. with* [ECF No. 52, pp. 5-11]. To be sure, neither section 30.06 nor section 30.07 – which permit the state to prosecute individuals who carry handguns onto private property as trespassers – is enforceable against Bay Area. Bay Area certainly fails to allege "actual or threatened enforcement" against Bay Area, which the Supreme Court made clear is essential to a plaintiff's burden to prove standing.

Further, but importantly, the *California* court also discussed the "redressability" element of standing as well, first finding that:

> [t]he relief [the individual plaintiffs] sought in respect to the only provision they attack as unconstitutional … is declaratory relief, namely, a judicial statement that the provision they attacked is unconstitutional … .
>
> Remedies, however, ordinarily operate with respect to specific parties. In the absence of any specific party, they do not simply operate on legal rules in the abstract.
>
> This suit makes clear why that is so. The Declaratory Judgment Act, 28 U. S. C. §2201, alone does not provide a court with jurisdiction. Instead, just like suits for every other type of remedy, declaratory-judgment actions must satisfy Article III's case-or-controversy requirement. … Thus, to satisfy Article III standing, we must look elsewhere to find a remedy that will redress the individual plaintiffs' injuries.

*California*, 2021 U.S. LEXIS 3119 at *15-16 (citations and quotations omitted). Because the individual plaintiffs did not obtain damages and sought, but failed to obtain, "an injunction in respect to the provision they attack as unconstitutional," *id*. at *16, and, even so, "injunctive relief could amount to no more than a declaration that the statutory provision they attack is unconstitutional, *i.e.*, a declaratory judgment," *id*. at * 17, the Supreme Court held:

> [t]o find standing here to attack a[] … statutory provision [unenforceable against the individual plaintiffs] would allow a federal court to issue what would amount to an advisory opinion without the possibility of any judicial relief.

*Id*. at *17-18 (citations and quotations omitted). Accordingly, the *California* court held, as this Court should hold as to Bay Area's claims against the City, that such a finding "would threaten to grant unelected judges a general authority to conduct oversight of decisions of the elected branches of Government. Article III guards against federal courts assuming this kind of jurisdiction." *Id*. at *18 (citations omitted).

Since Bay Area admits it has not suffered any injury in fact as a result of Bay Area's merely hypothetical suggestion of the City's potential enforcement of section 30.06 or section 30.07, and there is no relief Bay Area could obtain against the City, the Supreme Court's recent decision only amplifies that this Court lacks subject matter jurisdiction because Bay Area lacks standing.

## Conclusion

The Court should dismiss this matter under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Dated:  July 13, 2021

Respectfully submitted,

**Lewis Brisbois Bisgaard & Smith, LLP**

*/ s / William S. Helfand*
William S. Helfand
Attorney-In-Charge
Texas Bar No. 09388250
S.D. Tex. Bar No. 8791
Norman Ray Giles
Texas Bar No. 24014084
S.D. Tex. Bar No. 26966
Sean O'Neal Braun
Texas Bar No. 24088907
S.D. Tex. Bar No. 2210748

- 4 -

Of Counsel:

**Lewis Brisbois Bisgaard & Smith, LLP**
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767
(713) 759-6830 (Fax)

**Attorneys for Defendant,
City of Webster**

## Certificate of Service

I hereby certify that on July 13, 2021, I electronically filed the foregoing document with using the CM/ECF system, and a copy of this filing has been forwarded to all counsel of record in accordance with the ECF local rules.

          /s/ *William S. Helfand*
          William S. Helfand