In the United States District Court
for the Southern District of Texas
Houston Division

| | |
|---|---|
| **Bay Area Unitarian Universalist Church,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **Ken Paxton, Attorney General for the State of Texas, in his official capacity,** *et al.*, <br><br> Defendants. | Civil Action No. 4:20-CV-3081 <br><br> Jury Demanded |

## DEFENDANTS, CITY OF WEBSTER'S AND CITY OF HOUSTON'S OPPOSED MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL

Defendants, City of Webster, Texas, sued through its Acting Chief of Police, Pete Bacon, in his official capacity, City of Houston, Texas, sued through Art Acevedo, Chief of Houston Police Department, in his official capacity, move to the Court to certify this Court's Order of August 27, 2021 [Doc. 68] for interlocutory appeal.

### CERTIFICATE OF CONFERENCE

Prior to the Movants filing this motion and prior to Plaintiffs' voluntarily dismissal of the State Defendants from this case, counsel for the Movants discussed the issue of this request with Plaintiffs' counsel. Plaintiffs are opposed to the relief sought by this motion.

### PROCEDURAL BACKGROUND

Plaintiffs sued claiming two Texas state statutes are unconstitutional. [Doc. 1]. Appropriately, particularly in light of 28 U.S.C. § 2403(b) and the fact that the county and municipal defendants do no more than comply with the statutes as enacted, Plaintiffs sued the State of Texas, through the Texas Attorney General in his official capacity and the Presiding Officer for

the Texas Commission on Law Enforcement ("TCOLE"), in her official capacity. [Doc. 1 ¶ ¶ 7 and 13, respectively].

After the Court granted in part and denied in part all Defendants', including the State's, motion to dismiss [Doc. 68], the State noticed the interlocutory appeal to which it was entitled under the "collateral order" doctrine [Doc. 77]. This required a stay of all proceedings. *Cf., Whole Woman's Health v. Jackson*, No. 21-50792, 2021 U.S. App. LEXIS 27320 (5th Cir. 2021). This Court cancelled a scheduling conference in light of that appeal. [Doc. 79].

Recently, and in what appears to be an effort to avoid appellate review of the questions remaining after the Court's review of the motions to dismiss, including the threshold question of standing, Plaintiffs voluntarily dismissed the State Defendants. However, under 28 U.S.C. § 2403(b) the State – and the State alone – has the right to defend the constitutionality of the State's statutes. Thus, these Movants have separately filed notice with the Court and have served a copy of such notice on the Texas Attorney General in accordance with Rule 5.1, F.R.C.P.

Regardless of Plaintiffs' recent dismissal of the State - and the potential it will be back in the case shortly - because the Court's ruling on threshold issue of standing concerns *all* Defendants in this lawsuit equally, constitutes a "controlling question of law" on which there is a substantial ground for difference of opinion in light of, *inter alia,* the U.S. Supreme Court's decision in, *California v. Texas*, 141 S. Ct. 2104 (2021), the fact the resolution of this question on interlocutory appeal would terminate this litigation once and for all, and because the issues otherwise left remaining in this case are "inextricably intertwined" to the questions of standing and Plaintiffs' ability to state a claim upon which relief may be granted as to these remaining Defendants, Defendants respectfully request the Court grant permission to appeal that portion of the Court's

Order denying these Movants' motions to dismiss under 28 U.S.C. § 1292(b) for the following reasons:

## INTRODUCTION

On September 2, 2020, Plaintiffs, Bay Area Unitarian Universalist Church, Drink Houston Better, LLC d/b/a Antidote Coffee, and Perk You Later, LLC filed suit against numerous state, county, and municipal defendants seeking declaratory and injunctive relief challenging the constitutionality of sections 30.06 and 30.07 of the Texas Penal Code.

All Defendants moved to dismiss Plaintiffs' claims on multiple grounds [Doc. 28, 38, 42, and 52], including Plaintiffs' lack of standing. Among other issues, **all** Defendants asserted (1) lack of standing for Plaintiffs to bring this lawsuit due to lack of any injury in fact suffered by any Plaintiff and the speculative nature of the redress sought; and (2) Plaintiffs' failure to state a claim under Fed. R. Civ. P. 12(b)(6) and 42 U.S.C. § 1983. Texas state officials and Harris county officials also asserted sovereign immunity [Doc. 28 and 38].

