**In the United States District Court
for the Southern District of Texas
Houston Division**

| | |
|---|---|
| **Bay Area Unitarian Universalist Church,** *et al.*, | |
| Plaintiffs, | Civil Action No. 4:20-CV-3081 |
| v. | |
| **Ken Paxton, Attorney General for the State of Texas, in his official capacity,** *et al.*, | Jury Demanded |
| Defendants. | |

**NOTICE OF CONSTITUTIONAL QUESTION**

Consistent with 28 U.S.C. § 2403 and Federal Rule of Civil Procedure 5.1(a)(1)(B), Defendant, City of Webster, sued through its Acting Chief of Police, Pete Bacon, in his official capacity, and Defendant, City of Houston, Texas, sued through Art Acevedo, Chief of Houston Police Department, in his official capacity, file this Notice of Constitutional Question and request the Court give notice of Plaintiffs' constitutional challenge to the validity of two Texas statutes to the Attorney General of the State of Texas.

By the express terms of their complaint, Plaintiffs challenge the constitutionality and enforcement of Sections 30.06 and 30.07 of the Texas Penal Code. [Doc. 1].

Indeed, recognizing that the State of Texas should defend the constitutionality of these state statutes or provide the relief Plaintiffs seek, Plaintiffs appropriately sued the State of Texas, through the Texas Attorney General in his official capacity and the Presiding Officer for the Texas Commission on Law Enforcement, in her official capacity. [Doc. 1 ¶¶ 7 and 13, respectively].

Only after the Court granted in part and denied in part all Defendants', including the State's, motion to dismiss [Doc. 68] and the State noticed the interlocutory appeal to which it was

4841-1395-8908.2

entitled [Doc. 77], Plaintiffs voluntarily dismissed the State of Texas' Defendants from this lawsuit [Doc. 81].

Under 28 U.S.C. § 2403(b) the State of Texas is statutorily entitled to address the constitutionality of its own state statutes before this Court and the Court of Appeals. When, as here, neither a state nor "any agency, officer, or employee thereof" is a party to an action where the constitutionality of a state statute "is drawn in question," a federal district court must notify the state attorney general and must "permit the State to intervene." 28 U.S.C. § 2403(b).[1] "The certification is not discretionary." *Jones v. Lubbock*, 727 F.2d 364, 372 (5th Cir. 1984) (citing *Wallach v. Lieberman*, 366 F.2d 254, 257 (2d Cir.1966) and 7A C. Wright & A. Miller, Federal Practice & Procedure § 1915, at 571 (West 1972)).

In accordance with Federal Rule of Civil Procedure 5.1(a)(2), the Defendants have sent a copy of this Notice together with a copy of the motion to the Attorney General of the State of Texas by certified mail address as follows:

> Attorney General Kenneth Paxton
> c/o Todd Alan Dickerson[2]
> Office of the Attorney General of Texas
> 300 W. 15th St.
> 11th Floor, MC-019
> Austin, TX 78711
> Email: todd.dickerson@oag.texas.gov

Under 28 U.S.C. §2403 and Federal Rule of Civil Procedure 5.1(b), this Court must certify to the Attorney General of the State of Texas that the state statutes have been drawn into question and allow the Attorney General 60 days to intervene in this matter.

---

[1] Plaintiffs should not be permitted to attempt to circumvent this process by abandoning their claims against the State of Texas solely to avoid the interlocutory appellate review to which the State is entitled, particularly since that appeal would likely be dispositive of all of Plaintiffs' claims in this case.

[2] Mr. Dickerson has previously appeared in this matter for the State Defendants.

4841-1395-8908.2

Accordingly, the Court should give such notice and abate this matter for at least 60 days after such required notice to allow the Attorney General of the State of Texas to intervene or to advise the Court of the State's intent not to do so.

Respectfully submitted,

| | |
|---|---|
| Dated: September 29, 2021 | LEWIS BRISBOIS BISGAARD & SMITH LLP |
| | */s/ William S. Helfand* |
| | William S. Helfand<br>TX State Bar No. 09388250<br>Victoriya Vidma<br>TX State Bar No. 24110484<br>24 Greenway Plaza, Suite 1400<br>Houston, Texas 77046<br>Bill.Helfand@lewisbrisbois.com<br>Victoriya.Vidma@lewisbrisbois.com<br>ATTORNEYS FOR DEFENDANT<br>CITY OF WEBSTER |
| | - and |
| | */s/ Charles Hamilton Houston, III*<br>signed by permission<br>Charles Hamilton Houston, III<br>900 Bagby Street, 4th Floor,<br>Houston, TX 77002<br>832-393-6447<br>e-mail: charles.houston@houstontx.gov<br>ATTORNEY FOR DEFENDANT<br>CITY OF HOUSTON |

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2021, I electronically filed the foregoing document using the CM/ECF system and that a copy of this filing has been forwarded to all counsel of record through and in accordance with the ECF local rules.

                                                      */s/ William S. Helfand*
                                                      William S. Helfand