UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **BAY AREA UNITARIAN UNIVERSALIST, CHURCH, ET AL.**, | § § § | |
| *Plaintiffs*, | § § § | |
| v. | § § | CIVIL ACTION 4:20-CV-3081 |
| **KEN PAXTON, ET AL.**, | § § § | |
| *Defendants*. | § | |

## HARRIS COUNTY OFFICIALS' OPPOSED MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL

Defendants Vince Ryan, Harris County Attorney, in his official capacity; Kim Ogg, Harris County District Attorney, in her official capacity; and Ed Gonzalez, Harris County Sheriff, in his official capacity (collectively, "Harris County Officials") move the Court to certify for interlocutory appeal the question of the Plaintiffs' standing to bring this lawsuit against Harris County Officials. Dkt. 68. Harris County Officials respectfully request that the Court grant Harris County Officials permission to appeal under 28 U.S.C. § 1292(b) and stay the proceedings pending the outcome of the appeal.

### I. BACKGROUND

Plaintiffs Bay Area Unitarian Universalist Church, Drink Houston Better, LLC d/b/a Antidote Coffee, and Perk You Later, LLC (collectively, "Plaintiffs") brought this suit to challenge the constitutionality of Sections 30.06 and 30.07 of the Texas Penal Code on September 2, 2020. Dkt. 1. Section 30.06 of the Texas Penal Code provides that a person licensed to carry a handgun commits the offense of trespass if the license holder "carries a concealed handgun . . . on property of another without effective consent; and (2) received notice that entry on the property by a license

1

holder with a concealed handgun was forbidden." Tex. Penal Code § 30.06. The statute states that "a person receives notice if the owner of the property or someone with apparent authority to act for the owner provides notice to the person by oral or written communication." *Id.* "Written communication" requires "a card or other document on which is written" specific language, or "a sign posted on the property that includes" specific language "in both English and Spanish," "appears in contrasting colors with block letters at least one inch in height," and "is displayed in a conspicuous manner clearly visible to the public." *Id.* Similarly, Section 30.07 of the Texas Penal Code provides that a person licensed to carry a handgun commits the offense of trespass if the license holder "openly carries a handgun . . . on property of another without effective consent; and (2) received notice that entry on the property by a license holder openly carrying a handgun was forbidden." Tex. Penal Code § 30.07. Section 30.07 requires the same type of "oral or written communication" for notice as Section 30.06 and includes the same signage requirements as Section 30.06. *Id.*

Plaintiffs contend that Sections 30.06 and 30.07 of the Texas Penal Code ("the Acts") violate both the United States Constitution and the Texas Constitution. Dkt. 1 at 26–30. Harris County Officials moved to dismiss Plaintiffs' complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Dkt. 38. Specifically, in pertinent part, Harris County Officials argued that the court does not have subject matter jurisdiction because Plaintiffs lack standing to bring suit against Harris County Officials since Plaintiffs do not allege any specific conduct by Harris County Officials related to the Acts they seek to invalidate. *Id.* Instead, Plaintiffs only contend that Harris County Officials are generally connected to prosecuting acts of trespass under Sections 30.06 and 30.07 of the Texas Penal Code. Dkt. 1 at 5 (stating that (1) Kim Ogg "is responsible for prosecuting

2

felonies occurring in Harris County;" (2) Vince Ryan "is responsible for prosecuting misdemeanors—and thus criminal violations of the Acts—occurring in Harris County;" and (3) Ed Gonzalez "is responsible for enforcing criminal violations of the Acts in Harris County."). On August 27, 2021, the Court issued its order denying Harris County Officials' motion to dismiss and holding that Plaintiffs had established standing. Dkt. 68.

