IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BAY AREA UNITARIAN UNIVERSALIST CHURCH; DRINK HOUSTON BETTER, LLC d/b/a ANTIDOTE COFFEE; PERK YOU LATER, LLC, | § § § § § § | |
| Plaintiffs | § § | CIVIL ACTION NO. 4:20-CV-3081 |
| v. | § § | |
| KEN PAXTON, Attorney General for the State of Texas, in his official capacity; KIM OGG, District Attorney for Harris County, in her official capacity; VINCE RYAN, County Attorney for Harris County, in his official capacity; ED GONZALEZ, County Sheriff for Harris County, in his official capacity; PETE BACON, Acting Chief of Police for the Webster Police Department, in his official capacity; ART ACEVEDO, Chief of the Houston Police Department, in his official capacity; KIM LEMAUX, Presiding Officer for the Texas Commission on Law Enforcement, in her official capacity, | § § § § § § § § § § § § § § § § § | |
| Defendants | | |

## DEFENDANT CITY OF HOUSTON'S ANSWER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Comes now the City of Houston, sued through Art Acevedo in his official capacity as Chief of Police ("Houston"), and files its answer and affirmative defenses to the Original Complaint of Plaintiffs Bay Area Unitarian Universalist Church; Drink Houston Better, LLC d/b/a Antidote Coffee; Perk You Later, LLC:

## INTRODUCTION

Houston is not required to answer the legal propositions and denies all other allegations in

the first unnumbered paragraph of Plaintiffs' complaint, including footnote.  Houston further specifically denies the mischaracterization of the statutes as imposing a viewpoint-based burden on Plaintiffs when describing what is an additional protection provided to property owners who wish to exclude gun carriers outright, without first asking that they leave, in addition to Plaintiffs' rights as property owners who wish to exclude others for any reason at all.  Houston further denies these allegations as they indirectly complain of alleged burdens resulting from Texas's concealed and licensed carry laws, which Plaintiffs do not challenge.

Houston is not required to answer the legal propositions, and denies all other allegations, in the second unnumbered paragraph of Plaintiffs' complaint.  Houston further specifically denies the mischaracterization of a "heightened" burden on Plaintiffs, as the allegations describe an additional protection provided to property owners who wish to exclude gun carriers outright, in light of Texas's concealed and licensed carry laws, in addition to Plaintiffs' rights as property owners to exclude whomever they choose.  Houston further denies these allegations as they indirectly complain of alleged burdens resulting from Texas's concealed and licensed carry laws, which Plaintiffs do not challenge.

Houston is not required to answer the legal propositions, lacks knowledge or information sufficient to admit or deny the remaining allegations, and therefore denies all allegations in the third unnumbered paragraph of Plaintiffs' complaint.

Regarding the allegations in the fourth unnumbered paragraph of Plaintiffs' complaint, Houston admits Plaintiffs' location in Harris County, Texas; lacks sufficient knowledge or information to form a belief regarding allegations that Plaintiffs are church and coffee shop, therefore they are denied; Houston denies that Plaintiffs have brought "this civil rights action" or that they "challenge the constitutionality of the heightened speech requirements imposed by the

Acts on their face and as applied to Plaintiffs." Houston denies that Plaintiffs have stated claims for declaratory or injunctive relief against Houston, and objects to the Court's exercise of jurisdiction over this action.

## JURISDICTION AND VENUE

1.      Houston denies that the Court has jurisdiction over the Plaintiffs' claim because Plaintiffs fail to state a claim against Houston, lack standing or a justiciable interest.

2.      Houston denies that the Court has authority to grant declaratory and prospective injunctive relief "under 28 U.S.C. §§ 2201 and 2202 and 42 U.S.C. § 1983, by Rules 57 and 65 of the Federal Rules of Civil Procedure, and by the general legal and equitable powers of this Court" as to Houston, or otherwise, and denies that this action is permitted against Houston under *Ex parte Young*, 209 U.S. 123 (1908).

3.      Houston denies that the Court has supplemental jurisdiction over Plaintiffs' claims based on Texas constitutional law pursuant to 28 U.S.C. § 1367, and the Court has dismissed said allegation/claim. Further, Houston is entitled to governmental immunity from any state law claim.

4.      Houston admits several Defendants reside in the Southern District of Texas but denies that any events have occurred giving rise to any of Plaintiffs' alleged claims.

## PARTIES

### A. Plaintiffs

5.      Houston admits Plaintiff Bay Area Unitarian Universalist Church's name and location in Harris County, Texas. Houston lacks sufficient knowledge or information to form a belief regarding Plaintiff's alleged religious mission, therefore it is denied.

6.      Houston admits Plaintiff Drink Houston Better, LLC's name and location in Harris County, Texas. Houston lacks sufficient knowledge or information to form a belief regarding its

3

years of operation or ownership, therefore, the allegations are denied.

**B. Defendants**

7.     Houston denies the allegation that Ken Paxton is sued in his official capacity, because Plaintiffs voluntarily dismissed these claims, and because Plaintiffs lack standing and have not stated a claim against Ken Paxton.  Houston asserts, however, that Ken Paxton, Attorney General for the State of Texas, is a necessary party to this or any action challenging state laws, and the only party capable of addressing the allegations of Plaintiffs.  Houston is not required to answer purported citations in footnote 2, therefore they are denied.  Houston admits the remainder of the allegations in paragraph 7 of Plaintiffs' complaint.

