IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BAY AREA UNITARIAN UNIVERSALIST CHURCH, ET AL., | § § § § | |
| *Plaintiffs*, | § | CIVIL ACTION NO. 4:20-CV-03081 |
| v. | § § | |
| KEN PAXTON, ATTORNEY GENERAL FOR THE STATE OF TEXAS, IN HIS OFFICIAL CAPACITY, ET AL., | § § § § § | |
| *Defendants*. | § | |

### DEFENDANTS RYAN, OGG, AND GONZALEZ'S ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants Vince Ryan, Harris County Attorney, in his official capacity, Kim Ogg, Harris County District Attorney, in her official capacity, and Ed Gonzalez, Harris County Sheriff, in his official capacity (collectively, "Defendants") file this Answer, defenses, and affirmative defenses to Plaintiffs' Original Complaint ("Complaint"). In support of said answer and defenses, Defendants would respectfully show this Court as follows:

## ANSWER

1. With respect to the first unnumbered paragraph, Defendants are without sufficient knowledge or information to admit or deny the truth of the allegations.

2. The second unnumbered paragraph contains a legal proposition, and thus, no answer is required. To the extent an answer is required, Defendants are without sufficient knowledge or information to admit or deny the truth of the remaining allegations.

3.      With respect to the third unnumbered paragraph, Defendants are without sufficient knowledge or information to admit or deny the truth of the remaining allegations.

4.      With respect to the fourth unnumbered paragraph, Defendants admit that Plaintiffs are located in Harris County, Texas. Defendants deny that there is an ongoing violation of Plaintiffs' constitutional rights. Defendants are without sufficient knowledge or information to admit or deny the truth of the remaining allegations.

5.      Defendants deny the allegations in paragraphs 1-3.

6.      With respect to paragraph 4, Defendants admit that several defendants reside in the Southern District of Texas. Defendants deny the remaining allegations.

7.      With respect to paragraph 5, Defendants admit that Plaintiff Bay Area Universalist Church is located in Harris County, Texas. Defendants are without sufficient knowledge or information to admit or deny the truth of the remaining allegations.

8.      With respect to paragraph 6, Defendants admit that Plaintiff Drink Houston Better, LLC d/b/a Antidote Coffee is located in Harris County, Texas. Defendants are without sufficient knowledge or information to admit or deny the truth of the remaining allegations.

9.      With respect to paragraph 7, Defendants deny that Ken Paxton is sued in his official capacity. Defendants are without sufficient knowledge or information to admit or deny the truth of the remaining allegations.

10.     Defendants admit the allegations in paragraph 8.

11.     Defendants deny the allegation in paragraph 9.

12.     Defendants admit the allegations in paragraph 10.

13.     With respect to paragraphs 11-12, Defendants are without sufficient knowledge or information to admit or deny the truth of the allegations.

14. Defendants deny that Kim Lemaux is sued in his official capacity.

15. Defendants admit that paragraphs 14-15 provide incomplete excerpts from Texas Penal Code § 30.05

16. Defendants deny the allegation in paragraph 16.

17. Defendants deny the allegations as stated in paragraph 17 but admit that an offense under Tex. Pen. Code Ann. § 30.05 may qualify as a Class A, Class B, or Class C misdemeanor.

18. Defendants deny the allegations as stated in paragraph 18.

19. With respect to the allegations in paragraphs 19-20, no answer is required as the paragraph contains legal propositions. To the extent an answer is necessary, Defendants deny the allegations.

20. With respect to the allegations in paragraph 21, no answer is required as the paragraph contains legal propositions. To the extent an answer is necessary, Defendants deny the allegations.

21. In respect to paragraph 22, no answer is required as the paragraph contains legal propositions. Defendants deny that the Concealed Carry Trespass Law Defines "written communication" extremely narrowly.

22. In respect to paragraph 23, no answer is required as the paragraph contains legal propositions. To the extent an answer is required, Defendants deny the allegation that under Open Carry Trespass law signs are required to be posted at each entrance to the property. Defendants admit to the remaining allegations.

23. In respect to paragraph 24, Defendants deny the allegation that the statutory language requires two distinctive signs.

24. In respect to paragraphs 25-28, Defendants are without sufficient knowledge or information to admit or deny the truth of the allegations.

25. In respect to paragraph 29, Defendants deny the allegation.

26. Defendants admit the allegations in paragraph 30.

27. Defendants admit to the allegation in paragraph 31, that a business that wants to exclude people not wearing a shirt and shoes would not do so based on statutes meant to govern individuals carrying guns.

28. Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 32.

29. In respect to paragraph 33, Defendants lack sufficient knowledge or information to form a belief about the truth of "Red Signs". Defendants Deny that there is no "exact language requirement" for signs under Tex. Gov't Code Ann. § 411.204. Defendants admit to the remaining allegations.

30. Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 34.

31. Defendants deny the allegations in paragraphs 35-36.

32. Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 37.

33. Defendants deny the allegations in paragraph 38.

34. In respect to paragraph 39, Defendants deny that the Acts impose requirements that are unjustly or unduly burdensome. Defendants lack sufficient knowledge or information to form a belief about the truth regarding the remaining allegations.

35. Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 40.

36. Defendants admit the allegations in paragraph 41.

37. Defendants lack sufficient knowledge or information to form a belief about the truth of paragraphs 42-46.

38. In respect to paragraph 47, Defendants deny that the size and language requirements are to prevent property owners from communicating "no guns" on their own terms. Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations.

