**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **BAY AREA UNITARIAN** | § | |
| **UNIVERSALIST CHURCH;** *et al.* | § | |
| | § | |
| *Plaintiffs,* | § | |
| **v.** | § | **Civil Action No. 4:20-cv-3081** |
| | § | |
| **KEN PAXTON, Attorney General for the** | § | |
| **State of Texas, in his official capacity,** *et al.* | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANT CITY OF HOUSTON'S RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant City of Houston, sued through Art Acevedo, Chief of Police, in his Official Capacity, respectfully files this Motion to Dismiss under Rule 12(c), Fed. R. Civ. P., for failure to join a necessary party, and lack of subject matter jurisdiction due to the Plaintiffs' voluntary dismissal of claims against the State officials from this action.

### NATURE AND STAGE OF THE PROCEEDINGS

Plaintiffs, a Unitarian Universalist church, and a coffee shop, brought this civil rights suit challenging the constitutionality of Texas Penal Code § 30.06 which creates trespass crimes for concealed handgun license holders, and Texas Penal Code § 30.07, which create trespass crimes for openly carried handgun license holders. [Doc. #1 at ¶20.] Plaintiffs claim to challenge "the constitutionality of the heightened speech requirements imposed by the Statutes on their face and as applied to Plaintiffs." [Doc. # 1 at 3.] Plaintiffs do not claim they are subject to prosecution under either statute. The statutes neither compel nor restrict speech or expression. Texas Penal Code §§ 30.07, -.07. The statutes do not alter the continuing right of property owners to exclude any person they choose individually, by "oral or written communication." [Doc. #1 at ¶21.]

Instead, the statutes allow Plaintiffs to give notice to licensed gun carriers by posting specific

signage, such that anyone who disobeys the warning will be guilty of criminal trespass.  Plaintiffs

concede that, "Notice via signage is thus the safest, most feasible, and most cost-effective method

of providing notice to potential trespassers." [Doc. #1 at ¶43.]  Plaintiffs recognize that signage is

the only feasible way, and least burdensome way, to exclude protected gun carriers from their

property such that they may be subject to criminal trespass charges for noncompliance.[1] [Doc. #1

at ¶43.]

Plaintiffs originally sued the following Defendants:

1.  Texas Attorney General, Ken Paxton, in his official capacity; Kim Lemaux, presiding

    officer for the Texas Commission on Law Enforcement (TCOLE), responsible for the

    administration, training, licensing, and examinations of law enforcement personnel in

    Texas, (collectively "**State Officials**").

2.  Harris County District Attorney Kim Ogg, as the party responsible for prosecuting

    felonies occurring in Harris County, including violations of the challenged statutes;

    Harris County Attorney Vince Ryan, allegedly responsible for prosecuting

    misdemeanor violations of the statutes; Harris County Sheriff Ed Gonzalez, as

    responsible for enforcing criminal violations of the statutes in Harris County

    (collectively "**County Officials**").

3.  Chief of Police for the City of Webster Police Department, allegedly responsible for

---

[1] Doc. #1 at ¶43, stating "In practice, posting a sign will be the only practicable option for property owners to effectively exclude guns from their property.  Giving individual notice by oral communication or card to anyone carrying a gun risks physical confrontation and, in any event, is unworkable, particularly where the individual is carrying a concealed weapon.  The alternative of providing individual oral or written notice to every person who enters the property is just as impracticable and exceedingly burdensome.  Indeed, the only way for an owner to realistically comply with such a requirement would be to incur an additional financial burden in hiring an employee specifically dedicated to providing oral notice to each customer who enters the property.  Even then, this person would be required to engage in potentially dangerous one-on-one confrontations with individuals carrying weapons."

enforcing criminal violations of the Statutes in the City of Webster; and Chief of Police

for the City of Houston Police Department, allegedly responsible for enforcing criminal

violations of the Statutes in the City of Houston (collectively "**Municipal**

**Defendants**").

[Doc. #1 at ¶¶7-13.]

The Defendants variously moved to dismiss Plaintiffs' claims. [Docs. #28, #38, #42, #52.]

