IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BAY AREA UNITARIAN § <br> UNIVERSALIST CHURCH; *et al.* § <br> § <br> *Plaintiffs,* § <br> v. § <br> § <br> KEN PAXTON, Attorney General for the § <br> State of Texas, in his official capacity, *et al.* § <br> § <br> *Defendants.* § | Civil Action No. 4:20-cv-3081 |

**DEFENDANT CITY OF HOUSTON'S REPLY IN SUPPORT OF ITS RULE 12(c)
MOTION FOR JUDGMENT ON THE PLEADINGS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

The City of Houston, sued through its Chief of Police in his Official Capacity, respectfully files this Reply to Plaintiffs' Response to the City's Motion for Judgment on the Pleadings:

**A. Plaintiffs' attempt to avoid the Courts' consideration of jurisdiction and parties**

Plaintiffs misinterpret Houston's Rule 12(c) motion for judgment on the pleadings as merely ***rehashing*** his previous arguments, and improperly suggest that the motion was brought because the case was reassigned to a new judge. [Doc. 120 at 2.] Unlike a Rule 12(b) motion, a motion for judgment on the pleadings under Rule 12(c) is considered by looking to the defendant's pleadings as well as the plaintiff's. Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002) (citations omitted). **"A motion brought pursuant to Federal Rule of Civil Procedure 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."** *Id.*

Rule 12(c) states that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12©. "[T]he pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered reply), unless a counterclaim, crossclaim, or third-party claim is interposed." *Mandujano v. City of Pharr*, No. 18-40561, __ Fed. Appx. __ | 2019 WL 3026853, 2019 U.S. App. LEXIS 20432, at *5 (5th Cir. 2019). Thus, Houston could not have filed a Rule 12(c) motion before filing its answer on November 8, 2021 [Docs 102 and 103.]

Houston's prior motion did not challenge the dismissal of the State as an indispensable party because the State was still a party at the time. Plaintiffs only dismissed the State defendants after they filed notice of interlocutory appeals. [Docs., 77, 78, 81.]

The rules expressly permit a motion under Rule 12(c) considering all pleadings to be filed at any time after the pleadings are closed. Furthermore, a party may raise either the failure to join an indispensable party or lack of subject matter jurisdiction at any time. Fed. R. Civ. P. (b)(7), (h)(2)-(3)). Thus, Houston's motion does not rehash arguments and the Court could not have previously considered them.

Finally, Plaintiffs ignore that the Court may consider its subject matter jurisdiction may at any time, with or without a motion. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

**B. <u>State as a Party</u>**

Plaintiffs' suggestion that the State was only sued to provide it notice and the option to intervene is disingenuous and contradicted by the record. [Doc. 120 at 5.] Plaintiffs admit they dismissed the State defendants rather than continue to litigate their immunity. Id. Plaintiffs vehemently opposed the State defendants' motions to dismiss, however, which also asserted sovereign immunity. [Docs. No. 28 and 57.] Plaintiffs only dismissed the State defendants after

they filed notices of interlocutory appeal [Doc. 81] after the State filed notice of interlocutory appeal as of right, avoiding the Fifth Circuit's review of their claim and subject matter jurisdiction. [Doc. 77 and 78.] Plaintiffs chose to proceed instead against defendants who their counsel has stated cannot afford the Plaintiffs complete relief even by stipulating what is already true – that the Houston police neither enforce the challenged statutes nor consider signage for purposes of any trespass call for service. Plaintiffs apparently understood this when they dismissed the County Attorney because, upon review, he does not prosecute criminal cases. [Exhibit 1, Doc. No. 116.] Houston's police chief is not responsible for prosecuting any cases and is an equally improper party.

### C. **Plaintiffs fail to address the argument that Houston is not an arm of the state**

Houston's motion argued that its officials are not state officials and may only be sued for deprivations of federal rights by action taken pursuant to an official *municipal* policy [Doc. 115]. Plaintiffs did not respond to the argument, effectively abandoning their claims against the City. *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (the plaintiff's "failure to pursue [a] claim beyond [the] complaint constitute[s] abandonment." (citation omitted)); *Brackens v. Ocwen Loan Servicing, LLC*, No. 3:13-CV-3458, 2015 WL 1808541, at *4 (N.D. Tex. Apr. 21, 2015) ("Because Plaintiff failed to address Defendant's arguments in a response, he has abandoned his wrongful foreclosure claim."); *Chavez v. Alvarado*, No. H-21-867, 2021 U.S. Dist. LEXIS 136568, at *13 (S.D. Tex. 2021) (Rosenthal, C. J.) (plaintiffs effectively abandoned claims by not responding to arguments raised by defendant's motion to dismiss).

