# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| BAY AREA UNITARIAN UNIVERSALIST CHURCH; DRINK HOUSTON BETTER, LLC d/b/a ANTIDOTE COFFEE; PERK YOU LATER, LLC, <br><br> *Plaintiffs*, <br><br> v. <br><br> KIM OGG, District Attorney for Harris County, in her official capacity; ED GONZALEZ, County Sheriff for Harris County, in his official capacity; PETE BACON, Acting Chief of Police for the Webster Police Department, in his official capacity; TROY FINNER, Chief of the Houston Police Department, in his official capacity, <br><br> *Defendants*. | CIVIL ACTION NO. 4:20-cv-3081 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION TO COMPEL DISCOVERY RESPONSES**

I.     **INTRODUCTION AND SUMMARY**

Defendant Chief of Police for the Webster Police Department Pete Bacon ("Webster") has refused to produce relevant documents and provide adequate answers to Plaintiffs' discovery requests. This motion raises two issues. First, Plaintiffs requested that Webster produce police records that are directly relevant to Plaintiffs' First Amendment claims. Webster has already identified those records, but refuses to produce them unless Plaintiffs first pay for Webster to redact information implicating unspecified "privacy interests." Plaintiffs explained to Webster that, with the entry of a protective order, up-front redaction would be unnecessary, and so neither Plaintiffs nor Webster itself need incur any redaction costs at this point. But Webster—alone among the Defendants—continues to demand that Plaintiffs pay thousands of dollars for (unnecessary) redaction before it will produce these relevant records. In doing so, it both ignores the presumption that the producing party bear the cost of production and refuses to acknowledge that the protective order offers a ready solution to the supposed redaction difficulties. With the protective order in place, Webster cannot establish that the requested production would constitute an "undue burden" on Webster, because Webster can simply mark documents as confidential and completely avoid redactions at this stage. This Court should put a stop to Webster's obstructionist ploy and order Webster to produce the relevant documents in its possession.

Second, Webster offered blanket denials to Plaintiffs' straightforward requests for admission. One of Plaintiffs' interrogatories asked Webster to explain the bases for its denials—a type of contention interrogatory that the federal rules expressly permit. Instead of fairly responding to that interrogatory, Webster vaguely invoked work-product protection and stated that it was unable to admit any of the requests for admission "as worded." That is not an adequate response. Webster was required to fully answer that interrogatory, and courts have explained that

denials of requests for admission "as worded"—without further explanation—are improper. The federal rules also make clear that contention interrogatories do not violate work-product protection.

The Court should grant Plaintiffs' motion to compel, and order Webster to produce records without requiring Plaintiffs to pay for redactions and to fully and adequately respond to the at-issue interrogatory.

## II.     NATURE AND STAGE OF THE PROCEEDINGS

### A. Case Background

If a Texas property owner would like to post a sign providing notice to a would-be trespasser that entry is forbidden, the general rule in Texas is that the sign must be "reasonably likely to come to the attention of intruders." Tex. Penal Code Ann. § 30.05. Texas, however, imposes heightened and burdensome notice requirements on property owners who wish to exclude those carrying firearms. In that scenario, a property owner can obtain the protections of criminal trespass law and police enforcement of that law only if they post at least three large and wordy signs containing government-scripted speech that take up over ten square footage of valuable property-front space. Tex. Penal Code § 30.05(c) (sign for carriers of unlicensed firearms); Tex. Penal Code § 30.06 (sign for concealed-carry license holders); Tex. Penal Code § 30.07 (sign for open-carry license holders). This viewpoint- and content-based approach—intentionally designed to impose burdens on those seeking to exclude gun-carrying individuals—infringes on property owners' First Amendment rights, as explained in Plaintiffs' complaint and various briefing to this Court. *See* ECF Nos. 1, 57, 120.

