United States District Court
Southern District of Texas
**ENTERED**
July 25, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Bay Area Unitarian Universalist Church; Drink Houston Better, LLC d/b/a Antidote Coffee; Perk You Later, LLC,<br><br>*Plaintiffs,*<br><br>v.<br><br>Kim Ogg, District Attorney for Harris County, in her official capacity; Ed Gonzalez, County Sheriff for Harris County, in his official capacity; Pete Bacon, Acting Chief of Police for the Webster Police Department, in his official capacity; Troy Finner, Chief of the Houston Police Department, in his official Capacity,<br><br>*Defendant* | Case No. 4:20-cv-03081 |

## MEMORANDUM AND ORDER

Plaintiffs filed a Motion to Compel Discovery Responses (Dkt. 129) against Defendant Pete Bacon, Acting Chief of Police for the Webster Police Department ("Webster"). Plaintiffs seek an order compelling Webster to produce documents responsive to certain requests for production and to amend

and supplement its response to an interrogatory. For the reasons set forth below, Plaintiffs' motion is granted.

## Background

Plaintiffs propounded requests for production ("RFPs"), requests for admission ("RFAs") and interrogatories on Webster. Webster's responses to each type of discovery are at issue here.

First, Plaintiffs seek an order compelling Webster to produce documents identified in response to their RFPs No. 1 and 2, which read:

> REQUEST FOR PRODUCTION NO. 1: Produce, and identify by Bates number, documents sufficient to identify the number of arrests under Sections 30.05, 30.06, or 30.07 for the last five years, including: (i) defendant name and crime(s) allegedly committed; (ii) whether the defendant was alleged to have a firearm; and (iii) what type of trespass notice was provided and whether it was legally sufficient.
>
> REQUEST FOR PRODUCTION NO. 2: Produce, and identify by Bates number, any incident report, case files, or other documentation referencing trespass calls, arrests, or other law enforcement events related to Sections 30.05, 30.06, or 30.07 for the last five years.

Dkt. 130-1 at 3. Webster did not raise any objection to these RFPs. Rather, it provided identical responses to both RFPs:

> Because the City does not maintain records in a manner that allows it to search and locate responsive documents to the request as structured, the City will make all records of calls for police service and any discoverable arrest records requested by Plaintiff for the last five years, from which this information may be derived to the extent it was recorded by an officer at the time, available for inspection and copying at the Webster Police Department at a mutually agreed time. **However, the cost of locating,**

2

> **redacting as required by law, and producing any copies requested will be substantial and must be borne by Plaintiffs.**

*Id.* (emphasis added).

Plaintiffs attempted to negotiate the production of these documents. But Webster refused to produce any documents unless Plaintiffs pre-paid $5,700 to reimburse it for potential redaction costs. Dkt. 130-4 at 6; Dkt. 137 at 3. Webster also declined to join the protective order entered into by Plaintiffs and other defendants. Plaintiffs reasoned that the protective order would prevent public filing or use of any confidential information and obviate the need for redaction. Dkt. 130-4 at 3. But Webster stated that "there is no need for a protective order to cover public information" such as the information Plaintiffs sought in discovery. *Id.* According to Webster, the only solution was "proper redaction," after which point the documents were "public records" that could be produced and used without sealing. *Id.*

Next, Plaintiffs seek an order compelling Webster to respond to their Interrogatory No. 7, which asks Webster to "describe in detail the basis for" any RFA that it denied. Dkt. 130-3 at 4. Because Webster categorically denied each of Plaintiffs' twelve RFAs, without objection or explanation, the interrogatory sought an explanation for those denials. *See* Dkt. 130-2 (Webster's responses to RFAs). Webster refused to meaningfully answer the

interrogatory, asserting it "arguably seeks to invade work-product privilege," and that the RFAs could not be admitted-to "as worded." Dkt. 130-3 at 5.

Because the parties were also unable to resolve these disputes, Dkt. 130-4 at 3-6, Plaintiffs filed a motion to compel. Dkt. 129. Webster responded, and Plaintiffs replied. Dkts. 136, 137. A hearing was held on July 22, 2022.

## Analysis

I. **Webster is ordered to produce documents responsive to Requests for Production Nos. 1 and 2.**

   A. **Webster cannot shift the costs of discovery.**

Webster's responses to RFPs No. 1 and 2 contain no objections. They simply state that Webster's organization of files will require "locating, redacting as required by law, and producing any copies," and Plaintiffs "must" bear the cost. Dkt. 130-1 at 3. Webster's responses do not state any basis for the redactions being "required by law," nor do they provide any authority for fee-shifting its discovery burden onto Plaintiffs. *Id.* Webster's response to the motion to compel is similarly devoid of any authority that entitles it to fee-shift. Dkt. 136 at 5. Nonetheless, Webster has refused to provide responsive documents until Plaintiffs pre-pay the redaction costs.

Webster's refusal to produce documents has no basis in the Federal Rules of Civil Procedure. Cost-shifting is the exception, not the rule. *Benson v. St. Joseph Reg'l Health Ctr.*, 2006 WL 1407744, at *1 (S.D. Tex. May 17, 2006)

("[T]he general rule is that the party responding to a discovery request should bear the cost."). And even when a specific condition may be appropriate to limit disproportionate discovery, Rule 26(b)(2)(B) places the burden of showing that a discovery request imposes an "undue burden or cost" on the party resisting discovery—*i.e.*, Webster.

