IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BAY AREA UNITARIAN UNIVERSALIST CHURCH; *et al.* §§§§<br><br>*Plaintiffs,* §<br>v. §<br>§<br>KEN PAXTON, Attorney General for the State of Texas, in his official capacity, *et al.* §§§<br><br>*Defendants.* § | Civil Action No. 4:20-cv-3081 |

## DEFENDANT TROY FINNER'S DESIGNATION OF EXPERT WITNESSES

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant City of Houston, sued through Chief of Police, Troy Finner, in his Official Capacity, ("Houston"), files this Designation of Expert Witnesses pursuant to Rule 26, Federal Rules of Civil Procedure, and the Court's Scheduling Order (Doc. 126):

1. Houston designates the following witness(es) under Rule 26(a)(2)(B), Federal Rules of Civil Procedure, who may testify at trial:

   None at this time. In the event that new or substantially different allegations are raised, or Plaintiffs move for and are granted leave to designate supplemental experts, and timely provide required disclosures, Houston reserves the right to supplement their Rule 26(a)(2)(B) expert designations.

2. Houston may offer expert testimony from the following persons employed by the City of Houston. These employees are not specially employed to provide expert testimony in this case and their duties do not regularly involve giving expert testimony. Therefore, no report is required from these employees under the Federal Rules of Civil Procedure:

   1) Y. Bashir, Assistant Chief, (or current Assistant Chief), Patrol Region 3 Command, Houston Police Department.

2)       R. T. Hardy, Commander, (or current Commander), Patrol Region 3, Westside Division, Patrol Region 3, Houston Police Department.

3)       E. Garcia, III, Assistant Chief, (or current Assistant Chief), Special Investigations Command, Houston Police Department.

4)       P. Y. Cantu, Assistant Chief, (or current Assistant Chief), Patrol Region 2 Command, Houston Police Department.

5)       T. E. Hardin, Assistant Chief, (or current Assistant Chief), Patrol Region 1 Command.

6)       A. Guzman, Jr., Commander, (or current Commander), Central Division, Patrol Region 1 Command, District 1 and 2.

7)       M. W. Martin, Commander, (or current Commander), Southeast Division, Patrol 2 Region Command.

8)       B. T. Tien, Assistant Chief, (or current Assistant Chief), Patrol Region 1 Command.

9)       N. Q. Nguyen, Commander, (or current Commander), Northwest Division, Patrol Region 3 Command.

10)       C. T. Hatcher, Assistant Chief, (or current Assistant Chief), Organizational Development Command, Houston Police Department.

11)       C. H. Belhamy, Commander, (or current Commander), Training, Organizational Development Command, Houston Police Department.

12)       J. A. Halliday, Commander, (or current Commander), Criminal Investigations Command, Major Assaults & Family Violence, Houston Police Department.

13)       R. J. Borza, Commander, (or current Commander), Major Offenders, Special investigations Command, Houston Police Department.

14)       D. E. Crawford, Commander, (or current Commander), Internal Affairs Division, Houston Police Department.

15)       S. Q. Zia, Commander, (or current Commander), Property and Financial Crime.

16)       T. R. Guinn-Shaver, Commander, (or current Commander), Robbery, Property and Financial Crimes.

These witnesses may testify about their background, education, training, employment history, job duties and responsibilities in their respective positions with HPD, authority of peace officers to act in various situations, as well as their personal knowledge, if any, of matters relating to Plaintiffs' lawsuit.  These witnesses may offer opinions regarding the policies and procedures of HPD from May 2017 through present, the lack of specific enforcement duties regarding the challenged

statutory provisions, and may offer opinions regarding the constitutionally sufficient training, supervision, and discipline of HPD police officers, and that Houston has acted pursuant to same. See COH_BAY AREA_000001-000159, and any supplemental production/disclosures by Houston.

    17)    Commander Isaac J. Duplechain, (or current Commander), Risk Management, Organizational Development Command, Houston Police Department, 1200 Travis, Houston, Texas 77002 (c/o Melissa Azadeh 832-393-6270).

In addition to the subject matter described above, witness may testify regarding Houston officers' trainings, HPD policies and procedures (if any) from May 2017 through trial related to trespass, including but not limited to when the trespasser is armed; any Houston policies and procedures for responding to calls for trespass; policies and procedures related to standards for making an arrest; HPD policies and procedures, regarding Texas Penal Code §§ 30.05, 30.06. 30.07, if any; and may offer testimony and opinions regarding the lack of specific enforcement duties regarding the Plaintiffs' challenged statutory provisions; that pursuant to state law and HPD policy and procedure, Houston and its officers are without discretion to enforce the challenged statutory provisions. See COH_BAY AREA_000001-000159, and any supplemental production/disclosures by Houston.

    18)    Mike Bell, Chief Technology Officer, Houston Police Department, 1200 Travis, Houston, Texas 77002 (c/o Melissa Azadeh 832-393-6270).

Chief Technology Officer for HPD, may testify about his background, education, training, employment history, job duties and responsibilities with the HPD, as well as the file systems and other technological components maintained by HPD, methods and practices concerning record retention and collection or as a custodian of records for HPD; regarding authenticity of any document/files, and may offer opinions regarding the authenticity of any files, and addressing any allegations of fabrication or alteration of information, if any.

    19)    Romero, M.A., police officer
            COH_BAY AREA_000128-000131, Offense Report #944127-18

    20)    Flores, D., police officer
            COH_BAY AREA_000132-000136, Offense Report #1603946-19

    21)    Araiza, R. M., police officer
            COH_BAY AREA_000137-000140, Offense Report #952692-20

    22)    Ramirez, A. R., police officer
            COH_BAY AREA_000141-000147, Offense Report #1356055-21

    23)    Deliphose, S. J., police officer
            COH_BAY AREA_000148-000151, Offense Report #1469277-21

    24)    Laster, W. E., police officer
            COH_BAY AREA_000148-000151, Offense Report #1469277-21

25) Morrow, B. A., Police Officer
COH_BAY AREA_000152-000156, Offense Report #1616735-21

26) Any and all officers involved in any offense report or call for service for which records are produced by Houston in response to discovery or disclosures.

Houston Police Department
c/o Melissa Azadeh, City of Houston Legal Department
832-393-6270

[19-26] In addition to the subject matter described above [1-16], these witnesses may testify regarding their personal knowledge of the incidents to which they responded at Plaintiffs' locations, as labeled above, and as custodians of the offense reports they prepared during the ordinary course of business pursuant to HPD policy and procedure. They may offer opinions regarding the constitutionally sufficient policies, procedures, training, supervision, and discipline of HPD police officers, and that Houston has acted pursuant to same. See COH_BAY AREA_000001-000159, and any supplemental production/disclosures by Houston.

27) P. Y. Cantu, Assistant Chief, (or current Assistant Chief), Patrol Region 2 Command, Houston Police Department.

28) C. A. Smith, Commander, (or current Commander), Clearlake Division, Patrol Regional 2, Command.

29) Juan Perales, Lieutenant, Clear Lake Division, Patrol Regional 2 Command.

30) Jason Giuffre, Lieutenant, Clear Lake Division, Patrol Regional 2 Command.

Houston Police Department
c/o Melissa Azadeh, City of Houston Legal Department
832-393-6270

[27-30] In addition to the matters described above [1-16], these witnesses may testify regarding the territorial jurisdiction of Houston's police department and that Houston police do not respond to calls for service at the location of Plaintiff Bay Area Unitarian Universalist Church, and the boundaries of HPD's District 12, 2855 Bay Area Blvd, including the contents of https://www.houstontx.gov/police/pdfs/hpd_beat_map.pdf, prepared by Crime Analysis and Command Center, GIS UNIT, and HPD Beats & Boundaries Guide, June 2020, https://www.houstontx.gov/police/department_reports/Beat_BoundaryGuide.pdf See COH_BAY AREA_000160-000473. They may testify regarding specific incident reports or responses to calls for service related to Plaintiff(s) or their businesses, if any. See COH_BAY AREA_000001-000159, and any supplemental production/disclosures by Houston.

31) M. W. Martin, Assistant Chief, (or current Assistant Chief), Support Services Command.

32) M. B. May, Commander, (or current Commander), Crime analysis and command center, Support Services Command.

33) E R Lorenzana, Commander, (or current Commander), Emergency Communications.

   Houston Police Department &
   Houston Emergency Center
   c/o Melissa Azadeh, City of Houston Legal Department
   832-393-6270

In addition to the matters described above [1-16], these witnesses may testify regarding non-emergency and emergency responses to trespass calls within the past five years. These witnesses may testify regarding geospatial data utilized to assist patrol, investigative and support divisions throughout HPD; Crime Analysis, which conducts statistical and analytical research on anti-crime programs and provides analysis concerning crime patterns and trends to department units and other law enforcement agencies; Real Time Crime Center, which serves as HPD's operations center, and may testify regarding HPD Patrol Regions and District Maps boundaries and services areas, including the contents of including the contents of https://www.houstontx.gov/police/pdfs/hpd_beat_map.pdf, prepared by Crime Analysis and Command Center, GIS UNIT, and HPD Beats & Boundaries Guide, June 2020, https://www.houstontx.gov/police/department_reports/Beat_BoundaryGuide.pdf. See COH_BAY_AREA_000160-000473. See COH_BAY_AREA_000001-000159, and any supplemental production/disclosures by Houston.

34) E R Lorenzana, Commander, (or current Commander), Emergency Communications.

35) Robert Mock, Director, Houston Emergency Center.

36) Joe Laud, Administration Manager, Houston Emergency Center.

   Houston Police Department &
   Houston Emergency Center
   c/o Melissa Azadeh, City of Houston Legal Department
   832-393-6270

Consolidated agency responsible for all Houston 9-1-1 emergency communications, emergency calls and emergency dispatchers from the Houston Police and Fire Departments. In addition to the matters described above [1-16] these witnesses may testify regarding receipt, processing, of emergency calls and dispatch from the Houston Police and Fire Departments; areas of service covered by Houston Police and Fire Departments, and Plaintiff Bay Area's location outside Houston's service area for any emergency or police services; and regarding the City's Computer Aided Dispatch system. See COH_BAY_AREA_000001-000159, and any supplemental production/disclosures by Houston.

37) Vernita Jones, Administrative Manager and Custodian of Records, City of Houston Planning and Development.

38) Laura Newell, Administrator and Custodian of Records, City of Houston Planning and Development.

39) Council Member Robert Gallegos, District 1 E.

   City of Houston
   c/o Melissa Azadeh, City of Houston Legal Department
   832-393-6270

These witnesses may testify as custodians of records for Houston, regarding their qualifications, training, duties and responsibilities, and regarding the territorial boundaries of various City Council districts and service areas of Houston, available at https://www.houstontx.gov/council/maps.html.  See COH_BAY AREA_000160-000473, and any supplemental discovery or disclosures produced by Houston.

**3.** The following witnesses have been listed and designated as persons with knowledge of relevant facts.  These persons are not retained experts but may testify about issues to be addressed and/or addressed in their testimony.  These witnesses possess knowledge of the events at issue in this case and expertise the result of their work experience, education and/or training.  These witnesses are not being paid as experts and as such, are treated as ordinary witnesses for purposes of discovery.  Houston reserves the right to elicit opinion testimony from any of the following witnesses in their particular expertise:

1) Romero, M.A., police officer
   COH_BAY AREA_000128-000131, Offense Report #944127-18

2) Flores, D., police officer
   COH_BAY AREA_000132-000136, Offense Report #1603946-19

3) Araiza, R. M., police officer
   COH_BAY AREA_000137-000140, Offense Report #952692-20

4) Ramirez, A. R., police officer
   COH_BAY AREA_000141-000147, Offense Report #1356055-21

5) Deliphose, S. J., police officer
   COH_BAY AREA_000148-000151, Offense Report #1469277-21

6)     Laster, W. E., police officer
COH_BAY AREA_000148-000151, Offense Report #1469277-21

7)     Morrow, B. A., Police Officer
COH_BAY AREA_000152-000156, Offense Report #1616735-21

8)     Any and all officers involved in any offense report or call for service for which records are produced by Houston in response to discovery or disclosures.

Houston Police Department &
Houston Emergency Center
c/o Melissa Azadeh, City of Houston Legal Department
832-393-6270

These witnesses may testify about their background, education, training, employment history, job duties and responsibilities in their respective positions with HPD, authority of peace officers to act in various situations, as well as their personal knowledge of the incidents to which they responded at Plaintiffs' locations, as labeled above, and as custodians of the offense reports they prepared during the ordinary course of business pursuant to HPD policy and procedure. These witnesses may offer opinions regarding the policies and procedures of HPD at the time in question; that Houston officers do not require any signage in order to respond to trespass calls for service; and may offer opinions regarding the constitutionally sufficient training, supervision, and discipline of HPD police officers, and that Houston has acted pursuant to same. See COH_BAY AREA_000001-000159, and any supplemental production/disclosures by Houston.

9)     Harris County District Attorney Kim Ogg, and Custodian of Records
Harris County District Attorney's Office
500 Jefferson St., Ste 600
Houston, Texas 77002-7368
c/o Heena Kepadia
Harris County Attorney's Office

District Attorney's office responsible for accepting charges within Harris County in order for Houston officers to arrest suspects under the challenged statutes. These witnesses may testify about their background, education, training, employment history, job duties and responsibilities in their respective positions, authority and discretion of the district attorney's office; duties and authority/lack of authority of peace officers with regards to making arrests and charging decisions; as well as their personal knowledge, if any, of matters relating to Plaintiff's lawsuit. These witnesses may offer opinions regarding the actions of Defendants, if any; or the lack of discretion or involvement in various enforcement of the challenged statutes, including bringing, accepting, and prosecuting criminal charges, and as custodian of records for the office.

10)    Harris County Sheriff's Office
Sheriff Ed Gonzalez
1200 Baker Street
Houston, Texas 77002

    346-286-1600
    c/o Heena Kepadia
    Harris County Attorney's Office

These witnesses may testify about their background, education, training, employment history, job duties and responsibilities in their respective positions, authority and discretion of the district attorney's office; duties and authority/lack of authority of peace officers with regards to making arrests and charging decisions; as well as their personal knowledge, if any, of matters relating to Plaintiff's lawsuit.  These witnesses may offer opinions regarding the actions of Defendants, if any; or the lack of discretion or involvement in various enforcement of the challenged statutes, including bringing, accepting, and prosecuting criminal charges.

  11)  Custodian of Records, Harris County Central Appraisal District (CAD)

Testimony regarding various CAD jurisdictions, boundaries, custodian of records for GIS and other maps.

  12)  Harris County Sheriff's Office
    Sheriff Ed Gonzalez
    1200 Baker Street
    Houston, Texas 77002
    c/o Heena Kepadia
    Harris County Attorney's Office

These witnesses may testify about their background, education, training, employment history, job duties and responsibilities in their respective positions with HCSO, authority of peace officers to act in various situations, as well as their personal knowledge, if any, of matters relating to Plaintiffs' lawsuit.  These witnesses may offer opinions regarding the policies and procedures of HCSO at the time in question, lack of specific enforcement duties regarding the challenged statutory provisions, the general duty of police officers to enforce the criminal laws of Texas; that HCSO and its officers do not require any signage in order to respond to trespass calls for service; that Plaintiffs have not been denied police assistance by HCSO based on the challenged statutory provisions or otherwise, that pursuant to state law and HCSO policy and procedure, HCSO and its deputies are without discretion to enforce the challenged statutory provisions; and may offer opinions regarding the constitutionally sufficient training, supervision, and discipline of HCSO deputies, and that HCSO has acted pursuant to same.

  13)  City of Webster Chief of Police, Pete Bacon, and Custodian of Records
    Webster Police Department
    c/o William Helfand, Justin Pfeiffer
    Lewis Brisbois

These witnesses may testify about their background, education, training, employment history, job duties and responsibilities in their respective positions with Webster Police Department (WPD), authority of peace officers to act in various situations, as well as their personal knowledge, if any, of matters relating to Plaintiffs' lawsuit.  These witnesses may offer opinions regarding the policies

and procedures of WPD at the time in question, lack of specific enforcement duties regarding the challenged statutory provisions, the general duty of police officers to enforce the criminal laws of Texas; that Webster and its officers do not require any signage in order to respond to trespass calls for service; that Plaintiffs have not been denied police assistance by Webster's police department based on the challenged statutory provisions or otherwise, that pursuant to state law and WPD policy and procedure, Webster and its officers are without discretion to enforce the challenged statutory provisions; and may offer opinions regarding the constitutionally sufficient training, supervision, and discipline of WPD police officers, and that Webster has acted pursuant to same. These witnesses may testify regarding the territorial boundaries of areas serviced by WPD, and that WPD responds to calls for service at the location of Plaintiff BAUUC.

14) City of Webster, Texas, City Council members and custodian of records
15) City of Webster, Texas, Planning Department
16) City of Webster, Texas, Webster Police Maps Department
City of Webster
101 Pennsylvania Avenue
Webster, TX 77598
Phone: 281-332-1826

These witnesses may testify about their background, education, training, employment history, job duties and responsibilities in their respective positions with the City of Webster. They may testify as custodians of records, and regarding the contents of Webster Police Department maps, available at: https://webster.maps.arcgis.com/apps/dashboards/abb5568ba5584f3c96b09ff56e218f18; and bates labeled COH_BAY AREA_000162-165 and COH_BAY AREA_000518-000520.

17) Texas Alcoholic Beverage Commission and Custodian of Records
P.O. Box 13127, Austin, TX 78711
5806 Mesa Drive, Austin, TX 78731

These witnesses may testify about their background, education, training, employment history, job duties and responsibilities in their respective positions with TABC. They may testify as custodians of records, and regarding TABC regulations and signage requirements, as well as the Plaintiffs' licensing and compliance with same. These witnesses may testify about the sign requirements and regulations available at: https://www.tabc.texas.gov/texas-alcohol-laws-regulations/sign-requirements/. See COH_BAY AREA_000474-000517.

**4.** Houston reserves the right to elicit testimony from any and all persons or witnesses designated or to be called by Plaintiffs or other Defendants in this case. Houston reserves the right to offer at trial, from any person or fact witness designated by Plaintiffs or other Defendants with the express understanding that Houston does not necessarily vouch for the credibility,

qualifications, or proper designation of any such witnesses, nor does Houston waive any anticipated motion to strike Plaintiffs' expert designations.

5. If Plaintiffs are permitted to offer expert or other testimony or evidence not timely and fully disclosed, Houston reserves the right to supplement with responsive expert designations and evidence, including retained expert reports.

6. Houston reserves the right to supplement and amend this designation and/or discoverable information up to the date of trial, including by de-designating any of the above disclosed witnesses.

7. Houston reserves the right to call rebuttal witnesses.

                Respectfully submitted,

                **ARTURO G. MICHEL**
                **City Attorney**

                KELLY DEMPSEY
                Section Chief Torts/Civil Rights

By:   /s/ *Melissa Azadeh*
       MELISSA AZADEH
       Texas Bar No. 24064851
       Senior Assistant City Attorney
       City of Houston Legal Department
       900 Bagby Street, 4th Floor
       Houston, Texas 77002
       Tel. 832-393-6270
       Fax 832-393-6259
       melissa.azadeh@houstontx.gov

                **ATTORNEYS FOR DEFENDANT CITY OF HOUSTON SUED THROUGH CHIEF OF POLICE TROY FINNER, IN HIS OFFICIAL CAPACITY**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of August 2022, a true and correct copy of the foregoing document was duly served upon each party to this cause by electronically filing same with the District CM/ECF system, and/or alternatively by e-mail or facsimile transmission, to:

| | |
|---|---|
| William R. Taylor<br>JONES DAY<br>717 Texas, Suite 3300<br>Houston, TX 77002<br>wrtaylor@jonesday.com | Alla Lefkowitz<br>Everytown Law<br>P.O. Box 1478<br>Washington, D.C. 20044<br>alefkowitz@everytown.org |
| Peter C. Canfield<br>JONES DAY<br>1420 Peachtree Street, N.E., Suite 800<br>Atlanta, GA 30309<br>pcanfield@jonesday.com | Ryan Gerber<br>Everytown Law<br>450 Lexington Avenue<br>P.O. Box 4184<br>New York, NY 10017<br>rgerber@everytown.org |
| Charlotte H. Taylor<br>JONES DAY<br>51 Louisiana Avenue, N.W.<br>Washington, D.C. 20001<br>ctaylor@jonesday.com | |

*Attorneys for Plaintiffs*

| | |
|---|---|
| Heena Kepadia<br>heena.kepadia@cao.hctx.net<br>Harris County Attorney's Office<br>1019 Congress, 15th floor<br>Houston, TX 77002<br><br>***Attorneys for Defendants, Harris Co. DA Kim Ogg, County Attorney Vince Ryan, County Sheriff Ed Gonzalez*** | William Helfand<br>Bill.Helfand@lewisbrisbois.com<br>Sean Braun<br>Sean.Braun@lewisbrisbois.com<br>Lewis Brisbois<br>24 Greenway Plaza, Suite 1400<br>Houston, TX 77046<br><br>***Attorneys for Defendants, City of Webster through Acting Chief Pete Bacon*** |

/s/ Melissa Azadeh
Melissa Azadeh

11