Case 4:20-cv-03081   Document 146   Filed on 09/29/22 in TXSD   Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
September 29, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BAY AREA UNITARIAN UNIVERSALIST CHURCH; DRINK HOUSTON BETTER, LLC d/b/a Antidote Coffee; and PERK YOU LATER, LLC, | § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. H-20-3081 |
| KEN PAXTON, Attorney General for the State of Texas, in his official capacity; | § § § § | |
| KIM OGG, District Attorney for Harris County, in her official capacity; | § § § § | |
| CHRISTIAN MENEFEE, County Attorney for Harris County, in his official  capacity; | § § § § | |
| ED GONZALEZ, County Sheriff for Harris County, in his official capacity; | § § § § | |
| PETE BACON, Acting Chief of Police for the Webster Police Department, in his official capacity; | § § § § § | |
| TROY FINNER, Chief of the Houston Police Department, | § § | |

MEMORANDUM AND ORDER

Plaintiffs Bay Area Unitarian Universalist Church and Drink Houston Better, LLC d/b/a Antidote Coffee, and Perk You Later, LLC ask the Court to declare unconstitutional certain notice

requirements in Texas Penal Code §§ 30.06 and 30.07. These penal sections criminalize as trespass entry on another's property by persons carrying a handgun either concealed (§ 30.06) or securely holstered (§ 30.07) who are licensed by the state to carry if the property owner gives them effective notice not to enter with a handgun. Troy Finner, sued in his official capacity as Chief of the Houston Police Department, now moves for judgment on the pleadings (Document No. 115).

## Background

For more than 25 years Texas has had legislation to permit the licensing of persons to carry concealed handguns. *See* Firearms—Concealed Handguns—License Requirements, 74th Leg., R.S., Ch. 229, 1995 Tex. Sess. Law Serv. Ch. 229 (West) (to be codified at TX CIV ST Art. 4413 (29ee) (now codified at TEX. GOV'T CODE ANN. § 411.171, *et seq.*). To obtain a handgun license in Texas one must meet rigorous requirements regarding the absence of criminal history, absence of chemical dependency, no diagnoses of suffering from psychiatric disorders or other limiting mental health conditions, and numerous other requirements. *See* TEX. GOV'T CODE ANN. § 411.172. An applicant must complete an application, provide a photograph and fingerprints, evidence handgun proficiency, and sign an affidavit stating that the applicant has read and understands each provision of subchapter H, License to Carry a

Handgun, that creates an offense under Texas law and each provision of Texas law related to use of deadly force, among other requirements. Id. § 411.174.

In 1997, two years after enactment of the licensing statute, the legislature enacted Texas Penal Code § 30.06 which criminalized trespass by a license holder who entered another's property with a concealed handgun if the owner had given to the licensee effective notice that concealed handguns were forbidden on the property. Notice not to enter with a concealed handgun was deemed to be effective to the license holder if the property owner gave it by (1) oral communication, or by (2) written communication, which could either be (a) on a card or other document, stating, "Pursuant to Section 30.06, Penal Code (trespass by holder of license to carry a concealed handgun), a person licensed under Article 4413 (29ee), Revised Statutes (concealed handgun law), may not enter this property with a concealed handgun;" or (b) a sign posted on the property containing the language in (a), above, in English and Spanish, in contrasting colors with block letters at

least one inch in height, and displayed in a conspicuous manner clearly visible to the public.[1]

In 2015, the legislature amended the licensing statute, Subchapter H, entitled "License to Carry a Concealed Handgun," and deleted the word "concealed."  The amendment permitted the licensing of persons openly to carry handguns when carried in restraint holsters to ensure that openly carried handguns were secure.  The legislature--with its 2015 enactment to allow open carry of securely holstered handguns by license holders--also enacted a criminal trespass offense, § 30.07, entitled "Trespass by License Holder of an Openly Carried Handgun."  Patterned after § 30.06, § 30.07 created an offense for a license holder who openly carried a securely holstered handgun on property if the property owner did not consent and if the owner gave effective notice to the license holder that entry with an openly carried handgun was forbidden.  The options for a landowner to give either oral or written notice, and the different means for giving effective written notice, were set out in Section 30.07 for open carried

---

[1] The current statutory notice language is as follows:

> "Pursuant to Section 30.06, Penal Code (trespass by license holder with a concealed handgun), a person licensed under Subchapter H, Chapter 411, Government Code (handgun licensing law), may not enter this property with a concealed handgun."

TEX. PENAL CODE ANN. § 30.06(c)(3)(A).

handguns just as they had been for 18 years under Section 30.06 for concealed handguns. Although those without a license remain subject to prosecution for general criminal trespass under § 30.05, the Texas legislature sought in both Sections 30.06 and 30.07 to respect the rights of license holders to carry but also the paramount rights of property owners to exclude even license holders with handguns. Thus, the statutes criminalize trespass by license holders who are notified that entry with a holstered or concealed handgun is forbidden but who nonetheless enter without receiving effective consent of the owner.

In this case, Plaintiffs are property owners who desire to exclude all handguns from their church and coffee shop, including handguns carried by license holders. Plaintiffs plead that they posted the written statutory notices to warn licensees of the criminal trespass offenses that licensees will commit if they enter the property with a handgun. Plaintiffs do not object to the *message* conveyed to warn licensees not to enter Plaintiffs' property with handguns, but rather to the *aesthetics* of the signs, their size, and their effect as being "ugly" and "intimidating." Plaintiffs would prefer to give written notice using signage and wording of their own choosing rather than the language adopted by the Texas legislature. In this suit they ask the Court to declare unconstitutional as a violation of the First Amendment the written

notice set out in the statutes as one of the ways to notify handgun licensees not to enter with a handgun.

Among other Defendants, Plaintiffs sue the Chief of Police ("Houston Chief") for the City of Houston, in which the church and the coffee shop are situated. Only one paragraph in the entire Complaint specifically mentions the Houston Chief:

> 12.  Defendant Art Acevedo [now, Troy Finner] is the Chief of the Houston Police Department. He is responsible for enforcing criminal violations of the Acts in the City of Houston. He is sued in his official capacity[.]

Pursuant to FED. R. CIV. P. 12(c), the Houston Chief moves for judgment on the pleadings against Plaintiffs, arguing in part that Plaintiffs lack standing to pursue their claims against him. Under Rule 12(c), one may move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial. His motion is ripe for consideration.

## Standing

"Article III of the Constitution limits federal courts to deciding 'Cases' and 'Controversies.'" Dep't of Commerce v. New York, 139 S. Ct. 2551, 2565 (2019). "No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." Raines v. Byrd,

117 S. Ct. 2312, 2317 (1997) (citation omitted)). "One element of the case-or-controversy requirement" is that Plaintiffs "must establish that they have standing to sue." Id. (citing Lujan v. Defs. of Wildlife, 112 S. Ct. 2130, 2136-37 (1992)). This standing requirement "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong" and "confines the federal courts" to their proper judicial role. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016) (citing cases). In this way, the standing requirement "serves to prevent the judicial process from being used to usurp the powers of the political branches[.]" Id.

To invoke this Court's jurisdiction, Plaintiffs "must satisfy the familiar tripartite test for Article III standing: (A) an injury in fact; (B) that's fairly traceable to the defendant's conduct; and (C) that's likely redressable by a favorable decision." E.T. v. Paxton, 41 F.4th 709, 714 (5th Cir. 2022) (citing Lujan, 112 S. Ct. at 2136). These elements of standing "are not mere pleading requirements but rather an indispensable part of the [Plaintiffs'] case[.]" Lujan, 112 S. Ct. at 2136 (citing cases). Thus, "each element must be supported in the same way as any other matter on which the [P]laintiff[s] bear[] the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." Id. (citing cases). "Where, as here, a case is at the pleading stage, the

plaintiff must 'clearly . . . allege facts demonstrating' each element." Spokeo, 136 S. Ct. at 1547 (alteration in original; citation omitted).

To establish an injury in fact sufficient to satisfy Article III, Plaintiffs must show they "suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Spokeo, 136 S. Ct. at 1548 (quoting Lujan, 112 S. Ct. at 2136). According to Plaintiffs' argument, their injury is a supposed First Amendment "unconstitutional condition" placed on their having police protection.

"Under the well-settled doctrine of 'unconstitutional conditions,' the government may not require a person to give up a constitutional right . . . in exchange for a discretionary benefit conferred by the government where the benefit sought has little or no relationship to [the right]." Dep't of Tex., Veterans of Foreign Wars of U.S. v. Tex. Lottery Comm'n, 760 F.3d 427, 437 n.4 (5th Cir. 2014) (*en banc*) (citation omitted)). Although "a person has no 'right' to a valuable governmental benefit and even though the government may deny him the benefit for any number of reasons, there are some reasons upon which the government may not rely." Id. at 437 (quoting Perry v. Sindermann, 92 S. Ct. 2694, 2697 (1972)). "For if the government could deny a benefit to a person because of his constitutionally protected speech or associations,

8

his exercise of those freedoms would in effect be penalized and inhibited." Perry, 92 S. Ct. at 2697. "This would allow the government to 'produce a result which (it) could not command directly.'" Id. (citation omitted) (alteration in original).

Relying on the unconstitutional conditions doctrine, Plaintiffs contend in their opposition brief that they must either use the government-scripted speech on their signage or forfeit police protection.[2] Although it is "a basic First Amendment principle that 'freedom of speech prohibits the government from telling people what they must say[,]'" Agency for Int'l. Dev. v. All. for Open Soc'y Int'l, Inc., 133 S. Ct. 2321, 2327 (2013) (citing cases)), Plaintiffs' Complaint fails to allege any facts suggesting that Plaintiffs must forego police protection if they choose not to provide the statutory notice--*i.e.*, an "oral or written communication" that entry by a license holder with a concealed or holstered handgun is forbidden. Absent from the Complaint are any allegations that without the statutory notice Plaintiffs could not call the police to remove individuals carrying

---

[2] Although Plaintiffs' Complaint alleges the monetary costs they incurred to obtain the §§ 30.06 and 30.07 signs, Plaintiffs have not pled that those costs are traceable to the Houston Chief's actions or otherwise satisfy the injury-in-fact requirement as it relates to the Houston Chief. *See* Document No. 120. Plaintiffs also allege that the signs have occasionally bothered customers and that the signs have been ignored on at least two occasions by patrons entering with handguns and refusing to leave. Again, however, Plaintiffs do not allege that these events constitute an injury in fact traceable to the Houston Chief. *See, e.g.*, id.

handguns or allegations that the police have not removed or would not remove individuals with handguns, if requested. In fact, only four paragraphs in the Complaint even mention the "police":

> 11. Defendant Pete Bacon is the Acting Chief of Police for the Webster Police Department. He is responsible for enforcing criminal violations of the Acts in the City of Webster. The Webster Police Department responds to calls for police assistance made by the Bay Area Unitarian Universalist Church. He is sued in his official capacity.
>
> 12. Defendant Art Acevedo [now, Troy Finner] is the Chief of the Houston Police Department. He is responsible for enforcing criminal violations of the Acts in the City of Houston. He is sued in his official capacity[.]
>
> 55. The only effective way for property owners to exclude guns from their property is through the criminal law of trespass. That is, the individual can summon the police to remove the individual from the premises. By impermissibly burdening property owners' rights to rely on the criminal law of trespass, the Acts make it impossible to exclude armed entrants without engaging in needlessly burdensome, government-scripted speech.
>
> 81. Ms. Callaway and the other managers and owners of Antidote want to be able to call the police to remove individuals who enter the property carrying a gun despite Antidote's no-guns signs.

These allegations do not claim that Plaintiffs must forfeit police protection in lieu of a right to remain silent. In fact, the phrase "police protection" is never even mentioned in the Complaint. Furthermore, nothing in the statutes themselves compel Plaintiffs to provide the statutory notice to exclude patrons with handguns or suggest that police protection will only be afforded

10

to those who provide the statutory notice.[3] Plaintiffs do not allege facts to show that they would be denied any government benefit if they exercise their right to remain silent and refuse to employ the statutory notice language. Nor have they pled facts to show that their decision to post the §§ 30.06 and 30.07 signs was in any way coerced or compelled, and "standing cannot be conferred by a self-inflicted injury." Zimmerman v. City of Austin, Tex., 881 F.3d 378, 389 (5th Cir. 2018) (citation omitted).

---

[3] This case was randomly reassigned to the undersigned judge in December, 2021. The judge to whom the case was originally assigned issued an interlocutory order on August 27, 2021, stating that the statutes "afford Plaintiffs the right to police protection if a licensed handgun carrier enters their property and refuses to leave. Plaintiffs must comply with the Acts' notice requirements in order to receive the benefit of police protection. Without communicating the message as required, Plaintiffs risk losing police protection against trespassers who violate the Acts. Thus, Plaintiffs' injury in fact arises from the enforcement of the Acts." Document No. 68 at 14. The Order further states that "property owners forfeit their right to police protection and criminal prosecution if they do not comply with the Acts' heightened notice requirements." Id. at 24.

With all due respect, the undersigned is of the opinion that the foregoing quoted conclusions are not supported in the statutory scheme or Plaintiffs' pled facts. The foregoing findings in the August 27, 2021 Order are therefore VACATED. "[W]hen a district judge has rendered a decision in a case, and the case is later transferred to another judge, the successor should not ordinarily overrule the earlier decision. [citation omitted] The law of the case doctrine is not, however, a barrier to correction of judicial error. . . . If the facts presented to [the successor judge] truly showed a lack of jurisdiction, it would have been sheer waste for him to permit a trial in Texas and await reversal by this court for want of jurisdiction." Loumar, Inc. v. Smith, 698 F.2d 759, 762-63 (5th Cir. 1983).

11

In sum, Plaintiffs have failed to meet their burden to allege a plausible set of facts establishing "a concrete and particularized," and "actual or imminent," injury in fact for which the Houston Chief is responsible. Plaintiffs' claims are based on conjectural and hypothetical imaginings of what the police might do or might not do and what the prosecutors might do and might not do under various scenarios. As such, Plaintiffs' pleading does not meet the Supreme Court's established "irreducible constitutional minimum of standing." Lujan, 112 S. Ct. at 2136:

> First, the plaintiff must have suffered an "injury in fact"--an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent not 'conjectural' or 'hypothetical.'"

Id. (internal citations omitted); see also Linda R.S. v. Richard D. and Texas, 93 S. Ct. 1146, 1149 (1973) ("[I]n American jurisprudence . . . a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another.").

Accordingly, the Houston Chief is entitled to dismissal of Plaintiffs' claims against him. See, e.g., Laufer v. Mann Hospitality, L.L.C., 996 F.3d 269, 271-73 (5th Cir. 2021) (recognizing that at the pleading stage a plaintiff has the burden "to allege a plausible set of facts establishing jurisdiction" and affirming dismissal for lack of standing where the plaintiff failed to allege a concrete injury); Warth v. Seldin, 95 S. Ct. 2197,

2215 (1975) (recognizing that "[i]t is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers" and affirming dismissal for want of standing where plaintiffs failed to meet that threshold requirement).

Order

For the foregoing reasons, it is

ORDERED that Defendant Finner's Rule 12(c) Motion for Judgment on the Pleadings (Document No. 115) is GRANTED and Plaintiffs' claims against Defendant Troy Finner, in his official capacity as the Chief of the Houston Police Department, are DISMISSED without prejudice for lack of subject matter jurisdiction.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED at Houston, Texas, on this 29TH day of September, 2022.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE