IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BAY AREA UNITARIAN UNIVERSALIST CHURCH, DRINK HOUSTON BETTER, LLC d/b/a ANTIDOTE COFFEE, PERK YOU LATER, LLC, <br> *Plaintiffs,* <br><br> v. <br><br> KIM OGG, District Attorney for Harris County, in her Official Capacity, ED GONZALEZ, County Sheriff for Harris County, in his official capacity; PETE BACON, Acting Chief of Police for the Webster Police Department, in his official capacity; TROY FINNER, Chief of the Houston Police Department, in his official capacity, <br> *Defendants.* | § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:20-CV-03081 |

## HARRIS COUNTY OFFICIALS' RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS

TO THE HONORABLE JUDGE EWING WERLEIN, JR.:

Defendants Kim Ogg, Harris County District Attorney, in her official capacity, and Ed Gonzalez, Harris County Sheriff, in his official capacity (collectively, "Harris County Officials") file this Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure Rule 12(c). In support, Harris County Officials show the following:

### I.   BACKGROUND

Plaintiffs Bay Area Unitarian Universalist Church, Drink Houston Better, LLC d/b/a Antidote Coffee, and Perk You Later, LLC (collectively, "Plaintiffs") brought this suit to challenge the constitutionality of Sections 30.06 and 30.07 of the Texas Penal Code on September 2, 2020.

1

ECF No. 1.  Section 30.06 of the Texas Penal Code provides that a person licensed to carry a handgun commits the offense of trespass if the license holder "carries a concealed handgun . . . on property of another without effective consent; and (2) received notice that entry on the property by a license holder with a concealed handgun was forbidden."  Tex. Penal Code § 30.06.  The statute states that "a person receives notice if the owner of the property or someone with apparent authority to act for the owner provides notice to the person by oral or written communication."  *Id.*  "Written communication" requires "a card or other document on which is written" specific language, or "a sign posted on the property that includes" specific language "in both English and Spanish," "appears in contrasting colors with block letters at least one inch in height," and "is displayed in a conspicuous manner clearly visible to the public."  *Id.*  Similarly, Section 30.07 of the Texas Penal Code provides that a person licensed to carry a handgun commits the offense of trespass if the license holder "openly carries a handgun . . . on property of another without effective consent; and (2) received notice that entry on the property by a license holder openly carrying a handgun was forbidden."  Tex. Penal Code § 30.07.  Section 30.07 requires the same type of "oral or written communication" for notice as Section 30.06 and includes the same signage requirements as Section 30.06.  *Id.*  Plaintiffs contend that Sections 30.06 and 30.07 of the Texas Penal Code ("the Acts") violate both the United States Constitution and the Texas Constitution.  ECF No. 1 at 26–30.  However, the only claim that survived the Plaintiffs' motion to dismiss was a First Amendment challenge of the Texas Penal Code Sections 30.06 and 30.07. ECF No. 68.

## II. NATURE OF PROCEEDINGS

On December 7, 2020, Harris County Officials moved to dismiss Plaintiffs' complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.  ECF No. 38.  Specifically, in pertinent

part, Harris County Officials argued that the court does not have subject matter jurisdiction because Plaintiffs lack standing to bring suit against Harris County Officials since Plaintiffs do not allege any specific conduct by Harris County Officials related to the Acts they seek to invalidate. *Id.* Instead, Plaintiffs only contend that Harris County Officials are generally connected to prosecuting acts of trespass under Sections 30.06 and 30.07 of the Texas Penal Code. ECF No. 1 at 5 (stating that (1) Kim Ogg "is responsible for prosecuting felonies occurring in Harris County;" (2) Vince Ryan "is responsible for prosecuting misdemeanors—and thus criminal violations of the Acts—occurring in Harris County;"[1] and (3) Ed Gonzalez "is responsible for enforcing criminal violations of the Acts in Harris County.").

However, on August 27, 2021, the Court issued its order denying Harris County Officials' motion to dismiss and holding that Plaintiffs had established standing. ECF No. 68. Subsequently, Harris County Officials moved the Court to certify for interlocutory appeal the question of Plaintiffs' standing to bring this suit under 28 U.S.C. § 1292(b). ECF No. 86. The Court denied this motion on November 2, 2021. ECF No. 99. On December 23, 2021, Chief of the Houston Police Department Troy Finner, another defendant in this suit, filed a Rule 12(c) motion for judgment on the pleadings arguing that Plaintiffs lack standing to purse claims against him. ECF No. 115. Pursuant to the scheduling order, the parties, including Harris County Officials, engaged in discovery which concluded on September 1, 2022. ECF No. 108.

On September 29, 2022, the Court granted Defendant Finner's motion and dismissed Plaintiffs' claims against him. ECF No. 146. This Court stated that Plaintiffs failed to meet their burden to allege injury in fact connected to the Defendant. *Id.* at 12. Specifically, the Court states

---

[1] At the time of this suit's filing, Vince Ryan was the Harris County Attorney. Subsequently, Christian Menefee, as the new Harris County Attorney, was substituted by the parties in accordance with Federal Rule of Civil Procedure 25(d). On December 27, 2021, Christian Menefee was dismissed as a party to this suit. ECF No. 116.

that Plaintiffs' claims are based on hypothetical scenarios of what law enforcement and prosecutors may do in various situations. *Id.*

### III.     RULE 12(C) STANDARD OF REVIEW

After the pleadings are closed, a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). A motion brought pursuant to Fed. R. Civ. P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). The standard for deciding a Rule 12(c) motion is identical to that of Rule 12(b)(6). *Id.* at 313 n.8. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678).

"When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint and construes them in light most favorable to the plaintiff." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see also U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375, 379 (5th Cir. 2003) (citation omitted). However, courts are not bound to accept as true "threadbare recitals of the elements of a cause of action, supported by mere conclusory statement," or legal conclusions couched as factual assertions. *Ashcroft*, 556 US at 678; *see also Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) ("Plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim"). Thus, dismissal

is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 300 F.3d 620, 624 (5th Cir. 2001) (quoting *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)); *see also Hale*, 642 F.3d at 499.

Furthermore, at the motion to dismiss phase, a court may consider documents appended to the complaint. *Red Hook Communications I, L.P. v. On-Site Manager, Inc.*, 700 Fed. Appx. 329, 332 (5th Cir. 2017) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)). Similarly, documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to its claim. *Id*. If the attachments reveal facts which foreclose recovery as a matter of law, dismissal is appropriate." *Id.* (citing *Ass'd Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974). Conclusory allegations that are contradicted by facts in documents appended to the complaint are especially not entitled to a presumption of truth. *Carter v. Target Corp.*, 541 Fed. Appx. 413, 417 (5th Cir. 2013) (citing *Ass'd Builders, Inc.*, 505 F.2d at 100). Indeed, where the allegations in the complaint are contradicted by facts established by documents attached as exhibits to the complaint, the court may properly disregard the allegations. *Residents Against Flooding v. Reinvestment Zone No. Seventeen, City of Houston, Tex.*, 260 F. Supp. 3d 738, 757 (S.D. Tex. 2017), a*ff'd sub nom. Residents Against Flooding v. Reinvestment Zone No. Seventeen*, 734 Fed. Appx. 916 (5th Cir. 2018).

### III.   ARGUMENT AND AUTHORITY

#### A. THE COURT LACKS JURISDICTION OVER PLAINTIFFS' CLAIMS AGAINST HARRIS COUNTY OFFICIALS

Federal courts are limited to hearing "live cases and controversies." U.S. CONST. Art. III, § 2; *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). This constitutional

provision gives rise to the justiciability doctrines of standing, mootness, political question, and ripeness—any one or all of which may deprive a federal court of subject matter jurisdiction. *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 715 (5th Cir. 2012).

1. **Plaintiffs Lack Standing to Bring Their Claims Against Harris County Officials**

To establish standing, Plaintiffs must show (1) an injury-in-fact that is (2) fairly traceable to Harris County Officials' conduct, and (3) that Plaintiffs' injury will be redressed by a decision in their favor. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). The Court's previous order acknowledged that, "[t]o establish an as-applied injury, a party must demonstrate that the statute has been applied to the party." ECF No. 68 at 12. The Court found that the challenged Acts "are not directly enforceable against Plaintiffs." *Id.* However, the Court still found that Plaintiffs established injury because Plaintiffs "must comply" with the "notice requirements" of the Acts to "gain the protection" of the Acts. *Id.* In other cases where parties have attempted to challenge statutes that were not enforced against them, courts have found a lack of injury sufficient to confer standing. *See, e.g.*, *California v. Texas*, 141 S. Ct. 2104, 2114 (2021) (collecting cases and noting that "[o]ur cases have consistently spoken of the need to assert an injury that is the result of a statute's actual or threatened *enforcement*, whether today or in the future."); *Babbitt v. United Farm Workers Nat. Union*, 442 U.S. 289, 298 (1979) ("A plaintiff who challenges a statute must demonstrate a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement."); *Nat'l Rifle Ass'n of Am., Inc. v. McCraw*, 719 F.3d 338, 345 (5th Cir. 2013) (same).

The Acts challenged here are not enforceable against Plaintiffs, and Plaintiffs "do not claim that they have ever been threatened with prosecution, that a prosecution is likely, or even that a prosecution is remotely possible." *Younger v. Harris*, 401 U.S. 37, 42 (1971). Accordingly,

Plaintiffs cannot establish injury based on the Acts because (1) the Acts are not enforceable against Plaintiffs, and (2) "there is no action—actual or threatened—whatsoever" by Harris County Officials against Plaintiffs under the Acts. *California*, 141 S. Ct. at 2115.

Still, even though the Acts are not enforceable against Plaintiffs, the Court found that Plaintiffs' injuries are "the denial of police protection and criminal prosecution if Plaintiffs do not comply with the Acts' heightened notice requirements." ECF No. 68 at 14. But Plaintiffs do not allege that Harris County Officials have ever denied police protection to them. Likewise, although "[a]n allegation of future injury may suffice if the threatened injury is 'certainly impending,' or there is a 'substantial risk' that the harm will occur," Plaintiffs make no allegations suggesting that Harris County Officials will deny future protection to them. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 n.5 (2013)).

Moreover, Plaintiffs are not injured by Harris County Officials potentially not prosecuting hypothetical trespassers in the future under unknown factual circumstances. It is one of the bedrock principles of criminal law that prosecutors have discretion in determining which cases to pursue and whether to file charges against a particular person accused of a crime. *See, e.g.*, *United States v. Cox*, 342 F.2d 167, 191 (5th Cir. 1965) ("The district attorney has absolute control over criminal prosecutions, and can dismiss or refuse to prosecute, any of them at his discretion. The responsibility is wholly his." (quoting *United States v. Woody*, 2 F.2d 262, 262 (D. Mont. 1924))); *McGruder v. Necaise*, 733 F.2d 1146, 1148 (5th Cir. 1984) ("The decision to initiate, maintain, or dismiss criminal charges is at the core of the prosecutorial function."); *Hardwick v. Doolittle*, 558 F.2d 292, 301 (5th Cir. 1977) ("We recognize that there is a broad ambit to prosecutorial discretion, most of which is not subject to judicial control."); *United States v. Lawrence*, 179 F.3d 343, 347 (5th Cir. 1999) (noting that "[i]n our criminal justice system, the decision whether to prosecute an

individual is vested with the government" and that the decision whether to prosecute is generally not subject to judicial review); *United States v. Molina*, 530 F.3d 326, 332 (5th Cir. 2008) ("The government has great discretion in deciding whether, and which offenses, to prosecute.").

Moreover, "[i]ndividuals lack the capacity to bring criminal charges, and criminal charges are no basis for liability against a party." *Muniz v. Am. Home Mortg. Servicing, Inc.*, No. A-10-CV-588 JRN, 2010 WL 11652138, at *3 (W.D. Tex. Dec. 29, 2010), *report and recommendation adopted*, No. A-10-CA-588-JRN, 2011 WL 13324353 (W.D. Tex. Jan. 21, 2011). Plaintiffs do not have a right to have an accused individual criminally prosecuted, nor are they injured by someone not being prosecuted. *See id.*; *see also Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990) (plaintiffs in civil cases do not have a right to have someone criminally prosecuted); *Jefferies v. Allen*, No. CIV. A. 08-1888, 2009 WL 536051, at *3 (W.D. La. Mar. 3, 2009) (private citizens do not have a constitutional right to have an individual criminally prosecuted). Plaintiffs are especially not injured by hypothetical offenders not being prosecuted, and Plaintiffs do not allege that Harris County Officials have ever refused to prosecute a real person who violated the Texas Penal Code.

Plaintiffs have not established an injury because alleged failure by Harris County Officials to prosecute hypothetical offenders in the future under unknown factual circumstances are not "an invasion of a legally protected interest which is (a) concrete and particularized," and "(b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560. As the Court stated in September 29, 2022 Order, Plaintiffs have failed to meet their burden to allege a plausible set of face establishing "a concrete and particularized," and "actual or imminent," injury in fact for which Defendant Finner is responsible. ECF No. 146. Similarly, Harris County Officials are also law enforcement authorities who are not responsible for the injury alleged by Plaintiffs. Plaintiffs have

no right to have individuals criminally prosecuted and already receive police protection; thus, Plaintiffs lack standing to bring this suit against Harris County Officials.

> **2. Plaintiffs' Claims are not Ripe Because Plaintiffs' Facts do not Demonstrate that a Live Case or Controversy Exists Between Plaintiffs and Harris County Officials**

Ripeness is a component of subject matter jurisdiction because a court has no power to decide disputes that are not yet justiciable. *See Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir.2005) (per curiam). Article III of the Constitution confines federal courts to adjudicating "cases" and "controversies." *Lower Colorado River Auth. v. Papalote Creek II, L.L.C.*, 858 F.3d 916, 922 (5th Cir. 2017), cert. denied, 138 S. Ct. 747, 199 L. Ed. 2d 608 (2018) (citation omitted). Article III requires that the "litigation must be ripe for decision, meaning that it must not be premature or speculative." *Id.* (citation and internal quotation marks omitted). Accordingly, "ripeness is a constitutional prerequisite to the exercise of jurisdiction." *Id.* (citation and internal quotation marks omitted).

When the case is abstract or hypothetical, the court should dismiss it for lack or ripeness. See *Lopez v. City of Houston*, 617 F.3d 336, 341–42 (5th Cir. 2010). To determine ripeness, the court evaluates "(1) the fitness of the issues for judicial resolution, and (2) the potential hardship to the parties caused by declining court consideration." *Id.* (citing *Texas v. United States*, 497 F.3d 491, 498 (5th Cir.2007), cert. denied, 555 U.S. 811, 129 S.Ct. 32, 172 L.Ed.2d 18 (2008)). When the "purported injury is 'contingent [on] future events that may not occur as anticipated, or indeed may not occur at all,' the claim is not ripe for adjudication." *Id.* (citing *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–81, 105 S.Ct. 3325, 87 L.Ed.2d 409 (1985)).

In this case, Plaintiffs allege no facts or conduct that implicates Harris County Officials' involvement in the drafting, enactment, or enforcement of the Acts. ECF No. 1. The ripeness doctrine "protect[s] the agencies from judicial interference until an administrative decision has

9

been formalized and its effects felt in a concrete way by the challenging parties." *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148–49; *see also, e.g., Dickinson Leisure Indus., Inc. v. City of Dickinson*, 329 F. Supp. 2d 835, 842 (S.D. Tex. 2004). Here, the Court has found that the Plaintiffs have not felt the effects of the Acts in a concrete way and cannot establish injury that is concrete and particularized or actual and imminent. *See discussion infra* at Section III. A.1. Plaintiffs have failed to allege facts that demonstrate any present, past, or future harm from Harris County Officials. These failures, in turn, render this case "abstract and hypothetical."

## IV. PRAYER

Defendants Kim Ogg, Harris County District Attorney, in her official capacity, and Ed Gonzalez, Harris County Sheriff, in his official capacity, respectfully pray that the Honorable Court grant this Motion and dismiss Plaintiffs' claims with prejudice.

Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G.C. FOMBONNE**
FIRST ASSISTANT HARRIS COUNTY ATTORNEY

**TIFFANY S. BINGHAM**
MANAGING COUNSEL,
AFFIRMATIVE LITIGATION DIVISION

*/s/ Heena Kepadia*
**HEENA KEPADIA**
Assistant Harris County Attorney
State Bar No. 24110080
Heena.Kepadia@harriscountytx.gov
**MATTHEW P. MILLER**
Assistant County Attorney
State Bar No. 24051959
Matthew.Miller@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**

1019 Congress Plaza, 15th Floor
Houston, Texas 77002
Telephone: (713) 274-5101
Facsimile: (713) 755-8924

**ATTORNEYS FOR DEFENDANTS KIM OGG AND ED GONZALEZ**

## **CERTIFICATE OF SERVICE**

      I certify that on the 1st day of November 2022, a true and correct copy of the foregoing document was delivered to all counsel of record via the Court's CM/ECF system and served by electronic notice to all parties of record.

                                                */s/ Heena Kepadia*
                                                Heena Kepadia