On August 27, 2021, this Court granted in part and denied in part Defendants' motions to dismiss [Doc. 68].  Specifically, the Court denied Defendants' Motions to dismiss based on standing [Doc. 38, 42, and 52]. The Court held Plaintiffs' injuries arise from being forced to make a choice between a benefit and their constitutional right, because - despite the Defendants' arguments showing otherwise - the Court found Plaintiffs "must comply with the Acts' notice requirements in order to receive the benefits of police protection." [Doc. 68 at 10-14].  The Court dismissed Plaintiffs' Texas Constitution claim and Fifth and Fourteenth Amendment due process claims against all Defendants.

On September 15, 2021, the Texas officials filed the notice of appeal of that portion of the August 27th Order that found standing and that Plaintiffs had stated a claim under the "collateral

order" doctrine "based on both sovereign immunity and Plaintiffs' lack of standing, among other things" [Doc. 77]. The proceedings in this Court are suspended pending resolution of the appeal. [*Id*.].

Regardless of Plaintiff's efforts to avoid that review by dismissing the State, Defendants, the City of Webster and City of Houston, move to certify the same order for interlocutory appeal as to the same and "inextricably intertwined" issues.

## ARGUMENTS AND AUTHORITIES

### A. Legal Standard for § 1292(b) certification.

The Court's approval is required for these Defendants to appeal because the August 27th Order is neither a "final decision" under 28 U.S.C. § 1291, nor an order for which Congress has specifically authorized an interlocutory appeal. 28 U.S.C. § 1292(a).

A district court may approve the interlocutory appeal of an order not otherwise appealable when (1) the order involves a "controlling question of law," (2) there is a "substantial ground for difference of opinion" concerning the legal question, and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The decision to permit an interlocutory appeal under § 1292(b) is within the district court's discretion. *See Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995); 16 Charles Alan Wright, Et Al., Federal Practice & Procedure § 3929 (3d ed. 2017) explaining that § 1292(b) "is not limited by its language to 'exceptional' cases," but rather is characterized by its flexibility. Even when a district court certifies an appeal under section § 1292(b), the circuit court must still determine that the certification requirements have been met. *See Castellanos-Contreras v. Decatur Hotels LLC*, 622 F.3d 393 (5th Cir. 2010)

### B. Interlocutory Appeal of the August 27th Order is proper under § 1292(b), and in the best interests of all parties of the lawsuit as well as the Court.

I. **The August 27th Order involves a "controlling question of law" concerning all Plaintiffs' standing to bring this lawsuit against each of the Defendants and this Court's subject matter jurisdiction over Plaintiffs' claims.**

"Although the resolution of an issue need not necessarily terminate an action in order to be 'controlling', it is clear that a question of law is 'controlling' if reversal of the [order] would terminate the action." See e.g. *Adhikari v. Daoud & Partners*, No. 09-cv-1237, 2010 U.S. Dist. LEXIS 26240 (S.D. Tex. 2010) (citing *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990). "On the other hand, an issue is not seen as controlling if its resolution on appeal would have little or no effect on subsequent proceedings." *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723 (N.D. Tex. 2006). Thus, "whether an issue of law is controlling generally hinges upon its potential to have some impact on the course of the litigation." *Adhikari v. Daoud & Partners*, No. 09-cv-1237, 2010 U.S. Dist. LEXIS 26240 (S.D. Tex. 2010).

It is beyond reasonable argument the August 27th Order involves a controlling question of law - whether Plaintiffs have standing and thus the Court has subject matter jurisdiction over Plaintiffs' lawsuit at all - satisfying the first prong of 28 U.S.C. § 1292(b). This Court held that Plaintiffs suffered injury by being forced to make a choice between a benefit and their constitutional right [Doc. 68 at 14]. All Defendants pointed out compliance with these statutes is not required to obtain protection from any trespasser, even one so designated because of their possession of a firearm. Regardless, this interpretation of the notice requirements of Texas Penal Code § 30.06(c)(3)(B) or § 30.07(c)(3)(B), is a "pure question of law," which goes to the core jurisdictional issue determining the future course of the litigation as a whole and concerning all claims and all parties to the suit. *Cf., Bertulli v. Indep. Ass'n of Cont'l Pilots*, 242 F.3d 290, 294 (5th Cir. 2001). See also, *Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).

Accord, *Sommers Drug Stores Co. Emp. Profit Sharing Tr. v. Corrigan*, 883 F.2d 345 (5th Cir. 1989).

Thus, courts within the Fifth Circuits have often certified for interlocutory appeal under 28 U.S.C.S. § 1292(b) orders concerning issues of standing and subject-matter jurisdiction based on the understanding that early resolution of the jurisdictional issue significantly determines the future course of litigation and materially advances time-efficient dispute resolution. *See* e.g. *Bertulli v. Indep. Ass'n of Cont'l Pilots*, 242 F.3d 290 (5th Cir. 2001); *Walker v. Livingston*, 381 F. App'x 477 (5th Cir. 2010); *DDB Techs., L.L.C. v. MLB Advanced Media, L.P.*, 676 F. Supp. 2d 519 (W.D. Tex. 2009); *Gautier v. Plains Pipeline, LP*, No. 12-1064, 2012 U.S. Dist. LEXIS 140204 (E.D. La. 2012); *Golden Rests., Inc. v. Denar Rests., LLC (In re Denar Rests., LLC)*, No. 4:09-CV-616-A, 2010 U.S. Dist. LEXIS 3317 (N.D. Tex. 2010); *La. State Conference of the NAACP v. Louisiana*, 495 F. Supp. 3d 400 (M.D. La. 2020).

Since the August 27th Order clearly involves "controlling question of law" under § 1292(b), the Order is proper for certification for the interlocutory appeal, and the Defendants' motion should be granted.

**II. There is substantial ground for difference of opinion on the question Plaintiffs' standing in light Supreme Court controlling precedent.**

An order permitting interlocutory appeal under § 1292(b) is also warranted because "a substantial ground for difference of opinion" exists with respect to the Court's ruling on the question of standing. As explained in all Defendants' briefs to this Court, for Plaintiffs "[t]o invoke a federal trial court's jurisdiction, [Plaintiffs] 'must demonstrate a realistic danger of sustaining a **direct injury** as a result of [section 30.06 or section 30.07's] operation or enforcement.'" *KVUE, Inc. v. Moore*, 709 F.2d 922, 927 (5th Cir. 1983) (emphasis added). To demonstrate an injury in fact, Plaintiffs must allege *facts* showing a prior or threatened future injury: (1) potentially suffered

by Plaintiffs, not someone else; (2) concrete and particularized, not abstract; and (3) actual or imminent, not conjectural or hypothetical. *See Stringer v. Whitley*, 942 F.3d 715 720-21 (5th Cir. 2019). "A litigant may not challenge the constitutionality of a state criminal statute merely because he or she desires to wipe it off the books or even because he may someday wish to act in a fashion that violates it." *KVUE*, 709 F.2d at 928 applying *Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983).

Despite every Defendant's effort to point out that no Plaintiff is required to post any of the notices provided in the statutes to obtain the protection of Texas trespass laws, this Court found "Plaintiffs must comply with the Acts' notice requirements in order to receive the benefits of police protection." [Doc. 68 at 14]. Clearly, there is substantial ground for difference of opinion concerning this interpretation. As Defendants briefed, neither section 30.06 nor section 30.07 *requires* any property owner to post any sign to forbid entry to persons licensed to carry handguns. Rather, each section simply provides property owners *options* to provide notice forbidding entry to individuals carrying a handgun to pre-warn of the potential for arrest for trespass. But, *instead of* posting any sign, property owners can orally instruct any person, even a gun-toting license holder, to leave the premises or be arrested for trespass. Like any other trespass notice, Tex. Pen. Code §§ 30.06(a)(2) requires only that a property owner give "notice that entry on the property by a license holder with a concealed handgun [is] forbidden" before being arrested for trespass. And, just like any other trespass, under Tex. Pen. Code § 30.06(b), the property owner *may* provide notice in writing or orally. This is no different than the long-standing requirement for enforcement of a charge of criminal trespass generally, which requires that, before arrest an individual may be arrested for trespass they must have "(1) had notice that the entry was forbidden; or (2) received notice to depart but failed to do so." Tex. Penal Code § 30.05. The signs provided for under the challenged statutes – like the standard "no trespassing" sign – give written notice that entry with a

gun is forbidden. However, just as with the basic trespass statute, such signs are not "required" for a property owner to seek the arrest of a trespasser.

Notably, the recent Supreme Court decision in *California v. Texas*, 141 S. Ct. 2104 (2021) supports Defendants' argument on lack of standing and, therefore, "difference of opinion" element under § 1292(b):

> our cases have consistently spoken of the need to assert an injury that is the result of a statute's actual or threatened enforcement, whether today or in the future. In the absence of contemporary enforcement, we have said that a plaintiff claiming standing must show that the likelihood of future enforcement is "substantial."

*Id*. at 13 (citations omitted). In *California v. Texas*, as here, there was "no unlawful Government action 'fairly traceable' to [Tex. Pen. Code §§ 30.06, 30.07 that] caused [Plaintiffs'] pocketbook harm. Here, there is no action – actual or threatened – whatsoever." *Id*. To be sure, neither section 30.06 nor section 30.07 – which permit the state to prosecute individuals who carry handguns onto private property as trespassers – is enforceable against Plaintiffs, which the Supreme Court made clear is essential to a plaintiff's burden to prove standing. The *California v. Texas* court also discussed the "redressability" element of standing as well, which is equally lacking here. That is, changing or even striking down the statute which allows property owners to pre-warn trespassers, will not change the requirement that, before there is probable to cause to arrest an alleged trespasser, whether for possession of firearm or otherwise, the property owner will still have to demonstrate the accused "(1) had notice that the[ir] entry was forbidden; or (2) received notice to depart but failed to do so." As required under the general trespass statue, Tex. Penal Code § 30.05, which Plaintiffs do not contest.

Under, at least, *California v. Texas* there is a clear "difference of opinion" on Plaintiffs' standing under § 1292(b) for purposes of this motion, and this difference of legal opinion provides an additional reason the Court should certify its Order for appeal.

### III. The resolution of issue of standing on interlocutory appeal would materially advance the ultimate resolution of this litigation.

An immediate interlocutory appeal under § 1292(b) would also materially advance this litigation in at least two ways: (1) it would eliminate the need for further proceedings in this Court, while potentially enabling all parties of the case to avoid expensive discovery and trial only to later find out the Court of Appeals finds a lack of standing; and 2) it would relieve the parties from briefing the merits of the plaintiffs' claims on post-trial appeal. *Compare, Cazorla v. Koch Foods of Miss.*, 838 F.3d 540, 548 (5th Cir. 2016) in which the Fifth Circuit held the avoidance of a post-trial appeal is sufficient to satisfy the third prong of § 1292(b).

### C. An interlocutory appeal would serve the interest of judicial economy.

An immediate appeal of this Court's Order, particularly while the role and potential appeal of the State in light if 28 U.S.C. § 2403(b) continues to be an issue, will subserve the interest of judicial economy as well and will only advance the appropriate resolution of Plaintiffs' claims, while saving all parties otherwise avoidable expense and the Court time. *Compare Escobar v. Montee*, 895 F.3d 387, 391 (5th Cir. 2018).

### PRAYER

Movants pray the Court certify its August 27, 2021 order for the interlocutory appeal.

Respectfully submitted,

Dated: September 29, 2021

LEWIS BRISBOIS BISGAARD & SMITH LLP

*/s/ William S. Helfand*

William S. Helfand
TX State Bar No. 09388250
Victoriya Vidma
TX State Bar No. 24110484
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Bill.Helfand@lewisbrisbois.com
Victoriya.Vidma@lewisbrisbois.com
ATTORNEYS FOR DEFENDANT
CITY OF WEBSTER

- and

*/s/ Charles Hamilton Houston, III*
*signed by permission*
Charles Hamilton Houston, III
900 Bagby Street, 4th Floor,
Houston, TX 77002
832-393-6447
e-mail: charles.houston@houstontx.gov
ATTORNEY FOR DEFENDANT
CITY OF HOUSTON

CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2021, I electronically filed the foregoing document using the CM/ECF system and that a copy of this filing has been forwarded to all counsel of record through and in accordance with the ECF local rules.

*/s/ William S. Helfand*
William S. Helfand