## II. STANDARDS FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL

The Court's approval of Harris County Officials' interlocutory appeal is necessary because the Court's order dated August 27, 2021, is neither a "final decision" under 28 U.S.C. § 1291,[1] nor an order for which Congress has specifically authorized an interlocutory appeal. 28 U.S.C. § 1291. Under 28 U.S.C. § 1292(b), a district court is authorized to certify an order for interlocutory appeal if (1) the order involves a "controlling question of law;" (2) there is a "substantial ground for difference of opinion" concerning the legal question; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The decision to permit an interlocutory appeal under § 1292(b) is within the Court's discretion. *See Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995); 16 CHARLES ALAN WRIGHT, ET AL., FED. PRAC. & PROC. § 3929 (3d ed. 2017) (explaining that § 1292(b) "is not limited by its language to 'exceptional' cases," but rather is characterized by its flexibility). An interlocutory order must state in writing that it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Upon the Court's certification of an

---

[1] Generally, appellate courts "do not have jurisdiction over denials of motions to dismiss . . . because such pretrial orders are not final decisions for purposes of 28 U.S.C. § 1291, which provides that courts of appeals have jurisdiction over appeals from final decisions of the district courts." *Khan v. S. Univ. & Agric. & Mech. Coll. Bd. of Supervisors*, No. 03-30169, 2005 WL 1994301, at *3 (5th Cir. 2005).

order for interlocutory appeal, Harris County Officials must petition the Fifth Circuit for interlocutory review within ten days. *See id.*

## III. ANALYSIS

**A.    The Court's Order Involves a Controlling Question of Law Regarding the Court's Jurisdiction Over Claims Against Harris County Officials.**

There can be no doubt that the Court's order involves a controlling question of law. Harris County Officials' motion to dismiss rests on a controlling legal question that is dispositive of the action in this Court against Harris County Officials—if Harris County Officials' motion to dismiss for lack of subject matter jurisdiction were granted, this case would be terminated.

It is not uncommon for courts in the Fifth Circuit to grant motions to certify for interlocutory appeal concerning issues of standing. *See City of Austin v. Paxton*, 943 F.3d 993 n.3, 1003 (5th Cir. 2019), *cert. denied sub nom. City of Austin, Texas v. Paxton*, 141 S. Ct. 1047 (2021) (collecting cases and noting that "courts in this circuit have considered standing on interlocutory appeal in the past"); *DDB Techs., L.L.C. v. MLB Advanced Media, L.P.*, 676 F. Supp. 2d 519, 533 (W.D. Tex. 2009) (certifying an interlocutory appeal where "the controlling question of law at issue [was] standing").

"In determining if an issue is a controlling question of law, the Court asks whether the issue has 'potential to have some impact on the course of the litigation.'" *La. State Conf. of Nat'l Ass'n for the Advancement of Colored People v. Louisiana*, 495 F. Supp. 3d 400, 413 (M.D. La. 2020) (quoting *United States v. La. Generating LLC*, No. 09-100, 2012 WL 4588437, at *1 (M.D. La. Oct. 2, 2012)). "Although the resolution of an issue need not necessarily terminate an action in order to be controlling, it is clear that a question of law is controlling if reversal of the district court's order would terminate the action." *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990)

4

(cleaned up); *see also La. State Conf.*, 495 F. Supp. 3d at 413 (same); *Tesco Corp. v. Weatherford Int'l, Inc.*, 722 F. Supp. 2d 755, 766 (S.D. Tex. 2010) (Ellison, J.) (same). Reversal of the Court's order here would terminate the action against Harris County Officials; accordingly, the Court's denial of Harris County Officials' motion to dismiss for lack of subject matter jurisdiction involves a controlling question of law.

**B.     There is a Substantial Ground for Difference of Opinion**

*1. Injury-in-Fact*

In determining whether there is a substantial ground for difference of opinion, courts "examine the controlling law to determine to what extent it is unclear." *La. State Conf.*, 495 F. Supp. 3d at 415. "Courts traditionally will find that a substantial ground for difference of opinion exists 'where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (quoting 3 FEDERAL PROCEDURE, LAWYERS EDITION § 3:212 (2010)). A substantial ground for difference of opinion exists where "a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue." *Johnson v. Ardoin*, No. CV 18-625-SDD-EWD, 2019 WL 4318487, at *2 (M.D. La. Sept. 12, 2019) (quoting *Mitchell v. Hood*, 13-5875, 2014 WL 1764779, at *5 (E.D. La. May 2, 2014)). "For a sufficient difference of opinion to be found, there must, of course, be an opinion from which another can differ." *Adhikari v. Daoud & Partners*, No. 09-CV-1237, 2012 WL 718933, at *2 (S.D. Tex. Mar. 5, 2012) (Ellison, J.).

To establish standing, Plaintiffs must show (1) an injury-in-fact that is (2) fairly traceable to Harris County Officials' conduct, and (3) that Plaintiffs' injury will be redressed by a decision

in their favor. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). The Court's order acknowledged that, "[t]o establish an as-applied injury, a party must demonstrate that the statute has been applied to the party." Dkt. 68 at 12. The Court found that the challenged Acts "are not directly enforceable against Plaintiffs." *Id.* However, the Court still found that Plaintiffs established injury because Plaintiffs "must comply" with the "notice requirements" of the Acts to "gain the protection" of the Acts. *Id.* In other cases where parties have attempted to challenge statutes that were not enforced against them, courts have found a lack of injury sufficient to confer standing. *See, e.g.*, *California v. Texas*, 141 S. Ct. 2104, 2114 (2021) (collecting cases and noting that "[o]ur cases have consistently spoken of the need to assert an injury that is the result of a statute's actual or threatened *enforcement*, whether today or in the future."); *Babbitt v. United Farm Workers Nat. Union*, 442 U.S. 289, 298 (1979) ("A plaintiff who challenges a statute must demonstrate a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement."); *Nat'l Rifle Ass'n of Am., Inc. v. McCraw*, 719 F.3d 338, 345 (5th Cir. 2013) (same).

The Acts challenged here are not enforceable against Plaintiffs, and Plaintiffs "do not claim that they have ever been threatened with prosecution, that a prosecution is likely, or even that a prosecution is remotely possible." *Younger v. Harris*, 401 U.S. 37, 42 (1971). Accordingly, there is a substantial ground for difference of opinion as to whether Plaintiffs can establish injury based on the Acts because (1) the Acts are not enforceable against Plaintiffs, and (2) "there is no action—actual or threatened—whatsoever" by Harris County Officials against Plaintiffs under the Acts. *California*, 141 S. Ct. at 2115.

Still, even though the Acts are not enforceable against Plaintiffs, the Court found that Plaintiffs' injuries are "the denial of police protection and criminal prosecution if Plaintiffs do not

6

comply with the Acts' heightened notice requirements." Dkt. 68 at 14. But Plaintiffs do not allege that Harris County Officials have ever denied police protection to them. Likewise, although "[a]n allegation of future injury may suffice if the threatened injury is 'certainly impending,' or there is a 'substantial risk' that the harm will occur," Plaintiffs make no allegations suggesting that Harris County Officials will deny future protection to them. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 n.5 (2013)).

Moreover, Plaintiffs are not injured by Harris County Officials potentially not prosecuting hypothetical trespassers in the future under unknown factual circumstances. It is one of the bedrock principles of criminal law that prosecutors have discretion in determining which cases to pursue and whether to file charges against a particular person accused of a crime. *See, e.g.*, *United States v. Cox*, 342 F.2d 167, 191 (5th Cir. 1965) ("The district attorney has absolute control over criminal prosecutions, and can dismiss or refuse to prosecute, any of them at his discretion. The responsibility is wholly his." (quoting *United States v. Woody*, 2 F.2d 262, 262 (D. Mont. 1924))); *McGruder v. Necaise*, 733 F.2d 1146, 1148 (5th Cir. 1984) ("The decision to initiate, maintain, or dismiss criminal charges is at the core of the prosecutorial function."); *Hardwick v. Doolittle*, 558 F.2d 292, 301 (5th Cir. 1977) ("We recognize that there is a broad ambit to prosecutorial discretion, most of which is not subject to judicial control."); *United States v. Lawrence*, 179 F.3d 343, 347 (5th Cir. 1999) (noting that "[i]n our criminal justice system, the decision whether to prosecute an individual is vested with the government" and that the decision whether to prosecute is generally not subject to judicial review); *United States v. Molina*, 530 F.3d 326, 332 (5th Cir. 2008) ("The government has great discretion in deciding whether, and which offenses, to prosecute.").

Moreover, "[i]ndividuals lack the capacity to bring criminal charges, and criminal charges are no basis for liability against a party." *Muniz v. Am. Home Mortg. Servicing, Inc.*, No. A-10-

CV-588 JRN, 2010 WL 11652138, at *3 (W.D. Tex. Dec. 29, 2010), *report and recommendation adopted*, No. A-10-CA-588-JRN, 2011 WL 13324353 (W.D. Tex. Jan. 21, 2011).  Plaintiffs do not have a right to have an accused individual criminally prosecuted, nor are they injured by someone not being prosecuted.  *See id.*; *see also Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990) (plaintiffs in civil cases do not have a right to have someone criminally prosecuted); *Jefferies v. Allen*, No. CIV. A. 08-1888, 2009 WL 536051, at *3 (W.D. La. Mar. 3, 2009) (private citizens do not have a constitutional right to have an individual criminally prosecuted).  Plaintiffs are especially not injured by hypothetical offenders not being prosecuted, and Plaintiffs do not allege that Harris County Officials have ever refused to prosecute a real person who actually violated the Texas Penal Code.

Thus, even if the Court finds that there is no substantial ground for difference of opinion as to whether enforcement or the threat of enforcement of the Acts is required for Plaintiffs to establish injury, there is still a substantial ground for difference of opinion as to whether Plaintiffs have established an injury because alleged failure by Harris County Officials to prosecute hypothetical offenders in the future under unknown factual circumstances is not "an invasion of a legally protected interest which is (a) concrete and particularized," and "(b) actual or imminent, not conjectural or hypothetical."  *Lujan*, 504 U.S. at 560.  Plaintiffs have no right to have individuals criminally prosecuted and already receive police protection; thus, there is a substantial ground for difference of opinion as to whether Plaintiffs have established injury.

*2. Traceability and Redressability*

There is also substantial ground for difference of opinion as to whether Plaintiffs' injuries are traceable to Harris County Officials' conduct and whether Plaintiffs have shown that their requested relief would redress their alleged injuries.  Since Plaintiffs voluntarily dismissed the

8

State of Texas, seemingly to avoid the State's appeal, the State is no longer a party to this case, and the Court can accord relief only against the remaining defendants. Dkt. 81. But "the 'case or controversy' limitation of [Article III of the United States Constitution] requires that a federal court act only to redress injury that fairly can be traced to the challenged action of the defendant, and not injury that results from the independent action of some third party not before the court." *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 41–42 (1976). Harris County Officials did not create the Acts' notice requirements and have no power to change those requirements, even if they wanted to do so. *See Okpalobi v. Foster*, 244 F.3d 405, 427 (5th Cir. 2001) (finding that plaintiffs lacked standing where the state defendants had "no power to redress the asserted injuries"). Plaintiffs seem to understand this—in their response to the motions to dismiss, they state that the Texas Attorney General "provides authoritative interpretations of state law" and note that "[i]f the Attorney General is willing to state that the crime of trespass is complete when an entrant disregards written notice at the point of entry, Plaintiffs will accept that interpretation." Dkt. 57 at 35. Harris County Officials, of course, have no power to make such a declaration.

Further, it is unclear how the Plaintiffs' requested relief would redress Plaintiffs' alleged injuries or how it would affect Harris County Officials' conduct toward the Plaintiffs. Harris County Officials are already not enforcing the Acts against Plaintiffs because the Acts cannot be enforced against Plaintiffs. Harris County Officials already provide police protection in the community, regardless of whether that protection ultimately results in a prosecution. Even if Plaintiffs were able to get their requested relief of a declaration that the Acts are unconstitutional as applied to them,[2] it would not change the requirement under the Acts that, to prosecute an

---

[2] The Court granted Harris County Officials' motion to dismiss Plaintiffs' facial challenge to the Acts. Dkt. 68 at 13.

individual under the statute, notice that complies with the requirements of the Acts must be provided to that individual. *See* Tex. Penal Code §§ 30.06–30.07. Further, a declaration that the Acts are unconstitutional would not redress Plaintiffs' alleged injury of Harris County Officials not prosecuting individuals under the Acts because courts cannot order a prosecutor to file charges against an accused individual—the decision whether to file charges against an accused person is within a prosecutor's discretion. *See supra* Part III.B.1. Thus, there is substantial ground for difference of opinion as to whether Plaintiffs can establish the traceability and redressability requirements of standing.

**C.     An Immediate Appeal of the Order Would Materially Advance the Ultimate Termination of This Litigation**

"In determining if an interlocutory appeal would materially advance the ultimate termination of the litigation, 'a district court is to examine whether an immediate appeal would (1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly.'" *Crankshaw v. City of Elgin*, No. 1:18-CV-75-RP, 2020 WL 1866884, at *3 (W.D. Tex. Apr. 14, 2020) (quoting *Coates v. Brazoria Cty.*, 919 F. Supp. 2d 863, 867 (S.D. Tex. 2013) (Costa, J.). An immediate appeal in this case would eliminate the need for a trial—if the Court's order were reversed, this case would be terminated. Accordingly, an immediate appeal of the Court's order would materially advance the ultimate termination of this litigation.

**D.     The Court Should Stay this Case Pending Appeal**

Application for an appeal under 28 U.S.C. § 1292(b) does not stay proceedings in the district court "unless the district judge or the Court of Appeals or a judge thereof shall so order." 28 U.S.C. § 1292(b). The stay factors considered in § 1292(b) appeals are the same as in any other stay pending appeal. *See Ministry of Oil of the Republic of Iraq v. 1,032,212 Barrels of Crude Oil*

*Aboard the United Kalavrvta*, No. CIV.A. G-14-249, 2015 WL 851920, at *4 (S.D. Tex. Feb. 26, 2015) (Miller, J.). "Four well established factors govern the propriety of a stay pending appeal: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken v. Holder*, 556 U.S. 418, 426 (2009). Given the jurisdictional and dispositive nature of the standing issue to be presented on interlocutory appeal, this case should be stayed pending the outcome of that appeal. It is in the interest of all parties to settle this jurisdictional dispute now to avoid costly and lengthy litigation. A stay will further the public interest because a stay will conserve judicial and party resources. Thus, a stay is appropriate pending appeal.

## IV. PRAYER

Harris County Officials respectfully request that the Court grant their motion to certify interlocutory appeal and grant a stay pending appeal.

Respectfully submitted,

**CHRISTIAN D. MENEFEE**
Harris County Attorney

**JONATHAN G. C. FOMBONNE**
First Assistant County Attorney

**TIFFANY S. BINGHAM**
Managing Counsel

/s/ Christina M. Beeler
Christina M. Beeler
TX State Bar No. 24096124
S.D. Tex. Bar No. 3695627
christina.beeler@cao.hctx.net
Harris County Attorney's Office
1019 Congress, 15th Floor
Houston, Texas 77002
Telephone: 713.274.5345

11

                                          Moustapha Gassama
                                          TX State Bar No. 24083058
                                          S.D. Tex. Bar No. 3588433
                                          moustapha.gassama@cao.hctx.net
                                          Harris County Attorney's Office
                                          1019 Congress, 15th Floor
                                          Houston, Texas 77002
                                          Telephone: 713.274.5326

                                          **Counsel for Defendants Harris County Officials**

## CERTIFICATE OF CONFERENCE

I hereby certify that on September 29, 2021, I conferred by email with counsel for the Plaintiffs regarding the foregoing motion. Plaintiffs oppose the motion.

/s/ Christina M. Beeler  
Christina M. Beeler  
Counsel for Harris County Officials

**CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2021, I electronically filed a true and correct copy of the foregoing motion via the Court's CM/ECF system and that a copy of this filing has been forwarded to all counsel of record.

<u>/s/ Christina M. Beeler</u>
Christina M. Beeler
Counsel for Harris County Officials