8.     Houston admits that Kim Ogg is the District Attorney for Harris County, generally responsible for prosecuting felonies in Harris County.  Houston denies that Kim Ogg is sued in her official capacity because Plaintiffs lack standing and have not stated a claim against Kim Ogg.

9.     Houston admits that Vince Ryan is the County Attorney for Harris County, generally responsible for prosecuting misdemeanors.  Houston denies that Vince Ryan is sued in his official capacity because Plaintiffs lack standing and have not stated a claim against Vince Ryan.

10.     Houston admits that Ed Gonzalez is the Sheriff for Harris County charged with the general law enforcement duty to enforce the law.  Houston denies that Ed Gonzalez is sued in his official capacity because Plaintiffs lack standing and have not stated a claim against Ed Gonzalez.

11.     Houston admits that Chief Pete Bacon is the Chief of Police for the City of Webster Police Department but denies that he is responsible "for enforcing criminal violations of the Acts" beyond the general authority or duty of law enforcement to enforce the penal laws of the state of Texas; Houston lacks sufficient knowledge or information to form a belief regarding whether or

not the Webster Police Department responds to calls for police assistance made by Bay Area Unitarian Universalist Church, therefore they are denied.  Houston denies that Chief Bacon is sued in his official capacity because Plaintiffs lack standing and have not stated a claim against Chief Bacon.

12.     Houston admits that Art Acevedo is the former Chief of Police for the City of Houston Police Department but denies that he or the current Chief of Police is responsible "for enforcing criminal violations of the Acts" beyond the general authority or duty of law enforcement to enforce the penal laws of the state of Texas.  Houston denies that Art Acevedo is sued in his official capacity because Plaintiffs lack standing and have not stated a claim against Art Acevedo or the City of Houston.

13.     Houston admits Kim Lemaux is the Presiding Officer for the Texas Commission on Law Enforcement, and that the Commission is responsible for the administration, training, licensing, and examinations of law enforcement personnel in Texas.  Houston denies the allegation that Lemaux is sued in her official capacity because Plaintiffs voluntarily dismissed these claims; and because Plaintiffs lack standing and have not stated a claim against Kim Lemaux.

## IV. ALLEGD STATUTORY FRAMEWORK

### A.  Alleged "Notice Requirements Under General Texas Criminal Trespass Law"

14.     Houston denies the allegation that Texas Penal Code § 30.05 is Texas's "General Trespass Law;" Houston denies the alleged contents of Texas Penal Code § 30.05, Criminal Trespass, as they are incomplete.

15.     Houston denies the allegation that Texas Penal Code § 30.05 is Texas's "General Trespass Law;" and denies the partial statement of what "Notice" means under the Act.  Houston asserts that for purposes of Texas's Criminal Trespass statute, "Notice" means:

(A) oral or written communication by the owner or someone with apparent authority to act for the owner;

(B) fencing or other enclosure obviously designed to exclude intruders or to contain livestock;

(C) a sign or signs posted on the property or at the entrance to the building, reasonably likely to come to the attention of intruders, indicating that entry is forbidden;

(D) the placement of identifying purple paint marks on trees or posts on the property, provided that the marks are:

    (i) vertical lines of not less than eight inches in length and not less than one inch in width;

    (ii) placed so that the bottom of the mark is not less than three feet from the ground or more than five feet from the ground; and

    (iii) placed at locations that are readily visible to any person approaching the property and no more than:

        (a) 100 feet apart on forest land; or

        (b) 1,000 feet apart on land other than forest land; or

(E) the visible presence on the property of a crop grown for human consumption that is under cultivation, in the process of being harvested, or marketable if harvested at the time of entry.

Tex. Penal Code § 30.05(b)(2).

(c) A person may provide notice that firearms are prohibited on the property by posting a sign at each entrance to the property that:

(1) includes language that is identical to or substantially similar to the following: "Pursuant to Section 30.05, Penal Code (criminal trespass), a person may not enter this property with a firearm";

(2) includes the language described by Subdivision (1) in both English and Spanish;

(3) appears in contrasting colors with block letters at least one inch in height; and

(4) is displayed in a conspicuous manner clearly visible to the public.

Tex. Penal Code § 30.05(c).

16.    Houston denies the allegation that Texas Penal Code § 30.05 is Texas's "General Trespass Law;" and denies the allegation in paragraph 16 of Plaintiffs' complaint that Texas Penal Code § 30.05, Criminal Trespass, "does not impose upon property owners any size, wording, or language requirements relating to the written communications or signs necessary to exclude others from their property." The omitted section of § 35.05(b)(2)(D), and (c), quoted in ¶15, supra, provide specific size and content requirements.

17.     Houston denies the allegation that Texas Penal Code § 30.05 is Texas's "General Trespass Law;" and denies the allegations in paragraph 18 of Plaintiffs' complaint providing an incomplete and inaccurate statement of the classification of offense under Texas Penal Code § 35.05, Criminal Trespass.  *See* Tex. Penal Code § 35.05(d), (d-1), (d-2), (d-3).  Houston asserts instead that Texas Penal Code § 35.05, Criminal Trespass, classifies an offense, in part, as follows:

> (d-3) An offense under this section is a Class C misdemeanor punishable by a fine not to exceed $200 if the person enters the property, land, or building with a firearm or other weapon and the sole basis on which entry on the property or land or in the building was forbidden is that entry with a firearm or other weapon was forbidden, except that the offense is a Class A misdemeanor if it is shown on the trial of the offense that, after entering the property, land, or building with the firearm or other weapon, the actor:
>> (1) personally received from the owner of the property or another person with apparent authority to act for the owner notice that entry with a firearm or other weapon was forbidden, as given through:
>>> (A) notice under Subsection (b)(2)(A), including oral or written communication; or
>>> (B) if the actor is unable to reasonably understand the notice described by Paragraph (A), other personal notice that is reasonable under the circumstances; and
>> (2) subsequently failed to depart.

Tex. Penal Code § 30.05 (d-3).

## C. Alleged "Notice Requirements for Gun-License Holders Under Texas Criminal Trespass Law."

18.     Houston is not required to answer the propositions of law alleged in paragraph 19 of Plaintiffs' complaint; therefore, they are denied; Houston denies the allegation that Texas Penal Code § 30.05 is Texas's "General Trespass Law" and denies in part the allegations in paragraph 19 of Plaintiffs' complaint regarding the defense to prosecution; denies the alleged "exemption" as the statute provides none.  Tex. Penal Code § 30.05(f).

19.     Houston is not required to answer the propositions of law alleged in paragraph 19; therefore, they are denied; and denies the Plaintiffs' allegation regarding the defenses enumerated under Texas Penal Code § 30.05, Criminal Trespass.

20.      Houston is not required to answer the propositions of law alleged in paragraph 20 of Plaintiffs' complaint; therefore, they are denied; and denies the characterizations of Texas Penal Code sections 30.06 and 30.07 as allegedly creating trespass crimes for those exempted by § 30.05(f).

21.      Houston is not required to answer the propositions of law alleged in paragraph 21 of Plaintiffs' complaint; therefore, they are denied; and denies the statement of Teas law for a gun-license holder "to be guilty of trespass;" and denies the allegation that "Unlike the General Trespass Law, property owners can provide 'notice' under the Acts only 'by oral or written communication" as a gross misrepresentation of the law.  Texas Penal Code §§ 30.06(b), 30.07(b). Houston further denies the allegation that Texas Penal Code §§ 30.06 or 30.07 protects gun license holders or exempts them from trespass as enumerated under Texas Penal Code §§ 30.05, 30.06, 30.07.  Houston denies the characterization of "Texas's General Trespass Law."

22.      Houston is not required to answer the propositions of law alleged in paragraph 22 of Plaintiffs' complaint; therefore, they are denied; denies the alleged title of Texas Penal Code § 30.05 as the "General Trespass Law;" and denies the mischaracterization of Texas Penal Code §§ 30.05, 30.06, 30.07, as defining written communication "extremely narrowly."

23.      Houston is not required to answer the propositions of law alleged in paragraph 23 of Plaintiffs' complaint; therefore, they are denied; and denies the mischaracterization of Texas Penal Code §§ 30.05, 30.06, 30.07, as defining written communication "extremely narrowly."

24.      Houston is not required to answer the propositions of law alleged in paragraph 24 of Plaintiffs' complaint; therefore, they are denied; and denies the allegation that any property owner or Plaintiffs are "required" to post either or both signs alleged.  Texas Penal Code §§ 30.05, 30.06, 30.07, defines a criminal offense and does not "require" anything of property owners or

Plaintiffs.

25.     Houston is not required to answer the propositions of law alleged in paragraph 25, including footnote; therefore, they are denied; and denies the allegation that any property owner or Plaintiffs are "required" to post either or both signs alleged.  Texas Penal Code §§ 30.05, 30.06, 30.07, defines a criminal offense and does not "require" anything of property owners or Plaintiffs. Texas Penal Code §§30.06 and 30.07 do not exclude property owners from excluding *any* person from their property, whether they are a gun license holder or not.  Houston lacks sufficient knowledge or information to form a belief regarding the truth of the allegation of what "on one website" is posted as alleged "compliant" signage; therefore, it is denied.

26.     Houston is not required to answer the propositions of law alleged in paragraph 26, including footnote; therefore, they are denied; and denies the allegation that any property owner or Plaintiffs are "required" to post either or both or all three or more of the signs alleged.

27.     Houston lacks knowledge or information to form a belief regarding the truth of the allegations in paragraph 27, therefore, they are denied.

28.      Houston lacks knowledge or information to form a belief regarding the truth of the allegations in paragraph 28, including footnote, therefore, they are denied.

29.     Houston is not required to answer the propositions of law alleged in paragraph 29; therefore, they are denied; and denies the Plaintiffs' statement regarding offense classifications under Texas Penal Code §§ 30.05, 30.06, or 30.07, and further denies that Plaintiffs have any right, constitutional or otherwise, to have an offense encompass their chosen offenders or to do so under an enhanced offense with greater potential penalty.  Houston further denies these allegations as they indirectly complain of alleged burdens resulting from Texas's concealed and licensed carry laws, which Plaintiffs do not challenge.

30.     Houston is not required to answer propositions of law, and lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 30, therefore, they are denied; Houston specifically denies the allegation that the defense of promptly leaving the property was added as of September 1, 2019, as it is a basic defense to criminal trespass under all statutory provisions; Houston further denies that the Act does not state how oral notice is to be given, and asserts that Plaintiffs have conceded there is no alternative manner of notice resulting from Texas's concealed and licensed carry laws, which Plaintiffs do not challenge.  (Doc. #1 at ¶42, "In practice, posting a sign will be the only practicable option for property owners to effectively exclude guns from their property.  Giving individual notice by oral communication or card to anyone carrying a gun risks physical confrontation and, in any event, is unworkable, particularly where the individual is carrying a concealed weapon.")

31.     Houston denies the allegations in paragraph 31 of Plaintiffs' complaint; and further asserts that Texas law does not recognize various rights to "not wear shirts" or to do so publicly, and include rights to "not wear shirts" at all, and further denies these allegations as they indirectly complain of alleged burdens resulting from Texas's concealed and licensed carry laws, which Plaintiffs do not challenge.

32.     Houston is not required to answer propositions of law in paragraph 32, lacks information or knowledge sufficient to admit or deny the factual allegations in paragraph 32, therefore they are all denied; and specifically denies the allegations concerning laws governing (and restricting) liquor sales, as Plaintiffs do not allege they are restricted or licensed in any manner by Houston or other parties.

33.     Houston is not required to answer propositions of law in paragraph 32, lacks information or knowledge sufficient to admit or deny the factual allegations in paragraph 32 of

Plaintiffs' complaint, therefore they are all denied; and specifically denies the allegations concerning laws governing (and restricting) liquor sales, as Plaintiffs do not allege they are restricted or licensed in any manner by Houston or other parties.

34.     Houston lacks information or knowledge sufficient to admit or deny the factual allegations in paragraph 34 of Plaintiffs' complaint, therefore they are denied; and specifically denies the allegations concerning signage for businesses subject to restricted licensing regulations and laws; Plaintiffs who do not allege they are being restricted or licensed in any manner by Houston or other parties; Houston further denies these allegations as they indirectly complain of alleged burdens resulting from Texas's concealed and licensed carry laws, which Plaintiffs do not challenge.

35.     Houston lacks information or knowledge sufficient to admit or deny the factual allegations in paragraph 35 of Plaintiffs' complaint, therefore they are denied; and denies the allegations concerning laws governing (and restricting) liquor sales, as Plaintiffs do not claim to have been restricted or licensed in any manner by Houston or other parties; Houston further denies these allegations as they indirectly complain of alleged burdens resulting from Texas's concealed and licensed carry laws, which Plaintiffs do not challenge.

36.      Houston is not required to answer propositions of law in paragraph 36, lacks information or knowledge sufficient to admit or deny the factual allegations in paragraph 36 of Plaintiffs' complaint, therefore they are all denied; and Houston specifically denies the allegations concerning laws governing (and restricting) liquor sales, as Plaintiffs do not claim to have been restricted or licensed in any manner by Houston or other parties.

37.     Houston lacks information or knowledge sufficient to admit or deny the factual allegation in paragraph 37, therefore it is denied.

38.     Houston is not required to answer the propositions of law in paragraph 38 and lacks information or knowledge sufficient to admit or deny the factual allegations in paragraph 38, therefore they are all denied; Houston further specifically denies the allegations concerning sign requirements imposed on businesses licensed to sell alcohol, as Plaintiffs do not challenge those laws, nor are they applicable to the Plaintiffs based on their pleadings; Plaintiffs do not claim to have been restricted or licensed in any manner by Houston or any party.

39.     Houston denies all the allegations in paragraph 39 of Plaintiffs' complaint.

40.     Houston denies all the allegations in paragraph 40 of Plaintiffs' complaint.

41.     Houston is not required to answer the statements of law in paragraph 41, therefore they are denied; Houston further specifically denies the allegation that the Acts "permit" notice, as the Acts do not confer any rights or restrictions or obligations on Plaintiffs.

42.     Houston denies all the allegations in paragraph 42 of Plaintiffs' complaint; and further asserts that these allegations relate to Texas licensed and concealed carry laws that are not challenged by Plaintiffs.

43.     Houston lacks sufficient information or knowledge to form a belief regarding the truth of the allegations in paragraph 43, therefore, they are denied.

44.     Houston denies all the allegations in paragraph 44 of Plaintiffs' complaint.

45.     Houston denies all the allegations in paragraph 45 of Plaintiffs' complaint.

46.     Houston lacks sufficient information or knowledge to form a belief regarding the truth of allegations as to space that might be occupied relative to the alleged property, therefore they are denied; Houston denies all other allegations in paragraph 46 of Plaintiffs' complaint.

47.     Houston denies all the allegations in paragraph 47 of Plaintiffs' complaint.

48.     Houston denies all the allegations in paragraph 48 of Plaintiffs' complaint.

49.     Houston lacks sufficient information or knowledge to form a belief regarding the truth of the allegations concerning persons who post on www.texas3006.com, therefore they are denied; and Houston denies all other allegations in paragraph 49 of Plaintiffs' complaint, including footnotes.

50.     Houston lacks sufficient information or knowledge to form a belief regarding the truth of the allegations concerning what Plaintiffs' may or may not be able to print at home, therefore they are denied; Houston denies all other allegations in paragraph 50 of Plaintiffs' complaint.

51.     Houston denies all the allegations in paragraph 51 of Plaintiffs' complaint, and specifically denies the allegations that the Acts "require" anything.

52.     Houston denies all the allegations in paragraph 52 of Plaintiffs' complaint.

53.     Houston denies all the allegations in paragraph 53 of Plaintiffs' complaint, including footnote.

54.     Houston is not required to answer speculation regarding hypothetical future laws; therefore the allegations are each denied; Houston denies all other allegations in paragraph 54 of Plaintiffs' complaint.

55.     Houston denies all the allegations in paragraph 55 of Plaintiffs' complaint.

### Alleged "Burdens on Individual Plaintiffs"
*Alleged "Burdens on Church Plaintiff"*

56.     Houston admits the Plaintiff's name; Houston lacks sufficient information or knowledge to form a belief regarding the truth of the allegations concerning Plaintiff Bay Area's location or functions, therefore they are denied.

57.     Houston lacks sufficient information or knowledge to form a belief regarding the truth of the allegations in paragraph 57 of Plaintiffs' complaint, therefore they are denied.

58.     Houston lacks sufficient information or knowledge to form a belief regarding the truth of the allegations in paragraph 58 of Plaintiffs' complaint, therefore they are denied.

59.     Houston lacks sufficient information or knowledge to form a belief regarding the truth of the allegations in paragraph 59 of Plaintiffs' complaint, therefore they are denied.

60.     Houston lacks sufficient information or knowledge to form a belief regarding the truth of the allegations in paragraph 60 of Plaintiffs' complaint, therefore they are denied.

61.     Houston lacks sufficient information or knowledge to form a belief regarding the truth of the allegations in paragraph 61 of Plaintiffs' complaint, therefore they are denied.

62.     Houston lacks sufficient information or knowledge to form a belief regarding the truth of the allegations in paragraph 62 of Plaintiffs' complaint, therefore they are denied.

63.     Houston lacks sufficient information or knowledge to form a belief regarding the truth of the allegations in paragraph 63 of Plaintiffs' complaint, therefore they are denied.

64.     Houston lacks sufficient information or knowledge to form a belief regarding the truth of the allegations in paragraph 64 of Plaintiffs' complaint, therefore they are denied.

65.     Houston lacks sufficient information or knowledge to form a belief regarding the truth of the allegations in paragraph 65 of Plaintiffs' complaint, therefore they are denied.

66.     Houston lacks sufficient information or knowledge to form a belief regarding the truth of the allegations in paragraph 66 of Plaintiffs' complaint, therefore they are denied.

67.     Houston lacks sufficient information or knowledge to form a belief regarding the truth of the allegations in paragraph 67 of Plaintiffs' complaint, therefore they are denied.

68.     Houston lacks sufficient information or knowledge to form a belief regarding the truth of the allegations in paragraph 68 of Plaintiffs' complaint, therefore they are denied.

69.     Houston lacks sufficient information or knowledge to form a belief regarding the

truth of the allegations in paragraph 69 of Plaintiffs' complaint, therefore they are denied.

*Alleged "Burdens on Coffee Shop Plaintiffs"*

70.    Houston admits the names of Plaintiff Antidote Coffee Shop and Perk You Later and denies all other allegations in paragraph 70 of Plaintiffs' complaint.

71.    Houston lacks sufficient information or knowledge to form a belief regarding the truth of the allegations in paragraph 71 of Plaintiffs' complaint, therefore they are denied.

72.    Houston lacks sufficient information or knowledge to form a belief regarding the truth of the allegations in paragraph 72 of Plaintiffs' complaint, therefore they are denied; except the allegations of "confusing nature" of the Acts, which are specifically denied.

73.    Houston lacks sufficient information or knowledge to form a belief regarding the truth of the allegations in paragraph 73 of Plaintiffs' complaint, therefore they are denied; except the allegations of "intrusiveness" and "detriment", which are specifically denied.

74.    Houston lacks sufficient information or knowledge to form a belief regarding the truth of the allegations in paragraph 74 of Plaintiffs' complaint, therefore they are denied.

75.    Houston lacks sufficient information or knowledge to form a belief regarding the truth of the allegations in paragraph 75 of Plaintiffs' complaint, therefore they are denied.

76.    Houston lacks sufficient information or knowledge to form a belief regarding the truth of the allegations in paragraph 76 of Plaintiffs' complaint, therefore they are denied.

77.    Houston lacks sufficient information or knowledge to form a belief regarding the truth of the allegations in paragraph 77 of Plaintiffs' complaint, therefore they are denied.

78.    Houston lacks sufficient information or knowledge to form a belief regarding the truth of the allegations in paragraph 78 of Plaintiffs' complaint, including footnote, therefore they are denied.

79.     Houston lacks sufficient information or knowledge to form a belief regarding the truth of the allegations in paragraph 79 of Plaintiffs' complaint, therefore they are denied.

80.     Houston lacks sufficient information or knowledge to form a belief regarding the truth of the allegations in paragraph 80 of Plaintiffs' complaint, therefore they are denied.

81.     Houston lacks sufficient information or knowledge to form a belief regarding the truth of the allegations in paragraph 91 of Plaintiffs' complaint, therefore they are denied; except for the allegation suggesting Plaintiff(s) were unable to call the police to remove individuals on their property, which are specifically denied.

82.     Houston lacks sufficient information or knowledge to form a belief regarding the truth of the allegations in paragraph 82 of Plaintiffs' complaint, therefore they are denied.

## VI.  ALLEGATION THAT "THE ACTS ARE CONTENT-BASED AND VIEWPOINT-BASED"

83.     Houston denies all allegations in paragraph 83 of Plaintiffs' complaint.

84.     Houston denies all allegations in paragraph 84 of Plaintiffs' complaint.

85.     Houston lacks sufficient information or knowledge to form a belief regarding the truth of the allegations related to the Texas state land commissioner, therefore they are denied; Houston denies all other allegations in paragraph 85 of Plaintiffs' complaint, including footnote.

## VII. ALLEGATIONS THAT "THE ACTS ARE UNJUSTIFIED BY ANY LEGISLATIVE PURPOSE, OVERBROAD, UNDERINCLUSIVE, AND NOT SUFFICIENTLY TAILORED

86.     Houston is not required to answer the statements of law in paragraph 86; therefore, they are denied; Houston denies all other allegations in paragraph 86 of Plaintiffs' complaint.

87.     Houston is not required to answer the statements of law in paragraph 87, including footnotes; therefore, they are denied; Houston denies all other allegations in paragraph 87 of Plaintiffs' complaint.

88.     Houston is not required to answer the statements of law in paragraph 88, including footnotes; therefore, they are denied; Houston denies all other allegations in paragraph 88 of Plaintiffs' complaint.

89.     Houston is not required to answer the statements of law in paragraph 89; therefore, they are denied; Houston denies all other allegations in paragraph 89 of Plaintiffs' complaint.

90.     Houston is not required to answer the statements of law in paragraph 90; therefore, they are denied; Houston denies all other allegations in paragraph 90 of Plaintiffs' complaint.

91.     Houston is not required to answer the statements of law in paragraph 91 of Plaintiffs' complaint; therefore, they are denied; Houston denies all the allegations in paragraph 91 of Plaintiffs' complaint.

92.     Houston denies all the allegations in paragraph 92 of Plaintiffs' complaint.

93.     Houston is not required to answer the statements of law in paragraph 93 of Plaintiffs' complaint; therefore, they are denied; Houston denies all the allegations in paragraph 93 of Plaintiffs' complaint.

94.     Houston denies all the allegations in paragraph 94 of Plaintiffs' complaint, including footnote.

95.     Houston denies all the allegations in paragraph 95 of Plaintiffs' complaint.

96.     Houston denies all the allegations in paragraph 96 of Plaintiffs' complaint.

97.     Houston is not required to answer the legal theories in paragraph 97 of Plaintiffs' complaint; therefore, they are denied; Houston denies all other allegations in paragraph 97 of Plaintiffs' complaint.

98.     Houston denies all the allegations in paragraph 98 of Plaintiffs' complaint.

**PLAINTIFFS' ASSERTED CLAIMS FOR RELIEF**

99.     Houston admits that Plaintiffs purport to incorporate the preceding paragraphs; Houston's responses and denials are incorporated herein.

100.    Houston is not required to answer the statements of law in paragraph 100 of Plaintiffs' complaint.

101.    Houston is not required to answer the statements of law in paragraph 101 of Plaintiffs' complaint.

102.    Houston is not required to answer the statements of law in paragraph 102 of Plaintiffs' complaint.

103.    Houston denies all the allegations in paragraph 103 of Plaintiffs' complaint.

104.    Houston denies all the allegations in paragraph 104 of Plaintiffs' complaint.

105.    Houston denies all the allegations in paragraph 105 of Plaintiffs' complaint.

106.    Houston denies all the allegations in paragraph 106 of Plaintiffs' complaint.

107.    Houston denies all the allegations in paragraph 107 of Plaintiffs' complaint.

108.    Houston denies all the allegations in paragraph 108 of Plaintiffs' complaint.

109.    Houston denies all the allegations in paragraph 109 of Plaintiffs' complaint.

110.    Houston denies all the allegations in paragraph 110 of Plaintiffs' complaint.

111.    Houston denies all the allegations in paragraph 111 of Plaintiffs' complaint.

112.    Houston denies all the allegations in paragraph 112 of Plaintiffs' complaint.

113.    Houston denies all the allegations in paragraph 113 of Plaintiffs' complaint.

## COUNT II

114.    Houston admits that Plaintiffs purport to incorporate the preceding paragraphs; Houston's responses and denials are incorporated herein.

115.    Houston is not required to answer the statements of law in paragraph 115 of

Plaintiffs' complaint.

116.    Houston is not required to answer the statements of law in paragraph 116 of Plaintiffs' complaint.

117.    Houston denies all the allegations in paragraph 117 of Plaintiffs' complaint.

118.    Houston denies all the allegations in paragraph 118 of Plaintiffs' complaint.

119.    Houston denies all the allegations in paragraph 119 of Plaintiffs' complaint.

**COUNT III**

120.    Houston admits that Plaintiffs purport to incorporate the preceding paragraphs; Houston's responses and denials are incorporated herein.

121.    Houston is not required to answer the statements of law in paragraph 121 of Plaintiffs' complaint.

122.    Houston denies all the allegations in paragraph 122 of Plaintiffs' complaint.

123.    Houston denies all the allegations in paragraph 123 of Plaintiffs' complaint.

**COUNT IV**

124.    Houston admits that Plaintiffs purport to incorporate the preceding paragraphs; Houston's responses and denials are incorporated herein.

125.    Houston denies all the allegations in paragraph 125 of Plaintiffs' complaint.

126.    Houston denies all the allegations in paragraph 126 of Plaintiffs' complaint.

**PLAINTIFFS' PRAYER FOR RELIEF**

a.   Houston denies Plaintiffs' entitlement to any relief, and specifically that sought by paragraph a.

b.   Houston denies Plaintiffs' entitlement to the any relief, and specifically that sought by paragraph b.

     c.    Houston denies Plaintiffs' entitlement to any relief, and specifically that sought by paragraph c.  Houston further denies that an injunction would be available "against enforcement" of an alleged notice requirement that is not enforced or enforceable. Houston further denies that the requested relief would address the alleged burdens complained of by Plaintiffs.

     d.    Houston denies Plaintiffs' entitlement to litigation costs or attorneys' fees or expenses under 42 U.S.C. § 1988; and further asserts that any such award must be assessed against the State of Texas and cannot be assessed or sought against Art Acevedo in his official capacity, or the City of Houston.

     e.    Houston denies that Plaintiffs are entitled to any relief.

127.    Houston denies all previously unanswered allegations in Plaintiffs' original complaint (Doc. #1), and any amendments or supplements thereto.

## AFFIRMATIVE DEFENSES

128.    Houston states that the Court lacks subject matter jurisdiction because, as a municipality, Houston is immune from suit.

129.    Houston states that the Court lacks subject matter jurisdiction, under U.S. Const. art. III, § 2, because Plaintiffs do not present an actual case or controversy.

130.    Houston asserts that Plaintiffs lack standing, therefore the Court has no power to entertain this action.

131.    Houston asserts that Plaintiffs have not shown they were (or imminently will be) actually injured by a particular legal provision, or that the provision or its enforcement may be attributed to Houston.

132.    Houston states that Plaintiffs' complaint fails to state an actionable claim against

Houston, upon which relief may be granted, under the U.S. Constitution and 42 U.S.C. §1983.

133.    Houston states that Plaintiffs fail to state a claim for relief under 42 U.S.C. §1983 or §1988 because no official policy, practice or custom of Houston or its official policymaker was the moving force behind the alleged deprivation of Plaintiffs' constitutional right(s).

134.    Houston alleges the lack of any custom, practice, policy or procedure which served as the moving force behind any alleged violation, damages, or cause of action, and Plaintiffs state none.

135.    Houston states that Plaintiffs fail to assert a justiciable claim for declaratory or injunctive relief.

136.    Houston states that on the occasion(s) in question and at all relevant times, no official policy, practice or custom of Houston was the actual/proximate cause, the moving force behind or the direct cause of Plaintiffs' alleged injuries; and further asserts Plaintiffs suffered no constitutional injury.

137.    Houston states that the acts complained of by Plaintiffs were not proximately caused by any constitutionally defective policy, practice or custom of Houston.

138.    Houston states that absent a facially unconstitutional policy of Houston, Plaintiffs are required to plead a policy of Houston acted with deliberate indifference to a constitutional violation alleged, but Plaintiffs have not.

139.    Houston denies that it was deliberately indifferent in any manner and denies any violation of Plaintiffs' constitutional rights.

140.    Houston states that no deprivation of Plaintiffs' rights as guaranteed by constitutional and/or statutory provisions occurred as a result of a policy, practice or custom of Houston, or otherwise.

141.    The Houston Police Department properly supervises its employees, uniformed and non-uniformed, in accordance with the department's rules, regulations, procedures, general orders and within City of Houston procedures.

142.    The Houston Police Department properly trains its peace officers in full compliance with the State standards as established by the Texas Commission on Law Enforcement (TCOLE), and in accordance with the Constitution.

143.    At all times, the training provided to and supervision of Houston's officers was adequate and not the moving force behind or the direct cause of the alleged deprivation of Plaintiffs' rights, if any.

144.    Houston states that authority existed for the actions of any of its police officers during the events at issue, and that the actions of Houston's officers did not violate clearly established law of which a reasonable officer would have known, and that no deprivation of Plaintiffs' rights has or will imminently occur.

145.    Houston states that it cannot be held vicariously liable as a matter of law for negligent or grossly negligent acts, if any, of its agents, servants and employees.  Therefore, Houston cannot be liable under a theory of respondeat superior.

146.    Houston asserts that any police officers employed by Houston, and the Chief of Police, at any relevant time are entitled to qualified immunity, which means they are immune from suit and damages in the present case.  Houston further asserts that its officers were performing discretionary duties within the course and scope of their authority as Houston Police Department peace officers; that their actions were objectively reasonable; that they did not violate clearly established law of which a reasonable person would have known; and that a reasonable officer could have believed that their actions were lawful in light of clearly established law and the

information they possessed at the time.

147.   Houston states that no deprivation of Plaintiff's federal rights occurred in connection with matters made the basis of this lawsuit.

148.   Houston asserts that Plaintiffs have not engaged in any protected speech under the United States or Texas Constitutions.

149.   Houston asserts that Plaintiffs have not asserted a burden on any protected speech or association under the United States or Texas Constitutions.

150.   Houston asserts it is immune from suit under the Texas Constitution.

151.   Houston invokes official, governmental, and/or qualified immunity from Plaintiffs' claims.

152.   Houston specifically and affirmatively pleads and claims all of the exemptions and exceptions from, and limitations on, suit and liability provided by the Texas Tort Claims Act, §101.001, *et seq.,* Texas Civil Practice and Remedies Code, specifically including but not limited to Sections 101.106, 101.021 and 101.057.

153.   Houston would show that it is a municipal corporation, functioning as such under a Special Charter granted it by the Legislature of the State of Texas, as well as by Article XI, Section 5, (the "Home Rule Amendment") of the Constitution of the State of Texas, and the various laws of the State of Texas germane thereto; thus, as such, by the doctrine of governmental immunity, it is not obligated by law to respond in damages for its acts and/or omissions nor for those of its agents, servants, and/or employees, incident to, resulting from, or arising or developing out of its governmental functions nor may Plaintiffs' claim benefit of any waiver of such immunity.

154.   Houston specifically and affirmatively pleads and claims all of the exemptions and exceptions from, and limitations on, liability by official immunity, and governmental immunity.

155.    Houston affirmatively alleges that any acts or omissions of its officers or agents with regard to Plaintiffs were discretionary and thus, neither Houston nor its agents or officers are liable to Plaintiffs.

156.    Houston asserts Plaintiffs' claims are barred by statute of limitations.

157.    Houston asserts that Plaintiffs' actions are the sole proximate cause of the injuries alleged, if any.

158.    Houston asserts all its acts were privileged and justified by law in every respect.

159.    Houston asserts that Plaintiffs failed to meet the substantive requirements necessary to perfect a cause of action against Houston, in that Plaintiffs failed to give the Mayor and City Council proper notice of any alleged occurrence as required by Article IX, Section 11, of the Charter of the City of Houston, Texas.  Since strict compliance with the Charter notice provision is a mandatory prerequisite, substantive in nature, to the establishment of liability against the City of Houston, and since Plaintiffs failed to properly comply with the Charter notice requirements, in that no verified notice was filed within ninety days of the incident, Plaintiff failed to state or preserve any cause of action against Houston and therefore Defendant City of Houston is not liable to Plaintiff.

160.    Houston asserts that Plaintiffs are not entitled to damages against Houston.

161.    Houston asserts that even though Plaintiffs have not stated a claim against Houston and lack standing to sue Houston, any attorneys' fees or costs awarded to Plaintiffs as prevailing parties must be assessed to the State, as Houston is sued only as a state actor under its general power to enforce state criminal laws as enacted and interpreted by the state, and not any City of Houston policy or ordinance.  *See Echols v. Parker*, 909 F.2d 795, 799 (5th Cir. 1990).

162.    Houston assets, in the alternative, that if forced to defend or litigate the

interpretation or constitutionality of statutes on behalf of the State of Texas, Houston is entitled to all the privileges and protections of Sovereign immunity under the Eleventh Amendment to the United States Constitution, and the Court lacks jurisdiction to entertain this action against Houston.

163.     Houston asserts that it has not been charged by law with any special duty in connection with the Acts challenged by Plaintiffs; nor is Houston "specifically charged with the execution of a state enactment alleged to be unconstitutional, but under the authority of which . . . they were commencing or were about to commence some specific wrong or trespass to the injury of the plaintiff's rights."

164.     Houston asserts that Plaintiffs have settled, waived, or abandoned their claims by voluntarily dismissing the Texas Attorney General as a defendant.

165.     Houston asserts this case is moot.

166.     Houston asserts that Plaintiffs claims are barred by principles of estoppel.

167.     Houston asserts that the challenged statutes are narrowly tailored under the First Amendment to the State's substantial interest in protecting property owner's while providing adequate notice to potential trespassers who may be subjected to criminal prosecution, and sufficiently specific to not be unconstitutionally vague as to those against whom the statutes may be enforced (which do not include the Plaintiffs).  *See*, *e.g.*, *Lauder, Inc. v. City of Houston*, 751 F. Supp. 2d 920 (S. D. Tex. 2010).

168.     Houston reserves the right to raise any additional defenses that become apparent through the factual and legal development of this case.

## JURY DEMAND

169.     Houston demands a trial by jury.

## RESERVATION OF RIGHTS

170.    Houston reserves the right to amend or supplement this Answer.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, the City of Houston, sued through Art Acevedo in his official capacity as Chief of Police, respectfully prays that Plaintiffs take nothing by his suit, that Defendant recover their costs; and for all other relief to which they may be entitled in equity or under law.

Date:   November 8, 2021.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

KELLY DEMPSEY
Section Chief Torts/Civil Rights

By:    */s/ Melissa Azadeh*
Melissa Azadeh
Texas Bar No. 24064851
Senior Assistant City Attorney
City of Houston Legal Department
P.O. Box 368
Houston, Texas 77002-0368
Tel. (832) 393-6270
Fax (832) 393-6259
melissa.azadeh@houstontx.gov

**ATTORNEYS FOR DEFENDANT CITY OF**
**HOUSTON THROUGH ART ACEVEDO IN**
**HIS OFFICIAL CAPACITY**

### JURY DEMANDED

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2021, a true and correct copy of the foregoing document, and any attachments, were delivered to all opposing counsel(s) by electronic filing of same in accordance with the District ECF's service rules, and alternatively via e-mail and/or facsimile transaction to:

William R. Taylor
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
wrtaylor@jonesday.com

Peter C. Canfield
JONES DAY
1420 Peachtree Street, N.E., Suite 800
Atlanta, GA 30309
pcanfield@jonesday.com

Charlotte H. Taylor
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
ctaylor@jonesday.com

Alla Lefkowitz
Everytown Law
P.O. Box 1478
Washington, D.C. 20044
alefkowitz@everytown.org

Ryan Gerber
Everytown Law
450 Lexington Avenue
P.O. Box 4184
New York, NY 10017

*Attorneys for Plaintiffs*

Moustapha Gassama
moustapha.gassama@cao.hctx.net
Christina Beeler
christina.beeler@cao.hctx.net
Harris County Attorney's Office
1019 Congress, 15th floor
Houston, TX 77002

*Attorneys for Defendants, Harris Co. DA Kim Ogg, County Attorney Vince Ryan, County Sheriff Ed Gonzalez*

William Helfand
Bill.Helfand@lewisbrisbois.com
Sean Braun
Sean.Braun@lewisbrisbois.com
LEWIS BRISBOIS
24 Greenway Plaza, Suite 1400
Houston, TX 77046

*Attorneys for Defendants, City of Webster through Acting Chief Peter Bacon*

/s/ Melissa Azadeh
Melissa Azadeh