39. Defendants lack sufficient knowledge or information to form a belief about the truth of paragraphs 48-50.

40. Defendants admit the allegations in paragraph 51.

41. In respect to paragraph 52, Defendants admit that notice via card does not require a Spanish translation. Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations.

42. Defendants lack sufficient knowledge or information to form a belief about the truth of paragraphs 53-55.

43. In respect to paragraph 56, Defendants admit that Bay Area Universalist Church is partly located in the City of Houston and partly in the City of Webster. Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations.

44. Defendants lack sufficient knowledge or information to form a belief about the truth of paragraphs 57-69.

45. In respect to paragraph 70, Defendants admit that Antidote Coffee Shop is located in the City of Houston. Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations.

46. Defendants lack sufficient knowledge or information to form a belief about the truth of paragraphs 71-82.

47. With respect to the allegations in paragraphs 83-84, no answer is required as the paragraphs contain legal propositions. To the extent an answer is required, the allegations are denied.

48. Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 85.

49. With respect to the allegations in paragraph 86, no answer is required as the paragraph contains legal propositions.

50. Defendants lack sufficient knowledge or information to form a belief about the truth of paragraphs 87-88.

51. With respect to the allegations in paragraphs 89-91, no answer is required as the paragraphs contain legal propositions. To the extent an answer is required, Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations.

52. Defendants lack sufficient knowledge or information to form a belief about the truth of paragraphs 92-98.

53. With respect to the allegations in paragraph 99, Defendants admit that Plaintiffs purport to incorporate by reference the allegations in the earlier paragraphs. Defendant reasserts its answers to those paragraphs.

54. Defendants admit the allegations in paragraph 100.

55. With respect to the allegations in paragraph 101, no answer is required as the paragraph contains legal propositions.

56. Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 102.

57. With respect to the allegations in paragraphs 102-113, no answer is required as the paragraph contains legal propositions. To the extent an answer is required, Defendants deny the allegations.

58. With respect to the allegations in paragraph 114, Defendants admits Plaintiffs purport to incorporate by reference the allegations in the earlier paragraphs. Defendants reassert their answers to those paragraphs.

59. Defendants admit the allegations in paragraph 115.

60. With respect to the allegations in paragraph 116, no answer is required as the paragraph contains legal propositions.

61. Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 117.

62. With respect to the allegations in paragraphs 118-119, no answer is required as the paragraph contains legal propositions. To the extent an answer is required, Defendants deny the allegations.

63. With respect to the allegations in paragraph 120, Defendants admit Plaintiffs purport to incorporate by reference the allegations in the earlier paragraphs. Defendants reassert their answers to those paragraphs.

64. Defendants admit the allegations in paragraph 121.

65. With respect to the allegations in paragraphs 122-123, no answer is required as the paragraphs contain legal propositions.

66. With respect to the allegations in paragraph 124, Defendants admit Plaintiffs purport to incorporate by reference the allegations in the earlier paragraphs. Defendants reassert their answers to those paragraphs.

67. With respect to the allegations in paragraphs 125-126, no answer is required as the paragraphs contain legal propositions.

68. Defendants deny the petitions in Plaintiffs' prayer and specifically deny that Plaintiffs are entitled to any relief.

69. Defendants deny all previously unanswered allegations contained in the Complaint.

## Defenses and Affirmative Defenses

70. Defendants assert that they are entitled to official, qualified, sovereign and/or governmental immunity.

71. Defendants state that Plaintiffs Complaint fails to state an actionable claim against Defendant under federal law.

72. Defendants assert that Plaintiffs lack standing.

73. Defendants assert that Plaintiffs have not suffered an injury in fact and failed to allege facts that demonstrate any present, past, or future harm from Defendants.

74. Defendants assert that there is no causal connection between Defendants and the statutes made the basis of this case.

75. Defendants assert that Plaintiffs alleged injuries cannot be redressed by a favorable decision against the Defendants.

76. Defendants assert that Plaintiffs failed to allege facts that demonstrate any present, past, or future harm from County Officials.

## Jury Demand

77. Defendants requests trial by jury.

78. Defendants reserve the right to amend or supplement their Answer at a later date.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiffs take nothing by their suit, that they Defendant recovers its costs and all other relief that Defendant is entitled to in law and equity.

Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY
STATE BAR NO. 24088049
christian.menefee@cao.hctx.net
**JONATHAN G.C. FOMBONNE**
FIRST ASSISTANT COUNTY ATTORNEY
STATE BAR NO. 24102702
jonathan.fombonne@cao.hctx.net
**TIFFANY S. BINGHAM**
MANAGING COUNSEL
STATE BAR NO. 24012287
tiffany.bingham@cao.hctx.net

*/s/ Moustapha Gassama*
MOUSTAPHA GASSAMA
ASSISTANT COUNTY ATTORNEY
TEXAS STATE BAR NO. 24083058
FEDERAL BAR NO. 3588433
Moustapha.Gassama@cao.hctx.net
1019 CONGRESS, 15TH FLOOR
HOUSTON, TEXAS 77002
(713) 274-5326 (telephone)
(713) 755-8924 (facsimile)

CHRISTINA M. BEELER
ASSISTANT COUNTY ATTORNEY
TEXAS STATE BAR NO. 24096124
S.D. TEX. BAR NO. 3695627
christina.beeler@cao.hctx.net
1019 CONGRESS, 15TH FLOOR
HOUSTON, TEXAS 77002
(713)-274-5345 (telephone)
(713) 755-8924 (facsimile)

**Counsel for Defendants,
Harris County Officials**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on November 8, 2021, to all counsel of record via ECF notice.

*/s/ Moustapha Gassama*
**Moustapha Gassama**