Defendant City of Houston moved to dismiss under Rules 12(b)(1) and (b)(6), Fed. R. Civ. P.,

arguing the lawsuit presents no justiciable controversy, Plaintiffs lack standing to obtain relief

against Houston or at all, Plaintiffs' claims, if any, are not ripe, and Plaintiffs fail to state a claim

under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). [Doc. #42 at

1-2.]  In response, Plaintiffs mistakenly argued the Municipal Defendants, including the City of

Houston, are proper defendants under section 1983 and *Ex parte Young*, 209 U.S. 123, 155–56

(1908), because they are allegedly enforcing state law, and Plaintiffs only seek prospective

declaratory and injunctive relief.  [Doc. #57 at 16, 32.]

On August 27, 2021, the Court entered an Order finding that Plaintiffs adequately alleged

an as-applied First Amendment challenge of Texas Penal Code §§30.06, 30.07, against the Texas

State Officials.  [Doc. #68 at 12.]  The Court dismissed the facial challenge because Plaintiffs

failed to establish a sufficient injury.  *Id.* at 14.  The claims against the County Officials were

proper insofar as they operate as state officials when enforcing the Statutes.  *Id.* at 20.  Although

only state statutes are being challenged, the Court allowed Plaintiffs to proceed against the County

Officials and Municipal Defendants because they only seek injunctive and declaratory relief.  *Id.*

at 21.

The State Officials filed notice of interlocutory appeal to the Fifth Circuit.  [Doc. #78,

09/16/2021.]

On September 24, 2021, the Plaintiffs voluntary dismissed the State Officials, Texas Attorney General Ken Paxton and Kim Lemaux, from the case. [Doc. #81.] On October 15, 2021 the State Officials' appeal was dismissed by the Fifth Circuit Court of Appeals. [Doc. #87.] The Court subsequently denied the Municipal Defendants' motion to certify the constitutional question for interlocutory appeal. [Doc. # 99.]

All the parties remaining in the case are purportedly sued for injunctive purposes only, based on their general duty to enforce the laws of the State of Texas. None of the remaining parties are authorized or able to address the constitutionality of State laws. None can provide the Plaintiffs any relief.

## ISSUES PRESENTED

1. Whether the Plaintiffs' voluntary dismissal of the State Officials requires dismissal of this action against the remaining parties, who were joined only for prospective injunctive relief ancillary to the constitutional challenge asserted against the State Officials.

2. Whether the Court lacks subject matter jurisdiction.

## SUMMARY OF THE ARGUMENT

The only claim that survived the Defendants' motions to dismiss was an as-applied First Amendment challenge of Texas Penal Code §§30.06, 30.07 alleged against the State Officials; and related prospective declaratory and injunctive relief against the County Officials and Municipal Defendants under *Ex parte Young*. The Plaintiffs subsequently dismissed with prejudice the State Officials from this case, and with them the only claim deemed sufficient by this Court. Plaintiffs cannot obtain the relief they seek from the remaining parties. The remaining parties are unable to defend the constitutionality of state laws or rewrite them. Under Rules 12(b)(7) and 19(b), this

case should be dismissed for failure to join an indispensable party.  Because the Court found

Plaintiffs failed to allege an injury supporting a facial challenge, and Plaintiffs do not claim to be

subject to actual or threatened arrest by the Municipal Defendants, or actual or threatened

prosecution by the County Officials, the case should also be dismissed for lack of subject matter

jurisdiction under Rule 12(b)(1), Fed. R. Civ. P.

This case does not present a case or controversy required under Article III.  Plaintiffs seek

an advisory opinion rewriting the state's laws to secure the hypothetical prosecution of others,

without a legally cognizable right to do so.

**ARGUMENT AND AUTHORITIES**

**<u>Rule 12(c) Standard</u>**

After the pleadings are closed, a party may move for judgment on the pleadings.  Fed. R.

Civ. P. 12(c).  A motion brought pursuant to Fed. R. Civ. P. 12(c) is designed to dispose of cases

where the material facts are not in dispute and a judgment on the merits can be rendered by looking

to the substance of the pleadings and any judicially noticed facts.  *Great Plains Tr. Co. v. Morgan

Stanley Dean Witter & Co*., 313 F.3d 305, 312 (5th Cir. 2002).  The standard for deciding a Rule

12(c) motion is identical to that of Rule 12(b)(6).  *Id.* at 313 n.8.  To survive a motion to dismiss,

a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that

is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007).  A claim is plausible on its face only "when the pleaded factual content

allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145, 148 (5th Cir. 2010) (quoting

*Ashcroft*, 556 U.S. at 678).

"When considering a motion to dismiss, the court accepts as true the well-pled factual

5

allegations in the complaint and construes them in light most favorable to the plaintiff." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see also U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375, 379 (5th Cir. 2003) (citation omitted).  However, courts are not bound to accept as true "threadbare recitals of the elements of a cause of action, supported by mere conclusory statement," or legal conclusions couched as factual assertions.  *Ashcroft*, 556 US at 678; *see also Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) ("Plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim").  Thus, dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief.  *Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 300 F.3d 620, 624 (5th Cir. 2001) (quoting *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)); *see also Hale*, 642 F.3d at 499.

Furthermore, at the motion to dismiss phase, a court may consider documents appended to the complaint.  *Red Hook Communications I, L.P. v. On-Site Manager, Inc.*, 700 Fed. Appx. 329, 332 (5th Cir. 2017) (*citing Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)).  Similarly, documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to its claim.  *Id.* If the attachments reveal facts which foreclose recovery as a matter of law, dismissal is appropriate."  *Id.* (*citing Ass'd Builders, Inc. v. Ala. Power Co*., 505 F.2d 97, 100 (5th Cir. 1974).  Conclusory allegations that are contradicted by facts in documents appended to the complaint are especially not entitled to a presumption of truth.  *Carter v. Target Corp*., 541 Fed. Appx. 413, 417 (5th Cir. 2013) (*citing Ass'd Builders, Inc.*, 505 F.2d at 100).  Indeed, where the allegations in the complaint are contradicted by facts established by documents attached as exhibits to the complaint, the court may properly disregard the allegations.  *Residents Against Flooding v. Reinvestment Zone*

*No. Seventeen, City of Houston, Tex.*, 260 F. Supp. 3d 738, 757 (S.D. Tex. 2017), a*ff'd sub nom.*

*Residents Against Flooding v. Reinvestment Zone No. Seventeen*, 734 Fed. Appx. 916 (5th Cir.

2018).

**Failure to Join a Necessary Party**

Failure to join a person required by Rule 19(b) may be raised by a motion under Rule 12(c).

Fed R. Civ. P. 12(h)(2)(b).  A person who is subject to service of process and whose joinder will

not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party

in the action if (1) in the person's absence complete relief cannot be accorded among those already

parties, or (2) the person claims an interest relating to the subject matter of the action and is so

situated that the disposition of the action in the person's absence may (i) as a practical matter impair

or impede the person's ability to protect that interest or (ii) leave any of the persons already parties

subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by

reason of the claimed interest. Fed. R. Civ. P. 19(a).  *Soberay Mach. & Equip. Co. v. MRF Ltd.*,

181 F.3d 759, 761 (6th Cir. 1999).

If a person is found to meet one of the criteria set forth in 19(a), the person is to be joined

if feasible and the issue of whether the court may exercise personal jurisdiction over the person

arises.  If personal jurisdiction is present, the person shall be joined.  However, in the absence of

personal jurisdiction, or if venue as to the person is improper, the court must proceed to the third

step which involves an analysis under 19(b) to "determine whether in equity and good conscience

the action should proceed among the parties before it, or should be dismissed, the absent person

thus regarded as indispensable."  Fed. R. Civ. P. 19(b).  An analysis under 19(b) requires

consideration of four factors: (1) to what extent a judgment rendered in the person's absence might

prejudice the person or those already parties; (2) the extent to which the prejudice can be lessened

or avoided; (3) whether a judgment rendered in the person's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. *See id.*

There is no prescribed formula for determining whether a party is indispensable and abundant case law supports the proposition that the rule is to be applied on a case-by-case basis. *Niles-Bement-Pond Co. v. Iron Moulders Union*, 254 U.S. 77, 80 (1920); *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118-19 (1968) (finding that "the decision whether to dismiss (i.e., the decision whether the person missing is 'indispensable') must be based on factors varying with the different cases, some such factors being substantive, some procedural, some compelling by themselves, and some subject to balancing against opposing interests").

**Plaintiffs' Voluntarily Dismissal of an Indispensable Party**

When a plaintiff mounts a constitutional challenge against a particular state statute, the proper defendant is typically the state official charged with enforcing the statute. *See Diamond v. Charles*, 476 U.S. 54, 64 (1986). The power to create and enforce a legal code, both civil and criminal, is one of the quintessential functions of a state. *Id.* Because the State alone is entitled to create a legal code, only the State has the kind of "direct stake" in defending the standards embodied in that code. *Id.* at 56. In Texas, the Attorney General is the state official charged with enforcing the law and the safeguards of the Texas and United States constitutions.[2]

Plaintiffs primarily sued the Texas Officials, asserting claims against the County Officials and Municipal Defendants solely for prospective injunctive relief based on their general duty to

---

[2] The Attorney general is charged with "Safeguarding the freedoms of Texans as guaranteed by the United States and Texas constitutions." Tex. Gov't Code § 402.010, LEGAL CHALLENGES TO CONSTITUTIONALITY OF STATE STATUTES. See also https://www.texasattorneygeneral.gov/about-office/duties-responsibilities. The Attorney General must receive notice of and has a right to intervene in all actions challenging the constitutionality of a state statute. Tex. Gov't Code § 402.010. The attorney general "shall prosecute and defend all actions in which the state is interested before the supreme court and courts of appeals." Tex. Gov't Code § 402.021.

enforce the penal laws of Texas.  The Court deemed Plaintiffs' as-applied First Amendment

challenge valid against the State Officials only, and none was stated or deemed sufficiently pled

against either the County Officials or the Municipal Defendants.  Plaintiffs, in response to the

Defendants' motions, insisted these County and Municipal Defendants were properly sued for

prospective injunctive relief only under *Ex parte Young*, although Municipal Defendants are never

subject to suit under *Ex parte Young* as they are not arms of the state.  *See Monell v. Dep't of Soc.*

*Srvs. of City of New York*, 436 U.S. 658, 690 (1978).  The Court determined the County Officials

and Municipal Defendants were proper ancillary parties, for prospective injunctive relief only.

After the Court ruled on the motions to dismiss, and the State Officials appealed, Plaintiffs

voluntarily dismissed the State Officials with prejudice.  Because Plaintiffs voluntarily abandoned

their claims against the State Officials, there remains no valid claim in this case.  The remaining

Defendants are neither authorized nor equipped to interpret or defend the constitutionality of the

challenged Statutes, and without the state, Plaintiffs cannot be accorded complete relief.  *Shields*

*v. Barrow*, 58 U.S. 130, 139 (1854).  *See Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) ("the

power to create and enforce a legal code, both civil and criminal" is one of the quintessential

functions of a State…. And "only the State has the kind of "direct stake" necessary in defending

the standards embodied in that code.) *See Echols v. Parker*, 909 F.2d 795, 799 (5th Cir. 1990) (any

award of attorneys' fees and costs as a prevailing party challenging constitutionality of a state law

must be taxed against the state).

The State is not always an indispensable party to a state law constitutional challenge.[3]

Sometimes County officials, as arms of the state, "may be joined as a defendant to a suit to restrain

---

[3] *See* Fed. R. Civ. P. 5 (requiring notice be provided to the Attorney General in any action challenging a state law, with an opportunity to intervene before any state law is declared unconstitutional).

the enforcement of an allegedly unconstitutional statute if that official 'by virtue of his office has some connection with the enforcement of the act," *Ex parte Young*, 209 U.S. 123, 157 (1908), "other than [their] general duty to ensure the laws are faithfully executed."

In this case, however, the Attorney General was the only proper party to the suit.  Although County Officials generally prosecute the criminal laws of Texas, subjecting them to suit for prospective injunctive relief in an appropriate case, such a case is not presented by Plaintiffs here. Plaintiffs do not challenge their actual or threatened prosecution under the challenged penal statutes, such that prospective injunctive relief against any of the remaining Defendants might be appropriate or afford the Plaintiffs relief.  The Municipal Defendants, including Houston, are never properly sued under *Ex parte Young* because they are not an arm of the state.  *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978) (discussing circumstances in which "municipalities and other local government units" can be liable under section 1983); *Los Angeles Cnty., Cal. v. Humphries*, 562 U.S. 29, 39 (2010) (clarifying that *Monell's* "policy or custom" requirement for imposing municipal liability applies not just to damages actions, but also to suits for prospective relief).

Furthermore, Plaintiffs seek declaratory relief regarding the constitutionality of State statutes, not any rule or ordinance of the City of Houston.  [Doc. #42 at 1-2.]  Plaintiffs fail to allege that Houston has any connection with the enforcement of the statute other than its general police duties, which Plaintiffs do not claim impacted them in any legally cognizable way. Plaintiffs concede the Municipal Defendants' Police Departments neither enforced nor threatened enforcement of these criminal trespass laws against Plaintiffs, nor can the statutes be enforced against the Plaintiffs, even hypothetically.  [Doc. #42 at 1-2; Doc. #102.]  Houston does not enforce any signage requirements for satisfying notice under the challenged statutes, nor are these

permissive provisions enforceable against anyone.  [Doc. #102 at ¶¶ 11, 12, 131, 132-140.]  As a result, all claims against the City of Houston sued through its Chief of Police must be dismissed, "even though the remedy sought [may be] only injunctive and declaratory relief."  *Diamond v. Charles*, 476 U.S. at 64-65.

Finally, Plaintiffs recognize that notice by using a sign is the ***only*** practical alternative to individual verbal or written notice to potential trespassers.  Plaintiffs only complain about the aesthetics of the signs that qualify to provide notice under the statutes, that multiple signs are required to give notice to various gun-holders protected by various Texas laws, and that they do not want to be publicly branded as "anti-gun" establishments by posting these large and obvious signs (large and obvious enough to give constitutionally adequate notice to would be trespassers subject to criminal prosecution up to and including felonies).  Because Plaintiffs do not present an actual or threatened harm by either the County Officials or Municipal Defendants, like the plaintiff in *Diamond*, Plaintiffs' "attempt to maintain the litigation is, then, simply an effort to compel the State to enact a code in accord with [Plaintiffs'] interests."  *Diamond v. Charles*, 476 U.S. at 64-65 (emphasis added).  Plaintiffs cannot do so, having dismissed the State Officials from this case.

Having dismissed an indispensable party from this suit, and because Plaintiffs do not purport to state any claim against either the County Officials or the Municipal Defendants independently to those that can only be addressed by the indispensable party, this case should be dismissed against Houston.  *Soberay Mach. & Equip. Co. v. MRF Ltd.*, 181 F.3d 759 (6th Cir. 1999) (Dismissal of plaintiff's suit was proper where plaintiff's dropping of an indispensable party from the suit in order to satisfy diversity jurisdiction prejudiced defendant; the suit could not, in equity, proceed without that party); *Miller v. Klasner*, 19 N.M. 21 (Mex. 1914) (Where a party's right to relief he sought depended upon a determination of his rights as against a third person, his

11

rights could not be determined without that person being joined, she was an indispensable party and judgment without her was vacated.).

## The Court Lacks Subject Matter Jurisdiction

A district court's obligation to consider a challenge to its jurisdiction is non-discretionary. When the defendant challenges the jurisdiction of the district court in an appropriate manner, that court has a duty of making further inquiry as to its own jurisdiction. *In re Gee*, 941 F.3d 153, 159 (5th Cir. 2019). Federal courts are under an independent obligation to examine their own jurisdiction, and standing is perhaps the most important of the jurisdictional doctrines. *Id.* at 159 (citing *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231, (1990)). This obligation applies to each statute being challenged. *In re Gee*, 941 F.3d at 159, citing *Lewis v. Casey*, 518 U.S. 343, 358 (1996). Plaintiffs must establish standing for each and every statutory provision they challenge. *In re Gee*, 941 F.3d at 160, citing *Gill v. Whitford*, 138 S. Ct. 1916, 1934 (2018).

"[P]laintiffs can seek judicial review of state laws and regulations *only* insofar as they show a plaintiff was (or imminently will be) *actually* injured by a particular legal provision. []. It is not enough, the [Supreme] Court held, that the plaintiffs or the district court identified a constitutional problem with the [provisions]. []. Nor could the plaintiffs identify one injury and then bootstrap it to complain about others." *In re Gee*, 941 F.3d 153, 160 (5th Cir. 2019) (emphasis original; citations omitted) (discussing the Supreme Court's holding in *Lewis v. Casey*, 518 U.S. 343, 358 (1996)).

Actual injuries are critical to jurisdiction because,

> "under our constitutional system[,] **courts are not roving commissions assigned to pass judgment on the validity of the Nation's laws**." *Broadrick v. Oklahoma*, 413 U.S. 601, 610-11, 93 S. Ct. 2908, 37 L. Ed. 2d 830 (1973). Instead, federal courts are limited to deciding "cases" and "controversies." U.S. CONST. art. III, § 2. **Indeed, "[n]o principle is more fundamental to the judiciary's proper role in our system of**

12

> **government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies."** *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 37, 96 S. Ct. 1917, 48 L. Ed. 2d 450 (1976).  And "[t]o state a case or controversy under Article III, a plaintiff must establish standing." *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 132, 131 S. Ct. 1436, 179 L. Ed. 2d 523 (2011).  Therefore, in the absence of standing, the court has no "power to declare the law." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514, 19 L. Ed. 264 (1868)).  **The distinction between the courts and the political branches "would be obliterated if, to invoke intervention of the courts, no actual or imminent harm were needed, but merely the status of being subject to a governmental institution that was not organized or managed properly."** *Lewis*, 518 U.S. at 350.

*In re Gee*, 941 F.3d 153, 161 (5th Cir. 2019) (emphases added).

Here, Plaintiffs seek an advisory opinion rewriting state penal laws to secure the hypothetical prosecution of others.  "The Supreme Court has repeatedly emphasized the rule that Article III jurisdiction is always an antecedent question because ***hypothetical jurisdiction produces nothing more than a hypothetical judgment***."  *In re Gee*, 941 F.3d 153, 156 (5th Cir. 2019) (citations omitted, emphasis added).

The Court previously found the Plaintiffs sufficiently alleged an injury in the form of deprivation of their free speech right as a result of the Statutes' "heightened notice requirements." *Id.* at 13.  However, an injury in fact must be the result of the statute's enforcement, actual or threatened.  *California v. Texas*, 141 S. Ct. 2104, 2114 (2021).  The challenged signage provisions create a presumption of notice subjecting citizens to criminal prosecution for trespassing, regardless of whether they saw the sign(s) or were personally asked to leave the property.  A penal law establishing a presumption of notice through the posting of inconspicuous, vague, signage of the type Plaintiffs might prefer, without additional oral or written notice, would violate due process and fail constitutional scrutiny as to those prosecuted pursuant to it (who would have standing to challenge it).  *See Johnson v. United States*, 135 S.Ct. 2551 (2015) (the prohibition of vagueness

13

in criminal statutes violates the due process clause because a vague statute does not give ordinary people fair notice of conduct it punishes or is so standardless that it invites arbitrary enforcement.); *Diamond v. Charles*, 476 U.S. at 56 (The conflict between State officials empowered to enforce a law and private parties subject to prosecution under that law is a classic "case" or "controversy" within the meaning of U.S. Const. art. III.).

Plaintiffs agree that the signage provisions serve a valid interest but want to secure the prosecution of ***others*** under the statutes with different, less conspicuous signs. "A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 56 (quoting *Linda R. S.* v. *Richard D.*, 410 U.S. 614, 619 (1973)); *see also Leeke* v. *Timmerman*, 454 U.S. 83 (1981); *Sure-Tan, Inc.* v. *NLRB*, 467 U.S. 883 (1984); *Younger* v. *Harris*, 401 U.S. 37, 42 (1971); *Bailey* v. *Patterson*, 369 U.S. 31, 33 (1962). Cf. *Allen* v. *Wright*, 468 U.S. 737, 754 (1984) ("[An] asserted right to have the Government act in accordance with law is not sufficient, standing alone, to confer jurisdiction on a federal court"). This Court previously concluded that "Plaintiffs must comply with the notice requirements in order to receive the benefit of police protection." [Doc. #68 at 14.] However, Plaintiffs do not allege that they were denied police protection or imminently could be, or that they are required to post any signage at all. Under Texas's general trespass laws, as well as Texas Penal Code §§30.06, 30.07, Plaintiffs may exclude whomever they wish, and those persons are subject to prosecution for trespass. *Id.* at 14. Irrespectively, "Article III requires more than a desire to vindicate value interests. It requires an "'injury in fact'" that distinguishes a person with a ***direct stake*** in the outcome of a litigation, even though small, from a person with a mere interest in the problem. Where a party has an interest, but no direct stake, that abstract concern does not substitute for the concrete injury required by art. III." *Diamond v. Charles*, 476 U.S. at 56. Like the plaintiff

14

in *Diamond*, Plaintiffs' "attempt to maintain the litigation is, then, simply an effort to compel the State to enact a code in accord with [Plaintiffs'] interests." *Id.* at 64-65. Because Plaintiffs challenge only the allegedly "heightened" speech requirements to satisfy alternative notice that could support the hypothetical criminal prosecution of another and have dismissed the only party against whom such a claim would lie, the Court lacks subject matter jurisdiction over the case.

PRAYER

Defendant City of Houston, sued through Art Acevedo, Chief of Police, in his official capacity, respectfully prays that the Honorable Court grant this Motion and dismiss all Plaintiffs' claims against it with prejudice.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

KELLY DEMPSEY
Section Chief Torts/Civil Rights

By:    /s/ *Melissa Azadeh*
MELISSA AZADEH
Texas Bar No. 24064851
Senior Assistant City Attorney
City of Houston Legal Department
900 Bagby Street, 4th Floor
Houston, Texas 77002
Tel. 832-393-6270
Fax 832-393-6259
melissa.azadeh@houstontx.gov

**ATTORNEYS FOR DEFENDANT CITY OF HOUSTON SUED THROUGH ART ACEVEDO, CHIEF OF POLICE, IN HIS OFFICIAL CAPACITY**

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of December 2021, a true and correct copy of the foregoing document was duly served upon each party to this cause by electronically filing same with the District CM/ECF system, and/or alternatively by e-mail or facsimile transmission, to the following:

William R. Taylor
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
wrtaylor@jonesday.com

Peter C. Canfield
JONES DAY
1420 Peachtree Street, N.E., Suite 800
Atlanta, GA 30309
pcanfield@jonesday.com

Charlotte H. Taylor
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
ctaylor@jonesday.com

Alla Lefkowitz
Everytown Law
P.O. Box 1478
Washington, D.C. 20044
alefkowitz@everytown.org

Ryan Gerber
Everytown Law
450 Lexington Avenue
P.O. Box 4184
New York, NY 10017
rgerber@everytown.org

*Attorneys for Plaintiffs*

Moustapha Gassama
moustapha.gassama@cao.hctx.net
Christina Beeler
christina.beeler@cao.hctx.net
Harris County Attorney's Office
1019 Congress, 15th floor
Houston, TX 77002

William Helfand
Bill.Helfand@lewisbrisbois.com
Sean Braun
Sean.Braun@lewisbrisbois.com
Lewis Brisbois
24 Greenway Plaza, Suite 1400
Houston, TX 77046

*Attorneys for Defendants, Harris Co.*
*DA Kim Ogg, County Attorney Vince Ryan,*
*County Sheriff Ed Gonzalez*

*Attorneys for Defendants, City of*
*Webster through Acting Chief Peter*
*Bacon*

*/s/ Melissa Azadeh*
Melissa Azadeh

16