*Ex parte Young*'s limited exception applies to enjoin only state officials enforcing state laws that violate federal law. *See Ex parte Young*, 209 U.S. 123, 155-56 (1908).

> *Ex parte Young* represents an equitable exception to Eleventh Amendment sovereign immunity. 209 U.S. at 155-56. The doctrine **allows plaintiff to sue a**

3

**state official**, in his official capacity, in seeking to enjoin enforcement of a state law that conflicts with federal law. *See id.* at 159-60.

*Air Evac EMS, Inc. v. Tex., Dep't of Ins., Div. of Workers' Comp.*, 851 F.3d 507, 515-16 (5th Cir. 2017).

Rather than address this argument, Plaintiffs continue to argue, "That makes no sense. *Ex parte Young* provides that state sovereign immunity is no bar to a suit against a **state official** for injunctive relief; it nowhere says that such relief can be obtained only against state officials." [Doc. 120 at 9. *See also* Doc. 57 at 33, arguing "… Plaintiffs seek prospective, injunctive relief. And "a state official in his or her official capacity, when sued for injunctive relief, [is] a person under § 1983."]

It is well settled that a municipality such as Houston is not subject to suit, even for prospective injunctive relief, as an arm of the state—or based on its general law enforcement duties. The Supreme Court held, and has since clarified, that the "policy or custom" requirement for imposing municipal liability applies not just to damages actions, **but also to suits for prospective relief**. This means a policy or custom of the municipality, **not the state laws generally**. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978) (discussing circumstances in which "municipalities and other local government units" can be liable under section 1983); *Los Angeles Cnty., Cal. v. Humphries*, 562 U.S. 29, 39 (2010) (clarifying that *Monell*'s "policy or custom" requirement for imposing municipal liability applies not just to damages actions, but also to suits for prospective relief). The Supreme Court has distinguished municipal entities from state officials and arms of the state. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989) ("States are protected by the Eleventh Amendment while municipalities are not, Monell, 436 U.S., at 690, n. 54, and we consequently limited our holding in Monell "to local government units which are not considered part of the State for Eleventh Amendment

4

purposes," ibid.  Conversely, our holding here does not cast any doubt on *Monell* and applies only to States or governmental entities that are considered "arms of the State" for Eleventh Amendment purposes.") (citing *Mt. Healthy Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977).

To reiterate, Houston's Police Chief is not a state official or an arm of the state subject to suit under *Ex parte Young*.  *See, e.g., Echols v. Parker*, 909 F.2d 795, 801 (5th Cir. 1990) (holding the state could not avoid liability by claiming its officials to be *local, like the City of Houston*, and therefore not subject to suit as arms of the state.)[1]  Plaintiffs do not address binding authority allowing a municipality to be sued only for its own policies, customs, and practices, and holding that municipalities are not arms of the state.  Plaintiffs cannot identify *a single case* in which a municipal official who neither enacted a challenged law, nor enforced a law against the plaintiff, was sued in such a capacity.

Plaintiffs inexplicably misconstrue Houston's arguments as asserting Sovereign Immunity under the Eleventh Amendment, claiming entitlement to sue the City either under *Ex parte Young* as an arm of the state, or alternatively "in equity" because the City would not enjoy sovereign immunity.  [Doc 120 at 9-10.]  Plaintiffs apparently confuse the state action standard under 42 U.S.C. 1983 to mean that all governmental actors are state officials subject to suit under *Ex parte Young*.  Although county officials, for instance, may sometimes act as state officials, and sometimes as county officials, depending on whether they are enforcing state or county policies

---

[1] The Court explained:

> Thus, the State cannot dissociate itself from actions taken under its laws **by labeling those it commands to act as local officials.**  A county official pursues his duties as a state agent when he is enforcing state law or policy.  He acts as a county agent when he is enforcing county law or policy. It may be possible for the officer to wear both state and county hats at the same time, *see id.* at 431, but when a state statute directs the actions of an official, as here, the officer, be he state or local, is acting as a state official. Thus, the district court correctly ordered the State of Mississippi to pay Echols' § 1988 attorney's fees.

Echols v. Parker, 909 F.2d 795, 801 (5th Cir. 1990).

5

and laws, the City of Houston can *never* be a state official.  See, e.g., *Daves v. Dallas Cnty.*, __ F.4th __ , 2022 U.S. App. LEXIS 547, 2022 WL  (5th Cir. Jan. 7, 2022) (When the statutory county judges and the district judges made a bail schedule, they acted as officers of the state judicial system, not on behalf of the county, and thus, they could not create liability for the county for those actions.)

D.  **Plaintiffs have not alleged Houston's connection to enforcement under *Ex Parte Young***

*Ex parte Young* and its progeny do not allow the Plaintiffs to sue every governmental entity within their geographic jurisdiction.  The Fifth Circuit has held the most relevant limitation to the *Ex parte Young* exception to state sovereign immunity is that "*Ex parte Young* requires defendants have "some connection" to the state law's enforcement **and** threaten to exercise that authority.  *Ex parte Young*, 209 U.S. at 157."  *Air Evac EMS, Inc. v. Tex., Dep't of Ins., Div. of Workers' Comp.*, 851 F.3d 507, 516-17 (5th Cir. 2017) (emphasis added).  "*Ex parte Young* requires that the state actor "threaten" or "commence" proceedings to enforce the unconstitutional act…"  *Id.* at 518-19 (citing *Ex parte Young*, 209 U.S. at 157).  See also *California v. Texas*, 141 S. Ct. 2104, 2114 (2021) (actual prosecution also required to establish standing).

Plaintiffs boldly misrepresent that Houston's Police Chief is an appropriate party because,

> all *Ex parte Young* requires is that the defendant "ha[ve] some connection with the enforcement of the [challenged] act.  *Air Evac EMS, Inc. v. Tex. Dep't of Ins., Div. of Workers' Comp.*, 851 F.3d 507, 519 (5th Cir. 2017) (quoting *Ex parte Young*, 209 U.S. 123, 157 (1908)).

[Doc. 120 at 8].

The very case Plaintiffs purport to quote defeat their argument.  The Fifth Circuit has interpreted "*Ex parte Young*'s "some connection" language to require a defendant to have a **"special relation"** or **"close connection"** to the challenged statute's enforcement.  *Air Evac EMS, Inc. v. Tex., Dep't of Ins., Div. of Workers' Comp.*, 851 F.3d 507, 518 (5th Cir. 2017), quoting

6

Okpalobi v. Foster, 244 F.3d 405, 413-19 (5th Cir. 2001) (en banc) (lead plurality requiring a "special relation" to "threatened enforcement") (citing *Ex parte Young*, 209 U.S. at 157; *Fitts v. McGhee*, 172 U.S. 516, 529 (1899)). "[E]nforcement" for purposes of suit under *Ex parte Young* is defined as involving "compulsion or constraint" – neither of which are alleged roles of the Houston police with respect to the challenged statutes. *Air Evac EMS, Inc.*, 851 F.3d at 518 (quoting *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010)).

It is undisputed that Houston Police neither compel the Plaintiffs to post signage nor constrain their use or nonuse of signage. [Doc. Nos. 1, 102, 103.] Notably, not a single case Plaintiffs cite involves a municipal defendant sued as an arm of the state; not a single defendant was properly sued without having enforced or threatened enforcement of an unconstitutional provision against the plaintiffs.

### E. Plaintiffs' response further demonstrates their lack of standing or a claim

The connection to enforcement required to sue a state official for prospective injunctive relief is distinct from the three-part test for standing, which Plaintiffs' response fails to address. Plaintiffs' reliance on *Estate of Macias v. Ihde*, 219 F.3d 1018, 1028 (9th Cir. 2000) is unpersuasive and misplaced. Houston does not dispute that government may not intentionally discriminate against protected classes in the provision of police services or otherwise, but Plaintiffs do not allege discrimination, nor are they part of any protected class. Instead, Plaintiffs complain about optional signage unrelated to any Houston rule or ordinance that does not infringe on any constitutional right of the Plaintiffs. Plaintiffs complain the statute conditions police protection for property owners "on their agreement to engage in excessively burdensome government-scripted speech." [Doc. 57 at 21; Doc. 1 at ¶¶55, 68, 87.]

Plaintiffs claim they are losing police protection because the statutes are being enforced against others, but conceded they have no constitutional right to police protection. [Doc. 120 at

7

10-11, Doc. 57 at 31.] Plaintiffs state no plausible facts showing that their signage influences police discretion and Houston's answer demonstrates that it does not. [Docs. 107, 108.] Plaintiffs admit the Houston police were never called to their property for suspected trespass of any kind, and do not allege that the Houston police relied on the challenged statutes to decline them police protection. The Plaintiffs, again, present no basis for their position that the City of Houston has any role in constraining or compelling Plaintiffs' property signage. Plaintiffs may post any sign they choose. The only consequence of not placing the specified signage is that gun carriers with the right to carry guns in public places under Texas law may not be prosecuted from criminal trespass based on the specific written notice provision. They may be prosecuted for trespass, nonetheless. None of these hypothetical scenarios infringe on any constitutionally protected right of Plaintiffs. *In re Gee*, 941 F.3d 153, 156 (5th Cir. 2019) (citations omitted, emphasis added) ("Article III jurisdiction is always an antecedent question because hypothetical jurisdiction produces nothing more than a hypothetical judgment.").

**F. <u>Unchallenged laws protecting the right to carry guns in public places in Texas</u>**

Qualifying or licensed gun carriers have an almost unlimited right, under Texas law, to carry their guns in public places in Texas.[2] Plaintiffs have not challenged the laws guaranteeing those rights, yet they claim entitlement to treat those protected gun carriers as any other would-be "trespasser." [Doc. No. 120 at 2.] Despite being a church and coffee shop that are open to the public, Plaintiffs complain that no such signage requirement is required to exclude any other would-be trespasser who is not expressly permitted by Texas law to enter public places. [Doc 120 at 2-3.] Plaintiffs may exclude gun carriers however they choose and have no constitutional right

---

[2] Gun carriers have an almost unlimited right, under Texas law, to carry their guns in public places in Texas. HB 1927, enacted 06/16/2021 E Effective on 9/1/21, As of September 1st, 2021, HB 1927 removed the requirement to have a "license to carry" in order to carry a handgun in Texas. However, private properties such as restaurants and businesses can still prohibit the carry of firearms on the property if they choose.

to either police protection or to secure the prosecution of others, with or without signage. *California v. Texas*, 141 S. Ct. 2104, 2114 (2021); *Diamond v. Charles*, 476 U.S. 54, 56 (quoting Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973)); *see also Leeke v. Timmerman*, 454 U.S. 83 (1981); *Sure-Tan, Inc. v. NLRB*, 467 U.S. 883 (1984); *Younger v. Harris*, 401 U.S. 37, 42 (1971); *Bailey v. Patterson*, 369 U.S. 31, 33 (1962). *Cf. Allen v. Wright*, 468 U.S. 737, 754 (1984) ("[An] asserted right to have the Government act in accordance with law is not sufficient, standing alone, to confer jurisdiction on a federal court").

    Respectfully submitted,

    **ARTURO G. MICHEL**
    **City Attorney**

    KELLY DEMPSEY
    Section Chief Torts/Civil Rights

By:   /s/ *Melissa Azadeh*
    MELISSA AZADEH
    Texas Bar No. 24064851
    Senior Assistant City Attorney
    City of Houston Legal Department
    900 Bagby Street, 4th Floor
    Houston, Texas 77002
    Tel. 832-393-6270
    Fax 832-393-6259
    melissa.azadeh@houstontx.gov

    **ATTORNEYS FOR DEFENDANT CITY OF HOUSTON SUED THROUGH ART ACEVEDO, CHIEF OF POLICE, IN HIS OFFICIAL CAPACITY**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of February 2022, a true and correct copy of the foregoing document was duly served upon each party to this cause by electronically filing same with the District CM/ECF system, and/or alternatively by e-mail or facsimile transmission, to the following:

William R. Taylor
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
wrtaylor@jonesday.com

Peter C. Canfield
JONES DAY
1420 Peachtree Street, N.E., Suite 800
Atlanta, GA 30309
pcanfield@jonesday.com

Charlotte H. Taylor
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
ctaylor@jonesday.com

Alla Lefkowitz
Everytown Law
P.O. Box 1478
Washington, D.C. 20044
alefkowitz@everytown.org

Ryan Gerber
Everytown Law
450 Lexington Avenue
P.O. Box 4184
New York, NY 10017
rgerber@everytown.org

*Attorneys for Plaintiffs*

Moustapha Gassama
moustapha.gassama@cao.hctx.net
Christina Beeler
christina.beeler@cao.hctx.net
Harris County Attorney's Office
1019 Congress, 15th floor
Houston, TX 77002

*Attorneys for Defendants, Harris Co. DA Kim Ogg, County Attorney Vince Ryan, County Sheriff Ed Gonzalez*

William Helfand
Bill.Helfand@lewisbrisbois.com
Sean Braun
Sean.Braun@lewisbrisbois.com
Lewis Brisbois
24 Greenway Plaza, Suite 1400
Houston, TX 77046

*Attorneys for Defendants, City of Webster through Acting Chief Peter Bacon*

*/s/ Melissa Azadeh*
Melissa Azadeh