Plaintiffs here—a church and a coffee shop—wish to exclude individuals carrying guns from entering their property and want to do so without posting the burdensome signs. Because Plaintiffs' properties are located in the cities of Houston and Webster, Plaintiffs sued the local officials charged with enforcing these Texas trespass laws, including, among other parties, the

Acting Chief of the Webster Police Department Pete Bacon. Plaintiffs' as-applied First Amendment claim survived Defendants' various motions to dismiss. *See* ECF No. 68 at 9–27 (decision holding that Plaintiffs have standing to sue each of the Defendants and that Plaintiffs' complaint has "stated a compelled speech claim," "an unconstitutional conditions claim," and "a plausible free association claim."). The parties have now proceeded to discovery, which is set to close on September 1, 2022. ECF No. 126.

### B. Discovery at Issue

On April 12, 2022, Plaintiffs served Requests for Production on Webster (copy attached to accompanying Declaration of William R. Taylor as Exhibit A). Those requests (and Webster's responses) state in relevant part:

- Request For Production # 1: "Produce, and identify by Bates number, documents sufficient to identify the number of arrests under Sections 30.05, 30.06, or 30.07 for the last five years, including: (i) defendant name and crime(s) allegedly committed; (ii) whether the defendant was alleged to have a firearm; and (iii) what type of trespass notice was provided and whether it was legally sufficient." **Response: "Because the City does not maintain records in a manner that allows it to search and locate responsive documents to the request as structured, the City will make all records of calls for police service and any discoverable arrest records requested by Plaintiff for the last five years, from which this information may be derived to the extent it was recorded by an officer at the time, available for inspection and copying at the Webster Police Department at a mutually agreed time. However, the cost of locating, redacting as required by law, and producing any copies requested will be substantial and must be borne by Plaintiffs."**

- Request For Production #2: "Produce, and identify by Bates number, any incident report, case files, or other documentation referencing trespass calls, arrests, or other law enforcement events related to Sections 30.05, 30.06, or 30.07 for the last five years." **Response: [Same as above].**

Plaintiffs also served Requests for Admission (copy attached as Exhibit B), to which Webster responded with blanket denials. For example, Webster responded:

- Request For Admission # 1: "Admit that You are responsible for enforcing the Texas Penal Code in the City of Webster." **Response: "Deny."**

- Request For Admission # 2: "Admit that the Wester Police Department does not arrest individuals without probable cause to believe that they have violated the law." **Response: "Deny."**

- Request For Admission # 3: "Admit that signs conforming to the notice criteria set out in Sections 30.05(c), 30.06, and 30.07 are not provided by any governmental agency." **Response: "Deny."**

Finally, Plaintiffs served Interrogatories (copy attached as Exhibit C), one of which asked:

- Interrogatory # 7: "For each denial, in whole or in part, in Plaintiffs' Requests for Admission, describe in detail the basis for such denial." **Response: "While this request arguably seeks to invade work-product privilege, Defendant could not admit any of the requests for admission as worded."**

After Webster served its responses to these requests, the parties conferred. In an effort to "narrow the field of police call records to a manageable amount for a document production," Plaintiffs provided a list of search terms to Webster. *See* Ex. D (Parties' communications). These search terms were specifically targeted to capture police records relating to gun signage and trespass crimes—records relevant, in part, to test Webster's assertion that it does not "treat[] calls for service related to trespassing differently based on whether the complainant displays the [no-gun] signs." *Id.* According to Webster, those search terms "generated 1,300+ hits, none of which relate to the legal issue [Plaintiffs] have presented." *Id.* Webster provided no further explanation so to why those records did not "relate to the [relevant] legal issue." *Id.* And it offered to produce the documents only if Plaintiffs paid the costs associated with redacting those documents based on unspecified "privacy interests unique to non-parties." *Id.* Plaintiffs responded that the parties already had agreed to seek a protective order, and that protective order would allow Webster to produce the documents without redacting them in advance. *Id.* Specifically, Plaintiffs explained that the protective order could cover solely the information that, in Webster's view, presents confidentiality issues, and Plaintiffs would then make appropriate redactions before any documents were filed publicly. *Id.* Webster nonetheless refused to produce the documents unless

4

Plaintiffs pre-paid for redaction, contending that the protective order is unnecessary because "[u]pon proper redaction, the documents [requested] are public records." *Id.* Webster also refused to provide an amended response to Interrogatory # 7, on the basis that "any explanation or rationale as to why the City may have denied a particular request for admission beyond what we have already answered would invade the attorney work product privilege." *Id.* Because the parties have now reached an impasse on these issues, Plaintiffs file this motion to compel.

## III.    ISSUES PRESENTED

The first issue presented is whether Webster has met its burden to show that redacting the requested police records would impose on it an "undue burden or expense" such that the costs should be shifted to Plaintiffs, when redaction is unnecessary given the parties' agreed-upon protective order. *S. Capitol Enterprises, Inc. v. Conseco Servs., L.L.C.*, 04-cv-040, 2005 WL 8155415, at *2 (M.D. La. Oct. 6, 2005); *Samsung Elecs. Am. Inc. v. Chung*, 325 F.R.D. 578, 590 (N.D. Tex. 2017).

The second issue presented is whether Webster should be required to fairly respond to an interrogatory asking for it to explain the bases for its denials of Plaintiffs' requests for admission, when courts have held that those interrogatories are proper and do not invade work-product protection. *E.g.*, *Lamar Advert. Co. v. Zurich Am. Ins. Co.*, No. 18-cv-1060, 2020 WL 448243, at *5 (M.D. La. Jan. 28, 2020); *Dennis v. United States*, No. 3:16-cv-3148, 2017 WL 4778708, at *9 (N.D. Tex. Oct. 23, 2017).

## IV.    ARGUMENT

The federal rules permit parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence

5

to be discoverable." *Id.* Under Rule 37, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1).

Here, Webster contends that Plaintiffs must pre-pay for its redaction costs, and that it need not respond to Interrogatory # 7 because doing so would invade work-product protection. Neither of those propositions has merit, so the Court should grant Plaintiffs' motion to compel.

### A. Plaintiffs Are Not Required To Pre-pay The Costs Of Needlessly Redacting Webster's Records.

As an initial matter, Webster's attempt to require Plaintiffs to pay for redaction costs as a precondition to producing already-identified documents has no basis in the federal rules. "A party resisting discovery must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Samsung Elecs. Am. Inc. v. Chung*, 325 F.R.D. 578, 590 (N.D. Tex. 2017). "[T]he presumption is that the responding party must bear the expense of complying with discovery requests." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978); *see also Benson v. St. Joseph Reg'l Health Ctr.*, No. 04-cv-04323, 2006 WL 1407744, at *1 (S.D. Tex. May 17, 2006) ("[T]he general rule is that the party responding to a discovery request should bear the cost."). "[C]ost-shifting may be considered only when it imposes an 'undue burden or expense' on the responding party." *S. Capitol Enterprises, Inc. v. Conseco Servs., L.L.C.*, 04-cv-040, 2005 WL 8155415, at *2 (M.D. La. Oct. 6, 2005). The burden is on the responding party to "overcome the presumption that it should bear the cost of this discovery." *Id.* at *3.

Webster cannot meet that burden here. Specifically, Webster need not incur *any* of the complained-of redaction costs, given that the parties have agreed to a protective order that would protect any sensitive information. *See* ECF No. 128-1. So Webster need not redact *anything* before producing the records to Plaintiffs, and Plaintiffs themselves can perform any redactions,

6

based on Webster's confidentiality designations, if they ever seek to file those documents with the Court. *Id.* at 3 (providing that the filing party, with the consent of the producing party, will "file only a redacted copy of the information"). Courts routinely enter protective orders in order to resolve similar discovery disputes. *See, e.g.*, *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 438 (N.D. Tex. 2016) (overruling a discovery-request objection that was based on the confidential and sensitive nature of the requested records and ordering the parties "to negotiate an appropriate confidentiality agreement or protective order" to address those confidentiality concerns). Thus, Webster has failed to demonstrate any burden, let alone an undue burden, in producing the requested documents. *See Proctor & Gamble Co. v. S.C. Johnson & Son, Inc.*, No. 9:08-cv-143, 2009 WL 440543, at *1 (E.D. Tex. Feb. 19, 2009) (courts consider the "ability of each party to control costs" when determining whether cost-shifting is appropriate).

Webster's only response is to suggest that the protective order is "unnecessary" because the documents are "public records," and Webster "will not advocate for sealing properly redacted public records." Ex. D. But Webster cannot have it both ways. If some of the information is sensitive, then a protective order *is* "necessary" and Webster can produce the unredacted documents pursuant to that order. If none of the information is sensitive, then a protective order is, indeed, "unnecessary" and Webster can simply produce the unredacted documents. Either way, the parties need not incur redaction expenses prior to production. Webster cannot use a Catch-22 approach to avoid the production of relevant documents.

### B. Webster Should Be Required To Respond To Interrogatory # 7.

Equally baseless is Webster's refusal to adequately answer Interrogatory # 7. Rule 33 permits a party to serve written interrogatories relating "to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). Plaintiffs' Interrogatory #7 asked: "For each denial,

in whole or in part, in Plaintiffs' Requests for Admission, describe in detail the basis for such denial." Ex. C. Webster has blanketly denied RFAs seeking basic information—such as requests for it to admit that it enforces the Texas Penal Code and does not arrest individuals without probable cause—but refuses to explain why it cannot admit those seemingly uncontroversial propositions.

Courts routinely permit interrogatories that seek explanations for denials of requests for admission. *See, e.g.*, *Superior Sales W., Inc. v. Gonzalez*, 335 F.R.D. 98, 105 (W.D. Tex. 2020) (permitting plaintiff to serve interrogatories "which seek the evidentiary bases of" defendant's "denials to the requests for admission"); *Lamar Advert. Co. v. Zurich Am. Ins. Co.*, No. 18-cv-1060, 2020 WL 448243, at *5 (M.D. La. Jan. 28, 2020) (requiring party to "explain the factual bases for its denials" of requests for admission in response to an interrogatory requesting the same).

Indeed, Interrogatory # 7 is a "contention interrogatory"—it "ask[s] for a recitation of the facts on which a . . . denial is based." *Dennis v. United States*, No. 3:16-cv-3148, 2017 WL 4778708, at *9 (N.D. Tex. Oct. 23, 2017); *see also Lamar*, 2020 WL 448243, at *5 (construing materially identical interrogatory as a contention interrogatory). And "contention interrogatories are a perfectly permissible form of discovery." *Krawczyk v. City of Dallas*, No. 3:03-cv-0584, 2004 WL 614842, at *5-6 (N.D. Tex. Feb. 27, 2004); *see also* Steven S. Gensler, Lumen N. Mulligan, *Fed. R. of Civ. Pro., Rules and Commentary, Rule 33* (February 2020 update) ("Contention interrogatories are clearly permitted.").

In refusing to adequately respond to Interrogatory # 7, Webster suggests that Plaintiffs "arguably seek[] to invade work-product privilege." Ex. C. But that vague, "[b]lanket assertion" is insufficient—Webster has the "burden of proof sufficient to substantiate" its claim of work-product protection. *Enron Corp. Sav. Plan v. Hewitt Assocs., L.L.C.*, 258 F.R.D. 149, 160 (S.D.

8

Tex. 2009); *see also Alpert v. Riley*, 267 F.R.D. 202, 208 (S.D. Tex. 2010). And Webster could not meet that burden even if it tried. Rule 33 itself states that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33(a)(2). Thus, "[p]arties cannot avoid answering contention interrogatories by arguing that their contentions are protected as work-product." Gensler & Mulligan, *Fed. R. of Civ. Pro., Rules and Commentary, Rule 33* (collecting cases); *see also Dennis*, 2017 WL 4778708, at *9 ("Contention interrogatories [that] ask for a recitation of the facts on which a . . . denial is based" are "not protected work product").[1]

Likewise insufficient is Webster's statement that "Defendant could not admit any of the requests for admission *as worded*." Ex. C (emphasis added). That does not "fully" respond to the Interrogatory. *See* Fed. R. Civ. P. 33(b)(3) ("Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."). Additionally, a "denial of a request for admission 'as written' without further explanation is evasive." *Janko v. Fresh Mkt., Inc.*, No. 13-cv-648, 2015 WL 4714928, at *2 (M.D. La. Aug. 5, 2015); *see also Adelman v. Dallas Area Rapid Transit*, No. 3:16-cv-2579, 2017 WL 11552662, at *2 (N.D. Tex. Oct. 5, 2017) (explaining that "denials to requests for admission should not be made vague and evasive by the addition of qualifying language" such as denied "as written"); *Logan v. Smithfield Foods, Inc.*, No. 05-cv-0766, 2009 WL 10694793, at *2 (S.D. Tex. Mar. 12, 2009) ("blanket denial[s]" of requests for admission are insufficient). If Webster's denials "are partial in nature, and based on particular language contained in the requests for admission," then Webster "must identify, in good faith, the

---

[1] Indeed, the "party resisting discovery based on work-product protection has the burden of establishing," among other things, that "the materials at issue are documents or tangible things." *Alpert*, 267 F.R.D. at 208. Interrogatory # 7 asks for "the basis for [each] denial," not for the production of documents or tangible things.

9

extent to which it admits the requests for admission." *Janko*, 2015 WL 4714928, at *2; *see also* Fed. R. Civ. P. 36(a)(4) ("A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest."). Webster's failure to do so here is improper.

Accordingly, the Court should require Webster to adequately respond to Plaintiffs' Interrogatory # 7.

**V.      CONCLUSION**

For the above reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' motion to compel discovery from Webster.

Dated: July 15, 2022

Alla Lefkowitz
*Admitted pro hac vice*
Andrew Nellis
*Admitted pro hac vice*
EVERYTOWN LAW
P.O. Box 14780
Washington, DC 20044
Telephone: (202) 545-3257, ext. 1007
alefkowitz@everytown.org
anellis@everytown.org

Ryan Gerber
*Admitted pro hac vice*
Laura Keeley
*Admitted pro hac vice*
EVERYTOWN LAW
450 Lexington Avenue
P.O. Box 4184
New York, NY 10017
Telephone: (646) 324-8198
rgerber@everytown.org
lkeeley@everytown.org

Respectfully submitted,

*/s/ William R. Taylor*
William R. Taylor
Attorney-in-Charge
TX State Bar No. 24070727
JONES DAY
717 Texas
Suite 3300
Houston, Texas 77002
Telephone: +1.832.239.3860
Facsimile: +1.832.239.3600
wrtaylor@jonesday.com

Peter C. Canfield
*Admitted pro hac vice*
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309
Telephone: +1.404.521.3939
Facsimile: +1.404.581.8330
pcanfield@jonesday.com

Charlotte H. Taylor
*Admitted pro hac vice*
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Telephone: +1.202.879.3939
Facsimile: +1.202.626.1700
ctaylor@jonesday.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF CONFERENCE**

I hereby certify the following: On May 18, 2022 at 3:30 pm CT, the parties conferred via telephone about the discovery disputes in this motion. Andrew Nellis, Ryan Gerber, and Charlotte Taylor, for Plaintiffs, and Justin Pfeiffer, for Webster, participated in the conference. The parties then subsequently exchanged emails on June 1, June 7, June 15, July 6, and July 8, 2022. *See* Ex. D. The parties could not agree about the disposition of the motion.

*/s/ William R. Taylor*
William R. Taylor

**CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2022, I electronically filed a true and correct copy of the foregoing with the Clerk of the District Court of the Southern District of Texas by using the CM/ECF system, which will send notification to all participants in the case who are registered CM/ECF users.

*/s/ William R. Taylor*
William R. Taylor