In its responses to RFP Nos. 1 and 2, Webster did not object to the relevance of the information sought or the proportional benefit of its production to its cost. That omission alone warrants concluding that Webster waived those objections. *See Re/MAX Int'l, Inc. v. Trendsetter Realty, LLC*, 2008 WL 2036816, at *6 (S.D. Tex. May 9, 2008) ("Courts have held that Rule 34 implicitly incorporates both the waiver and 'good cause' provisions of Rule 33(b)(4)). Although Webster attempted to raise those objections belatedly at the hearing, it failed to substantiate them with any analysis of the information sought with respect to the claims and defenses at issue. Because Webster has not shown good cause for resisting discovery or for cost-shifting, it must produce information responsive to RFPs No. 1 and 2 and must bear its own costs in doing so.

### B. The parties should negotiate the need and extent of necessary redactions to comply with confidentiality requirements.

Webster has also invoked the Texas Public Information Act ("TPIA"), Tex. Gov't Code Ann. § 552.001, *et seq.* to insist that certain information must

be redacted before any documents can be produced. Dkt. 136 at 6-8. According to Webster, Section 552.352 requires redaction because it provides that an official "commits an offense if the person distributes information confidential under the terms of this chapter." *See id.* Plaintiffs respond by citing another TPIA provision that disallows reliance on its subparts to avoid discovery:

> EFFECT OF CHAPTER ON SCOPE OF CIVIL DISCOVERY. (a) This chapter does not affect the scope of civil discovery under the Texas Rules of Civil Procedure.
>
> (b) Exceptions from disclosure under this chapter do not create new privileges from discovery.

Tex. Gov't Code Ann. § 552.005; Dkt. 137 at 2.

Although Section 552.005 makes clear that the TPIA does not permit Webster to resist discovery altogether, *see Piatt v. City of Austin*, 2008 WL 11334173, at *4 (W.D. Tex. Sept. 29, 2008) (rejecting City's assertion of TPIA privilege as basis for withholding documents from discovery), that does not fully resolve the question of whether any confidential information must be redacted before documents are produced. Section 552.005 specifies that a party cannot avoid discovery by invoking TPIA-*created* confidentiality obligations. But the TPIA also includes a catch-all provision that references information "considered to be confidential by law, either constitutional, statutory, or by judicial decision." Tex. Gov't Code Ann. § 552.021. And, as Webster notes, improper disclosure of such information could result in criminal penalties. *Id.*

6

§ 552.352; *see also, e.g.*, Office of the Att. Gen., State of Tex., Open Records Decision No. 676, Tex. Atty. Gen. Op. ORD 676, 2002 WL 31827950, at *2 (Nov. 30, 2002) ("Section 552.101's language of 'confidential by law, either constitutional, statutory, or by judicial decision' refers to information that a governmental body may not choose to release, and the improper disclosure of which results in criminal penalties under the Act.") (citing Tex. Gov't Code Ann. §§ 552.007, 552.352).

Thus, if redaction of certain information is necessary to comply with other law—like birth dates, information about informants, and juvenile criminal records—then the parties should negotiate a mechanism to address such confidential information in a protective order. That is especially appropriate at this stage because Webster's categorical refusal to produce documents responsive to RFPs No. 1 and 2 did not identify any specific documents or information that would be deemed confidential under Texas law. What Webster cannot do, however, is to condition its production on a demand that Plaintiffs bear redaction costs. *See supra* Part I.A.

## II. **Webster is ordered to amend and supplement its response to Interrogatory No. 7.**

Finally, Webster has failed to articulate any objection or tenable grounds for resisting Interrogatory No. 7, which seeks an explanation for each RFA that Webster denied. Webster argues that it has satisfied its obligation to respond

7

to the RFAs pursuant to Fed. R. Civ. P. 36. Dkt. 136 at 9-11. Additionally, Webster argues that it cannot admit or deny the RFAs without conducting a legal analysis. *Id.* at 11. Webster's arguments are unpersuasive.

Rule 36 governs Webster's responses to Plaintiffs RFAs but does not provide a basis for resisting related interrogatories. Rather, the controlling rule states that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33(a)(2). Thus, a contention interrogatory does not invade work-product privilege, as it is "precisely the sort contemplated by Fed. R. Civ. P. 33(a)(2)." *Ill. Union Ins. Co. v. La. Health Serv. & Indem. Co.*, 2017 WL 2955355, at *2 (E.D. La. Apr. 13, 2017).

Despite lodging *no* objections to the RFAs, Webster responded to Interrogatory No. 7 evasively by stating that it could not admit to the RFAs "as worded." Dkt. 130-3 at 5. Under the Rules, Webster's objection is not valid. Contention interrogatories seeking factual explanations for RFA responses are permissible and common. *See, e.g.*, *United States v. Austin Radiological Assoc.*, 2014 WL 1056520, at *6 (W.D. Tex. Mar. 19, 2014) (ordering party to respond to following interrogatory for each denial of a request for admission: "To the extent that ARA's Responses to the Requests for Admission served concurrently with these interrogatories include anything other than unqualified admissions, please explain in detail the basis for each response");

*Lang v. DirecTV, Inc.*, 2011 WL 446288, at *2 (E.D. La. Feb. 3, 2011) (ordering party to "supplement its response to" an interrogatory that requested "(a) the facts upon which the denials were based; (b) the identity of the persons with knowledge of the facts; and (3) any documents supporting the answer," which the party had simply answered "by referring to its response to the first two requests for admissions"). Accordingly, Webster must amend its response to Plaintiffs' Interrogatory No. 7 and provide the factual bases for denying the RFAs, or otherwise identify specific objections to the RFAs' phrasing.

## Conclusion

For the foregoing reasons, Plaintiffs' Motion to Compel (Dkt. 129) is **GRANTED**. Webster is **ORDERED** to produce documents responsive to Requests for Production Nos. 1 and 2 and to amend its response to Plaintiffs' Interrogatory No. 7.

Signed on July 25, 2022 at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge